UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN BEST,

                              Petitioner,                          15 Civ. 4073

                    v.

THOMAS GRIFFIN, Superintendent,
Green Haven Correctional Facility,

                              Respondent.

---

**MEMORANDUM OF LAW IN SUPPORT OF
PETITION UNDER 28 U.S.C. § 2254 FOR WRIT
OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

SULLIVAN & WORCESTER LLP
Franklin B. Velie
fvelie@sandw.com
Siobhan Briley
sbriley@sandw.com
1633 Broadway
New York, New York 10019
(212) 660-3000

*Attorneys for Petitioner
Sean Best*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

I.      INTRODUCTION .................................................................................................1

II.     STATEMENT OF THE CASE.............................................................................2

        A.      Best's Counsel Failed to Investigate Best's History of Mental Illness...................2

        B.      Neither Best's Counsel nor the State Court Inquired About Best's Competence to
                Enter a Guilty Plea ..................................................................................................3

        C.      The State Court Accepted Best's Guilty Plea Despite Best's Assertion
                of Mental Health Issues ..........................................................................................4

        D.      The State Court Refused to Allow Best to Withdraw His Guilty Plea ...................5

        E.      Best Has Exhausted his State Remedies ..................................................................6

III.    THIS COURT SHOULD GRANT THE WRIT ...................................................6

        A.      The Last Reasoned Decision of the State Court .....................................................7

        B.      The State Court Decision was Contrary to Clearly Established Federal Law .........8

                1.      *The Court's Determination That Best's Claims Were Procedurally Barred
                        was Contrary to Law*....................................................................................8

                2.      *The Court's Determination That Cruz's Representation Met the Federal
                        and New York Standards was Contrary to Law* ...........................................9

                3.      *Best's Guilty Plea Did Not Meet the Requirements of Clearly Established
                        Federal Law* ...............................................................................................11

        C.      The State Court's Decision was Based on an Unreasonable Determination of the
                Facts .......................................................................................................................13

                1.      *The Court's Conclusion That Cruz Provided Effective Assistance of
                        Counsel was Based on an Unreasonable Determination of the Facts*.......13

                2.      *The Court's Determination That Best's Guilty Plea was Voluntary
                        was Based on an Unreasonable Determination of the Facts*....................15

IV.     IN THE ALTERNATIVE, THIS SHOULD HOLD AN EVIDENTIARY HEARING TO
        DETERMINE WHETHER THE STATE COURT'S DETERMINATION OF THE
        FACTS WAS UNREASONABLE...................................................................16

V.      CONCLUSION................................................................................................17

## TABLE OF AUTHORITIES

Cases

*Aeid v. Bennett*,
    296 F.3d 58 (2d Cir. 2002) ..................................................................................... 9

*Boykin v. Alabama*,
    395 U.S. 238 (1969) ............................................................................................. 8

*Carrion v. Smith*,
    549 F.3d 583 (2d Cir. 2008) ................................................................................... 9

*Guinyard v. Kirkpatrick*,
    554 F. App'x 61 (2d Cir. 2014) ............................................................................... 9

*Hill v. Lockhart*,
    474 U.S. 52 (1985) ............................................................................................. 11

*Hodge v. Griffin*,
    2013 WL 5231473 (S.D.N.Y. July 19, 2013) ................................................... 9, 16

*Jones v. Murphy*,
    694 F.3d 225 (2d Cir. 2012) ................................................................................. 13

*North Carolina v. Alford*,
    400 U.S. 25 (1970) ............................................................................................. 12

*People v. Baldi*,
    54 N.Y.2d 137 (1981) ......................................................................................... 10

*People v. Bennett*,
    29 N.Y.2d 462 (1972) ......................................................................................... 10

*People v. Brown*,
    45 N.Y.2d 852 (1978) ......................................................................................... 10

*People v. Fogle*,
    307 A.D.2d 299 (2d Dep't 2003) ..................................................................... 10, 14

*People v. Henry*,
    95 N.Y.2d 563 (2000) ......................................................................................... 10

*People v. Mox*,
    20 N.Y.3d 936 (2012) ......................................................................................... 12

*People v. Nau*,
    21 A.D.3d 568 (2d Dep't 2005) ..................................................................... 11, 13

*People v. Nixon*,
  21 N.Y.2d 338 (1967) ................................................................................................... 12

*Schriro v. Landrigan*,
  550 U.S. 465 (2007) ................................................................................................ 9, 16

*Strickland v. Washington*,
  466 U.S. 668 (1984) ................................................................................................ 9, 11

*Ventura v. Meachum*,
  957 F.2d 1048 (2d Cir. 1992) ....................................................................................... 11

*Williams v. Taylor*,
  529 U.S. 420 (2000) ...................................................................................................... 14

Statutes

28 U.S.C. § 2254 ...................................................................................................... 6, 16

N.Y. Criminal Procedure Law § 440.10 .............................................................. *passim*

N.Y. Criminal Procedure Law § 440.40 ...................................................................... 6

## I.      INTRODUCTION

Sean Best pleaded guilty to an intentional crime despite his belief that he had a viable defense negating intent.  Best had told his attorney, Wendell Cruz, that he suffered from bipolar disorder, that he experienced psychosis, anxiety, and paranoia when he was not receiving adequate treatment, and that he had not been receiving adequate treatment for two months when the crime was committed.  He had repeatedly asked Cruz to investigate the possibility of asserting a defense of not guilty by reason of mental disease or defect.  Cruz never investigated. At the allocution, Cruz told the court he had only that day been informed that Best wanted to assert the defense.

Before entering a plea, Best tried to tell the court his reservations about pleading guilty but was silenced.  At sentencing, Best tried again, moving to withdraw his plea because the medication he was taking had impaired his judgment.  Despite this statement, the court never asked Best a single question to determine whether Best was competent to waive his constitutional rights.  The court never asked whether Best had or should have been taking medication when the crime was committed.  The court never asked Best what his diagnosis was. The court never asked Best why he had not raised the issue sooner.  Had the court done so, it would have learned that Best had repeatedly asked his lawyer to explore a defense of not guilty by reason of mental disease or defect but that his lawyer had never done so.  Instead, the court abandoned its duty to ensure that Best had not waived his constitutional rights involuntarily or unknowingly.

Neither the Appellate Division on direct appeal nor the state court in reviewing Best's 440 motion examined this failure.  The Appellate Division affirmed the trial court's determination without analysis.  In the decision on Best's 440 motion, the state court reverted to

1

the stance it took when Best attempted to withdraw his plea: that, despite the court's failure to ask a single question about Best's mental illness, Best's waiver of his right to assert a defense of not guilty by reason of mental disease or defect was voluntary and he "decided" to plead guilty; and that, despite Cruz's complete failure to conduct pretrial investigation or advocate for Best during the plea, Best received effective assistance of counsel.

The state court's conclusions cannot be reconciled with the facts in the record and its holdings are contrary to clearly established federal law. This Court should grant the petition for a writ of habeas corpus.

## II.    STATEMENT OF THE CASE

Sean Best was indicted on two charges of assault on February 20, 2009, stemming from an attack on a stranger on February 15, 2009. Ex. 5 at VI.[1] On the night of the assault, Best had not slept for almost six days, was hearing voices, and was extremely paranoid. Ex. 5 at 13. He believed that the man he attacked was trying to kill him. Best had experienced these symptoms—psychosis, anxiety, and paranoia—before. He had been diagnosed with bipolar disorder when he was twelve or thirteen. Ex. 5 at 8.

### A.    Best's Counsel Failed to Investigate Best's History of Mental Illness.

Best was represented by Wendell Cruz of New York County Defender Services. Early on, Best informed Cruz that he had "a remarkably extensive and colorful history of mental health issues" and that his behavior "during and after the offense occurred" was "irrational and morbid" because, as Best also informed Cruz, "he had not taken any medication for approximately [two] months prior to the" charged assault. Ex. 5 at 4. Best also asked "to be heard before the court to point out" his history of mental health issues and raise the possibility of asserting a defense of

---

[1] Page numbers for Exhibit 5 refer to the handwritten numbering in the top left corner of the document.

not guilty by reason of mental disease or defect.  Ex. 5 at 4, 14.  He was never given this

opportunity.  Nor did Cruz ever investigate the information Best provided regarding his mental

health history or attempt to develop a defense of mental disease or defect.  Ex. 5 at VII, 2, 4, 5.

Cruz never contacted any of Best's doctors, reviewed any of Best's medical records, or spoke to

any potential witnesses.  Ex. 5 at 4, 13.  No evidence regarding Best's mental health issues was

ever "entered into the record."  Ex. 5 at 4.  Rather than investigate a viable defense, Cruz

counseled Best to plead guilty to two intentional crimes—assault in the second degree and

attempted assault in the first degree—despite the possibility that Best lacked the ability to form

the requisite intent at the time of the assault.

> B.    Neither Best's Counsel nor the State Court Inquired About Best's Competence to
>        Enter a Guilty Plea.

On January 12, 2010, Best appeared in Supreme Court to enter a plea.  *See* Ex. 1.  Before

the allocution, Cruz raised the possibility of an adjournment to allow him to explore a "possible

defense regarding mental disease and defect[.]"  Ex. 1 at 3:9-16.  Cruz explained that the

potential defense "was only brought to my attention today[.]"  *Id.*  Cruz then told the court that

he had "explained to [Best] that if that were a defense that he wished to be explored, I would

have to make an application for adjournment which I believe the Court has more than indicated

will not be granted."  *Id.*  Cruz made no argument in support of adjourning the allocution to

explore this defense.  Indeed, nothing in the record shows that Cruz ever moved for an

adjournment.  In any event, the court refused to consider adjourning the allocution to allow Best

and his attorney to explore this possible defense.  The court stated:

> I considered this case.  I considered your client's record in New York State and
> Maryland.  He has at least three felony convictions in New York State.  He has a number
> of convictions in Maryland.  [¶] In this case, the victim was allegedly hit on the head with
> a bottle, knocked him to the ground and repeatedly punched and kicked as he lay on the
> ground.  Very violent crime.  [¶] The court is offering him eight years.  The People are

now ready for trial they want – they're offer is up to 10 years.  I will stick with the eight years if he takes it now.  If he doesn't take it now, he is going to go forward with the trial.

Ex. 1 at 4:3-17.

Best then attempted to advocate on his own behalf: "Can I speak, Judge White?"  Ex. 1 at 4:18.

The court responded:

> You can speak, but I will not change my mind.  I reviewed it.  I had your case since March, so I had your case for 10 months.  So it's not like I am just thinking about this right now.  I have been thinking about this case for 10 months.  Okay.  [¶] So that is the offer.  So either take it; if you don't we'll, get the case to trial.

Ex. 1 at 4:1-25.  Cruz then told the court that he and his supervisor had spoken at length with

Best and that Best was prepared to "withdraw his previously entered plea of not guilty and is

prepared to plead to the top count of the indicted of attempted assault in the first degree with the

understanding that the Court will impose a sentence of eight years State prison[]" followed by

five years post-release supervision.  Ex. 1 at 5:1-15.

     C.     <u>The State Court Accepted Best's Guilty Plea Despite Best's Assertion of Mental Health Issues</u>.

The allocution proceeded.  The court asked, "Is it true then that with the intent to cause

serious [physical] injury to Mr. Lugo you did cause the – attempted to cause that injury by means

of a danger [sic] instrument which was a bottle, is that correct?"  Ex. 1 at 6:10-14.  Best

responded, "Yes, ma'am."  Ex. 1 at 6:15.  The court did not ask whether Best suffered from or

had ever been diagnosed with a mental illness.  The court did not ask Best whether he should be

taking any medication, was under the influence of drugs or alcohol, or was experiencing any

side-effects of medication.  Nor did the court ask whether Best understood that, if he did not

plead guilty, the government would be required to prove not only that he had physically attacked

someone, but also that in carrying out the attack he intended to cause serious injury.  It appears

that the court never considered the possibility that Best was incapable of forming the requisite intent for the charged offenses, or that he had lacked requisite mental capacity to enter the plea.

After informing Best that he was giving up the right to trial and the opportunity to present evidence on his own behalf, the court then asked whether Best was "pleading guilty voluntarily?"  Ex. 1 at 7:12-13.  Best said he was.  Ex. 1 at 7:14.

        D.      <u>The State Court Refused to Allow Best to Withdraw His Guilty Plea</u>.

On January 26, 2010, at the sentencing hearing, Cruz informed the court that Best had retained another attorney who was prepared to "make a formal application to have Mr. Best's plea vacated.  [¶] Based on that information, he is asking that I make that representation and application to the Court."  Ex. 2 at 3:6-9.  The court stated:  "There has been no filing of notice of appearance by any attorney.  Your [sic] the only attorney whose notice of appearance has been filed, so.  [¶] I cannot entertain that application, and, Counsel, I see no reason to adjourn the sentence."  Ex. 2 at 3:13-14.  Cruz pointed out that the attorney, "Germana Giordano[,] is currently on trial.  I don't know whether that may have prevented the attorney from filing a notice."  Ex. 2 at 4:3-5.  The court responded:  "You don't know where he is.  He's never filed on it.  We don't know where he may be on trial.  [¶] The Court is not in communication with his attorney.  He has not been in communication with us.  There is no basis for me to adjourn the case[.]"  Ex. 2 at 4:6-12.  Cruz presented no further argument in support of Best's request.

When asked whether he had "[a]nything else [to] say about the sentence[,]" Best stated: "I would like to say that my plea of guilty was not voluntary.  I took it because … I didn't fully understand what was going on until I came back.  I don't want to take this plea.  I want to go to trial."  Ex. 2 at 4:18-24.

The court denied Best's request, finding "no basis to withdraw that plea of guilty at this time," and sentenced Best to eight years in prison, followed by five years post-release

supervision.  Cruz asked "the Court to preserve the record to note our objection to Mr. Best's request for an adjournment."  Ex. 2 at 5:22-23.

      E.      <u>Best Has Exhausted his State Court Remedies</u>.

Best timely appealed his conviction, asserting that his plea was not voluntary.  The Appellate Division affirmed.  Ex. 3.  Best timely sought leave to appeal to the Court of Appeals.  Leave was denied.  Ex. 4.  Best then filed two post-conviction motions.  First, Best moved pursuant to New York Criminal Procedure Law ("N.Y. C.P.L.") § 440.40 to defer the mandatory surcharge and DNA Data Bank fee because they constituted a financial hardship.  Second, Best moved pursuant to N.Y. C.P.L. § 440.10 to vacate the judgment.  *See* Ex. 5.  The state court denied the 440.40 motion on June 14, 2010.  The state court denied the 440.10 motion on October 21, 2013.  Ex. 6.  Best timely sought leave to appeal the denial of 440.10 motion.  Leave was denied on May 27, 2014.

## III.    THIS COURT SHOULD GRANT THE WRIT.

A federal court may grant a state prisoner's writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings [if] the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

In determining whether to grant the petition, this Court looks to the state court's last reasoned decision.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) ("last reasoned

decision" by state court is basis for federal-court review").  Here, the last reasoned decision is the state court's October 21, 2013 Decision and Order denying Best's 440 motion.

     A.    <u>The Last Reasoned Decision of the State Court</u>.

In its decision on the 440 motion, the state court concluded that Best's claim that his guilty plea was not voluntary was procedurally barred under N.Y. C.P.L. § 440.10 because it had been determined on the merits on appeal.  Ex. 6 at 2.  The court further concluded that, under N.Y. C.P.L. § 440.30, Best's claims "should be denied out of hand without a hearing[]" for four reasons:  1) "the plea minutes reveal that [Best] knowingly and voluntarily waived his right o put forth a defense"; 2) Best's papers did not "contain sworn allegations as to all essential facts"; 3) the plea minutes "indicate that [Best] understood the consequences of his plea, including the rights he was waiving by pleading guilty"; and 4) Best's motion relied "only upon his own self-serving, conclusory statements to support his claims."  Ex. 6 at 3-4.

On the merits, the court held that Cruz provided effective assistance of counsel because Cruz "indicated he would request an adjournment to explore the defense" of lack of capacity due to mental disease or defect.  Ex. 6 at 9.  The court also found that, even could Best establish that Cruz's assistance was ineffective, he would be "hard-pressed to argue that but for counsel's ineffectiveness he would have rejected the plea offer and taken his chances at trial."  Ex. 6 at 10.

The court further found that, faced with the choice between pleading guilty and going to trial, Best "voluntarily waived his right to put forth a defense[,]" "voluntarily abandoned" any viable defense for a favorable plea, and "decided" to plead guilty.  Ex. 6 at 7.  The court determined that "the plea minutes reveal that defendant knowingly and voluntarily waived his right to put forth a defense" and "clearly indicate that the defendant understood the consequences of his plea[.]"  Ex. 6 at 2, 4.  Finally, "[b]ased on its observation of defendant and his interaction with counsel," the court found that Best's "plea was knowing and voluntary."  Ex. 6 at 8-9.

The decision on the 440 motion failed to address Best's motion to withdraw his plea as involuntary or provide any explanation for the trial court's failure to address Best's motion at the sentencing hearing.  Nor did the court address Best's allegation that Cruz's statement that he had only learned of the possible defense that day was untrue.

The state court's conclusions were contrary to clearly established law and were based on an unreasonable determination of the facts.  The petition for a writ of habeas corpus should be granted.

      B.      <u>The State Court Decision was Contrary to Clearly Established Federal Law</u>.

            *1.      The Court's Determination That Best's Claims Were Procedurally Barred was Contrary to Law.*

The state court held that Best's claim that his guilty plea was not voluntary was barred by New York Criminal Procedure Law § 440.10(2)(a) because it "was previously determined on the merits on appeal."  Ex. 6 at 2.  The Appellate Division held that the "nature and extent of the fact-finding procedures on [motion to withdraw guilty pleas] rest largely in the discretion of the court."  Ex. 7.  On this basis, the Appellate Division concluded that the record established "the voluntariness of the plea."  *Id.*  However, the Appellate Division pointed to nothing in the record demonstrating the voluntariness of the plea.

Clearly established federal law requires that the record show that a defendant's waiver of his constitutional rights was knowing and voluntary.  *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  Here, the record contained no such showing.  The state court failed to inquire whether Best was competent to enter the plea; whether he understood that, if he went to trial, the People would be required to prove intent; whether he was or should have been on medication; and whether he was experiencing side effects of any medication.  *See* Ex. 6.  The state court's

8

conclusion that the record supported the voluntariness of Best's guilty plea was contrary to clearly established federal law.

Similarly, the state court's denial of Best's 440 motion without a hearing was contrary to law. When a defendant asserts facts that, if true, would entitle him to the relief requested, he is entitled to a hearing. *Hodge v. Griffin*, No. 13 Civ. 1977(LTS)(JCF), 2013 WL 5231473, at *1 (S.D.N.Y. July 19, 2013); *see also, e.g.*, *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Best's 440 motion alleged that he suffers from severe mental illness, that he had not been receiving medication or treatment for his illness for two months prior to the assault, and that had he been receiving appropriate medication and treatment, the assault would not have occurred. Ex. 5 at 1, 4, 11. These facts, if true, would establish that Best had a viable defense and that his guilty plea was not knowingly and voluntary. The state court's determination that a hearing was not required was contrary to clearly established federal law.

> 2.   *The Court's Determination That Cruz's Representation Met the Federal and New York Standards was Contrary to Law.*

To state a claim for ineffective assistance of counsel under federal law, a petitioner must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Guinyard v. Kirkpatrick*, 554 F. App'x 61, 62 (2d Cir. 2014) (quoting *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks omitted)); *Strickland v. Washington*, 466 U.S. 668 (1984). To establish the first prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Aeid v. Bennett*, 296 F.3d 58, 62 (2d Cir. 2002) (citing *Strickland*). To establish that he was prejudiced

by counsel's deficient performance, the petitioner must show "counsels errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Under New York law, a defendant is entitled to "meaningful representation." *People v. Henry*, 95 N.Y.2d 563, 565 (2000); *see also People v. Baldi*, 54 N.Y.2d 137, 146-47 (1981) ("So long as the evidence, the law and the circumstances of a particular case viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met.").

The state court determined that Cruz provided effective assistance of counsel solely because, in the court's view, Cruz exhibited a willingness to seek an adjournment. The court never addressed Cruz's failure to conduct any pretrial investigation into Best's history of mental illness, his failure to develop a defense of mental disease or defect, his failure to advocate for Best when Best sought to withdraw his plea, or his failure to determine—or to argue that the court should determine—whether Best was competent to enter a plea. These failures constitute ineffective assistance of counsel. *People v. Bennet*, 29 N.Y.2d 462, 466 (1972) ("complete lack of investigation or preparation whatever on the only possible defense available" constitutes ineffective assistance of counsel); *People v. Fogle*, 307 A.D.2d 299, 301 (2d Dep't 2003) ("The failure to investigate is so fundamental to the deprivation of the effective assistance of trial counsel that it cannot be rationalized away with a post hoc construction of the trial theory of defense."); *People v. Brown*, 45 N.Y.2d 852, 853 (1978) (failure to protect interests of client constitutes ineffective assistance of counsel).

As a result of Cruz's failures, Best was left to fend for himself. Not surprisingly, he was unsuccessful. Viewed "in totality and at the time of the representation," it is plain that Best was not afforded meaningful representation. While it is possible that Best "decided" to plead guilty,

10

the state court record strongly suggests that he was simply shoe-horned into pleading guilty

because his attorney failed to investigate and then to zealously advocate on his behalf.   This

failure alone can support a finding that Best's guilty plea was involuntary.  *See Ventura v.*

*Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985));

*People v. Nau*, 21 A.D.3d 568, 569 (2d Dep't 2005) ("the failure to investigate or call

exculpatory witnesses may amount to ineffective assistance of counsel").

 The state court also held that Best failed to establish the requisite prejudice under

*Strickland*.  Ex. 6 at 10 ("defendant is hard-pressed to argue that but for counsel's ineffectiveness

he would have rejected the plea offer and taken his chances at trial").  In so holding, the state

court ignored Best's assertion in the 440 motion that, had Cruz investigated Best's mental health

history, Best "would have been offered a plea to a lesser included offense and inevitably

sentenced to a significantly reduced term of imprisonment."  Ex. 5 at 6.  While it may be that

Best would not have been offered a deal involving less time in prison, *Strickland* does not

require that Best prove that he would have been offered a better deal.  Clearly established federal

law requires only that Best establish that, "but for counsel's unprofessional errors, the result of

the proceeding would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  Best met this standard.

 The result of the state court proceeding was not reliable.  Best established that did not

receive effective assistance of counsel and was prejudiced as a result.  The state court's

determination was contrary to clearly established federal law.

   *3.* *Best's Guilty Plea Did Not Meet the Requirements of Clearly Established*
     *Federal Law.*

 A guilty plea is constitutionally valid only if it "represents a voluntary and intelligent

choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*,

400 U.S. 25, 31 (1970); *see also People v. Nixon*, 21 N.Y.2d 338, 354 (1967) ("It is not tolerable for the State to punish its members … if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty.").  Best's guilty plea did not satisfy these requirements.

Despite knowing that Best sought to assert a defense of lack of capacity due to mental disease or defect, the court never asked Best—either during his allocution or at sentencing, when Best sought to withdraw his guilty plea—whether he was or should have been taking any medication or whether he was experiencing side effects of any medication.  Even when Best stated at the sentencing that his judgment had been impaired when he pled guilty, the court failed to make further inquiry or hold an evidentiary hearing.  "[W]here initial inquiry or subsequent interpositions by defendant on sentencing raise questions, the court should be quick to offer the defendant an opportunity to withdraw his plea and at the very least conduct a hearing."  *Nixon*, 21 N.Y.2d at 355.

In addition, in the 440 motion, Best clearly asserted that, but for his untreated mental illness, "the unprovoked unfortunate offense" to which he pled guilty would not have occurred. Ex. 5 at 11.  The 440 motion asserted that Best's mental illness affected his ability to form the requisite intent both at the time of the offense and when he pled guilty.  The court "therefore had a duty … to inquire further into whether defendant's decision to waive a potentially viable insanity defense was an informed one such that his guilty was knowing and voluntary."  *People v. Mox*, 20 N.Y.3d 936, 939 (2012).  Absent such an inquiry, it is impossible to conclude that Best's waiver of the defense of mental disease or defect was knowing and voluntary.  The court's conclusion was thus contrary to clearly established federal law.

Finally, Best alleged in the 440 motion that Cruz falsely stated that he had never before heard of Best's mental health issues. Ex. 5 at 1, 3. Where a "defendant set[s] forth facts which did not appear in the record on direct appeal which, if established, could entitle defendant to the relief sought," the court is required to hold an evidentiary hearing. *See Nau*, 21 A.D.3d at 569 ("As the … the County Court erred in denying the motion without first conducting an evidentiary hearing."). The court failed to discharge its duty and, as a consequence, the state court record contains no evidence that Best knowingly waived his rights. *See* Exs. 1, 2. The court thus erred in determining that Best's guilty plea was knowing and voluntary.

    C.    <u>The State Court's Decision was Based on an Unreasonable Determination of the Facts</u>.

A state court's factual determination is unreasonable if it "cannot reasonably be reconciled" with the record before the state court. *Jones v. Murphy*, 694 F.3d 225, 235 (2d Cir. 2012). The state court's conclusions that Cruz provided effective assistance of counsel and that Best's guilty plea was knowing and voluntary cannot reasonably be reconciled with the record.

    *1.    The Court's Conclusion That Cruz Provided Effective Assistance of Counsel was Based on an Unreasonable Determination of the Facts.*

In support of its conclusion that Best received effective assistance of counsel, the court found that Cruz indicated that he would seek an adjournment of the proceedings to explore the assertion of a defense of not guilty by reason of mental disease or defect. Ex. 5 at 7. Although it is plain that Cruz never investigated Best's history of mental illness, the court made no finding of fact of regarding Cruz's failure to conduct pretrial investigation.

The court's determination that Cruz said he would seek an adjournment was unreasonable. Cruz did not seek, attempt to seek, or advocate for an adjournment. He told the court he had informed Best that, to investigate a possible defense of mental disease ore defect, he "would have to make an application for adjournment which I believe the Court has more than

indicated will not be granted." Ex. 1 at 3:14-15. When the court told Cruz, "If [Best] doesn't take [the plea] now, he is going to go forward with the trial[,]" Cruz did not respond. *Id.* at 4. He never raised any argument in support of an adjournment. When Best sought to address the court, Cruz never asked Best what Best wanted to say to the court. *Id.* The facts in the record indicate that Cruz did not want to upset the court and, as a result, was at best hesitant to advocate on Best's behalf. They do not support, and in fact contradict, a finding that Cruz advocated for an adjournment or otherwise sought to develop a defense for Best.

The court's failure to make any findings of fact regarding the absence of pretrial investigation also constitutes an unreasonable determination of the facts. In the 440 motion, Best repeatedly alleged that he had told Cruz of his mental illness long before the plea allocution. Ex. 5 at 1-4. Best repeatedly alleged that Cruz's statement that he had only that day learned of the possible defense of mental disease or defect was untrue. In light of these allegations, the court was required to make "findings of fact with respect to whether trial counsel conducted any pretrial investigation and, if not, whether this constituted effective assistance of counsel." *Fogle*, 307 A.D.2d at 301. The court's failure to do so renders its determination of the facts unreasonable.

Finally, the state court's determination that Best was "hard-pressed to argue that but for counsel's ineffectiveness he would have rejected the plea offer and taken his chances at trial" is unreasonable. Ex. 6 at 10. Best attempted to raise the issue of a viable defense at the allocution. The court refused to hear it. Ex. 1 at 3-4. Best then moved to withdraw his plea as involuntary, stating that he wanted to go to trial. Ex. 2 at 4:18-24. The court denied the motion. Ex. 2 at 4-5. Best appealed his conviction and filed a 440 motion, alleging that he had urged Cruz to explore

14

the defense but that Cruz had not only failed to do so but had told the court, untruthfully, that he had only learned of the possible defense on the day of the plea.  *See* Ex. 5 at 1-4.

The state court's determinations of fact cannot be reconciled with the record and, indeed, discloses a complete disregard for the court's obligation to determine the facts as to whether Best was capable of entering a plea, or was knowingly waiving his defense.  The court's decision was therefore based on an unreasonable determination of the facts.

> 2.   *The Court's Determination That Best's Guilty Plea was Voluntary was Based on an Unreasonable Determination of the Facts.*

In support of its conclusion that Best's guilty plea was knowing and voluntary, the state court found that Best "decided" to plead guilty rather than go to trial and assert a defense of lack of capacity.  The court also found, based on its own observation of Best and on the plea minutes, that Best's guilty plea was knowing and voluntary.

The evidence that was before the state court does not support these findings.  The record shows that, when Cruz failed to advocate on his behalf, Best tried to advocate for himself but was silenced.  When Best subsequently tried to withdraw his guilty plea at the sentencing hearing, informing the court that due to his medication he did not "fully understand what was going on" at the allocution, he was silenced again.  Ex. 2 at 4:20-24.  Further, in his 440 motion, Best alleged that he repeatedly raised he issue of his mental health and had asked Cruz to pursued a defense of not guilty by reason of mental disease or defect.  *See generally* Ex. 5.  The court never addressed these allegations.  Instead, the court concluded that Best "voluntarily abandoned [a viable defense] for a favorable plea."  Ex. 6 at 9.  Because these determinations of fact were made without even permitting Best to speak, or determining the factual basis for Best's statements, they cannot be reconciled with the record and are unreasonable.

15

**IV.     IN THE ALTERNATIVE, THIS COURT SHOULD HOLD AN EVIDENTIARY HEARING TO DETERMINE WHETHER THE STATE COURT'S DETERMINATION OF THE FACTS WAS UNREASONABLE.**

Under 28 U.S.C. § 2254(3)(2), this Court may hold an evidentiary hearing where "there has been no lack of diligence at the relevant stages in the state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Best was as diligent as he could have been. He repeatedly raised the issue of a defense of mental disease or defect with his attorney, but despite Best's diligence, his attorney failed even to investigate the basis for such a defense. *See* Ex. 5. Best nonetheless continued to press the issue, asking his attorney to request an adjournment at the plea hearing. When his attorney failed to advocate on his behalf, Best attempted to advocate for himself. Rather than inquire further, the court urged Best to accept the plea offer. Best again brought the issue to the court's attention at the sentencing when he sought to adjourn sentencing because he had retained counsel to make a formal application to vacate the plea. When the court denied the request to adjourn, Best sought to withdraw his guilty plea on the ground that he was "under medication, and [] didn't fully understand what was going on[.]" Although the court at that point had an obligation to hold an evidentiary hearing, it failed to do so.

Best has alleged facts "which, if true, would entitle the applicant to federal habeas relief." *Hodge v. Griffin*, 2013 WL 5231473, at *1 (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). If this Court does not grant the petition for writ of habeas corpus, it should hold an evidentiary hearing.

**V.      CONCLUSION**

For the foregoing reasons, the Court should grant Sean Best's petition for a writ of habeas

corpus.

Dated: New York, New York
          May 27, 2015

                                          Respectfully submitted,


                                          _____/s/ Siobhan Briley_____
                                          Franklin B. Velie, Esq.
                                          Siobhan Briley, Esq.
                                          SULLIVAN & WORCESTER LLP
                                          1633 Broadway
                                          New York, New York 10019
                                          (212) 660-3000