UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SEAN BEST,                                 :
                                           :
                          Petitioner,      :
                                           :
            - against -                    :        15-CV-4073 (CM)(AJP)
                                           :
THOMAS GRIFFIN, Superintendent,            :
Green Haven Correctional Facility,         :
                                           :
                          Respondent.      :
------------------------------------------------------------x


## RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PETITION FOR A WRIT OF HABEAS CORPUS


                              ERIC T. SCHNEIDERMAN
                              Attorney General of the
                              State of New York
                              Attorney for Respondent
                              120 Broadway
                              New York, New York 10271
                              (212) 416-8737



ALYSON J. GILL
PRISCILLA STEWARD
 Assistant Attorneys General
        Of Counsel

August 6, 2015

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................... 1

FACTUAL AND LEGAL BACKGROUND ................................................................ 2

   A.  The Plea Proceedings ................................................................. 2

   B.  The Sentencing Proceedings ..................................................... 5

   C.  The Direct Appeal ..................................................................... 6

   D.  Petitioner's Motion to Vacate Judgment ................................. 7

   E.  The Petition Before This Court ................................................. 9

   F.  Timeliness ................................................................................. 9

ARGUMENT ............................................................................................................. 11

   POINT I .............................................................................................. 11

   PETITIONER'S CHALLENGE TO THE VALIDITY OF HIS GUILTY PLEA IS
   MERITLESS. ...................................................................................... 11

   POINT II ............................................................................................. 16

   PETITIONER'S INEFFECTIVE TRIAL COUNSEL CLAIM IS MERITLESS..... 16

CONCLUSION .......................................................................................................... 21

## **INTRODUCTION**

In the earlier morning hours of February 15, 2009, as petitioner approached a grocery store at 197 Madison Street in Manhattan, he got into an argument with a man who was standing outside.   The fight ultimately turned physical, and petitioner struck the man in the head with a bottle, causing him to fall to the ground.   Petitioner then repeatedly punched and kicked the man.   The fight was captured on videotape, and petitioner was arrested at his home later that evening.

Petitioner thereafter agreed to a police interview and waived his *Miranda* rights.   He prepared a written statement, in which he claimed that the man outside the store instigated the verbal argument, punched petitioner in his face, and then pulled out a knife.   Petitioner said that, in response, he grabbed a bottle and threw it at the man, and a fight ensued (SR: at 55-56).[1]

By New York County Indictment Number 731/09, a grand jury charged petitioner with one count each of Attempted Assault in the First Degree (Penal Law § 110.00/120.10(1)) and Assault in the Second Degree (Penal Law § 120.05(2)). On January 12, 2010, petitioner pled guilty to Attempted Assault in the First Degree, in full satisfaction of the indictment. On January 26, 2010, the court sentenced petitioner, as a second felony offender, to a determinate prison term of eight years, to be followed by a five-year term of post-release supervision.   On October 9, 2012, the Appellate Division, First Department, affirmed the judgment of conviction, and

---

[1] Parenthetical references with the prefix "SR:" are to the state court record being filed separately.   References to "P:" are to the pages of the plea proceedings. References to "S:" are to the pages of the sentencing proceedings.

on December 4, 2012, the New York Court of Appeals denied petitioner's application for leave to appeal.  *People v. Best*, 99 A.D.3d 493 (1st Dep't), *lv. denied*, 20 N.Y.3d 985 (2012).

In his petition for habeas relief, petitioner argues that: (1) petitioner's guilty plea was not knowingly and voluntarily entered because the trial court failed to ascertain his competence to stand trial and failed to allow petitioner to explore the possibility of a psychiatric defense; and (2) his trial counsel was ineffective for failing to investigate petitioner's history of mental illness to determine if he had a viable psychiatric defense (Petition at 3-5).

Petitioner's first claim is meritless because the record establishes that nothing in petitioner's behavior gave either the court or his attorney any reason to doubt petitioner's ability to validly enter a guilty plea.  The record also shows that petitioner waived his right to a trial and to present any defense to the charges against him when he knowingly and voluntarily entered his guilty plea.  Petitioner's second claim is barred from habeas review pursuant to *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  It is meritless in any event, as counsel's failure to investigate petitioner's history of mental illness was due to petitioner's failure to alert his attorney to that circumstance until the day that petitioner pleaded guilty.

## FACTUAL AND LEGAL BACKGROUND

### A.    The Plea Proceedings

On January 12, 2010, petitioner appeared in court with his attorney before the Honorable Renee A. White.  At that time, petitioner's counsel told the court that

he and his supervisor had been speaking to petitioner about a possible disposition of the indictment, but that petitioner wanted "a few more minutes because of an issue he was raising" with counsel and his supervisor (P: 2). The court allowed petitioner to speak with counsel and recalled petitioner's case later in the day.

Upon being recalled, counsel relayed his conversation with the court. Counsel addressed his conversation with petitioner "regarding any possible defense regarding mental disease and defect" which counsel said "was only brought to my attention today" (P: 3). Counsel said that he explained to petitioner "that if that were a defense that he wished to be explored, I would have to make an application for adjournment which I believe the court has more than indicated will not be granted" (P: 3). Counsel then asked if the court would consider sentencing him to a prison term of seven years to run concurrently with the sentence he was already serving in exchange for his guilty plea (P: 3-4). The court stated that it had considered petitioner's prior criminal history as well as the violent nature of the current offense. The court noted that the People were ready for trial and were recommending a 10-year prison sentence. The court stated that it would sentence petitioner to 8 years in prison if he pleaded guilty, and if he chose not to accept the plea, he would proceed to trial (P: 4). Petitioner then asked to address the court, and the court admonished petitioner that, having presided over his case for 10 months and having reviewed it, the proffered sentence would not change (P: 4).

Counsel then announced that "after an extremely lengthy conversation" with petitioner and his supervisor, petitioner was prepared to plead guilty to attempted

3

assault in the first degree in exchange for a sentence of 8 years, plus 5 years of post-release supervision. Counsel stated that petitioner was prepared for allocution (P: 5).

Addressing petitioner, the court asked if it was true that he wished to plead guilty to attempted first-degree rape to cover all the charges in the indictment. Petitioner answered affirmatively (P: 5). The court asked petitioner if it was true that on February 15, 2009, at about 4:13 a.m., at 197 Madison Avenue, he struck a man in the head with a bottle, knocking him to the ground, and then punched and kicked him. Petitioner said that it was true (P: 5-6). The court asked petitioner if he intended to cause serious physical injury to the man and if he attempted to do so by means of a dangerous instrument, which was a bottle. Petitioner answered yes (P: 6). Petitioner then told the court that he understood that by pleading guilty, he was giving up his right to have a jury trial, to confront and cross-examine witnesses against him (P: 6). Petitioner also expressed his understanding that at a trial he "would have the right to remain silent as well as to have the opportunity to present evidence" on his own behalf (P: 7). Petitioner also stated that he understood that he would be sentenced to a prison term of 8 years and 5 years of post-release supervision (P: 7). The court then accepted petitioner's guilty plea (P: 7).

Petitioner was then adjudicated a predicate felon and the proceeding was adjourned for sentencing (P: 9).

**B.      The Sentencing Proceedings**

On January 26, 2010, petitioner appeared with his attorney in court for sentencing before the Honorable Bonnie Wittner.  Petitioner's counsel informed the court that petitioner had retained new counsel, who was not then available but intended to file a notice of appearance and make an application to withdraw petitioner's guilty plea (S: 3).  The court stated that as no other attorney filed a notice of appearance, and the court could not entertain that intended application (S: 3).

As the court proceeded to sentencing, it asked petitioner if there was anything he wished to say.  Petitioner stated that his "plea of guilty was not voluntary," that he took the plea "under duress," that he was "under medication" and did not "fully understand what was going on" (S: 4). Petitioner told the court that he did not want the plea and he wanted to go to trial (S: 4).

The court then recounted that petitioner was arrested in February 2009, the case was in a trial-ready posture and had been adjourned for trial on several occasions.  The court stated that, on the trial date, petitioner decided to plead guilty in exchange for 8 years in prison, fully admitted his guilt, and was adjudicated a predicate felon (S: 5). The court found "no basis to withdraw that plea of guilty" and sentenced petitioner to 8 years imprisonment and 5 years of post-release supervision, in accordance with the agreement (S: 5).

**C.     The Direct Appeal**

Petitioner filed a counseled brief in the Appellate Division, First Department, arguing that: (1) his guilty plea was involuntarily and knowingly entered because he was under the influence of medication, and the hearing court failed to make an adequate inquiry to determine petitioner's ability to plead guilty; and (2) petitioner's sentence was excessive and should be reduced in the interest of justice (SR: 69-91).  The People filed a brief opposing petitioner's claims (SR: 92-121).

On October 9, 2012, the Appellate Division, First Department, unanimously affirmed the judgment of conviction.  *People v. Best*, 99 A.D.3d 493 (1st Dep't 2012) (SR: 122-23).   The Appellate Division held that the hearing court "properly exercised its discretion in denying [petitioner's] motion to withdraw his plea."  *Id.* (citation omitted).  The court found that the "record establishes the voluntariness of the plea," and the court "afforded [petitioner] a suitable opportunity to be heard," and "had sufficient information upon which to reject [petitioner's] claim that medication affected his ability to understand the proceedings."   *Id.* (citations omitted).  Finally, the court found no basis to reduce petitioner's sentence.  *Id.*

Petitioner filed a counseled application for leave to appeal to the New York Court of Appeals, asking the court to review the claims raised in his Appellate Division brief (SR: 124).  The People filed a letter opposing the leave application (SR: 125-26).  On December 4, 2012, a judge of the New York Court of Appeals denied petitioner's leave application.  *People v. Best*, 20 N.Y.3d 985 (2012) (SR: 127).

**D.     Petitioner's Motion to Vacate Judgment**

By *pro se* papers dated February 28, 2013, petitioner moved the New York County Supreme Court to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10.   Petitioner argued that: (1) his trial attorney was ineffective because he failed to investigate a possible defense of mental disease or defect and he failed to facilitate petitioner's right to testify before the grand jury (SR: 128-236).   The People filed an affirmation and memorandum of law opposing the motion (SR: 237-49).

On October 21, 2013, the New York County Supreme Court denied petitioner's motion (SR: 250-60).   The Court held that petitioner was barred by CPL § 440.10(2)(a) from raising any claim challenging the voluntariness of his plea because the Appellate Division had already held the plea to be voluntary (SR: 252). The court further held that "the plea minutes reveal that [petitioner] knowingly and voluntarily waived his right to put forth a defense" (SR: 253).   The court further denied petitioner's claims pursuant to CPL § 440.30(4)(b) and (d) because, notwithstanding the many exhibits petitioner included in his motion, he nonetheless failed to "provide anything other than his own, self-serving statements to support his claims" (SR: 253).   The court also concluded that petitioner's motion would fail under CPL § 440.30(4)(c) because his motion was "refuted by unquestionable documentary proof," in that the plea minutes "clearly indicate that [petitioner] understood the consequences of his plea, including the rights he was waiving by pleading guilty" (SR: 254).

The court thereafter proceeded to review the merits of petitioner's ineffective assistance claims.  It determined that petitioner's argument that he suffered from a mental disease or defect at the time of the crime was insufficient to vacate his plea. The court observed that upon petitioner's arrest, he admitted to a detective that he fought with the victim, but that he had acted in self-defense (SR: 257).  The court also noted that at the time of the plea, counsel stated that he intended to seek an adjournment to consider a psychiatric defense, but after a lengthy conversation with petitioner and defense counsel's supervisor, petitioner chose to plead guilty.  In doing so, he indicated that he understood that by pleading guilty, he would be giving up his right to present evidence on his own behalf at trial.  He also indicated that he was pleading guilty voluntarily (SR: 257, 259).  Thus, the court concluded, petitioner's "plea and decision to abandon a possible defense of lack of capacity due to mental disease or defect was knowing and voluntary" (SR: 257-58).

The court thereafter concluded that petitioner was competent to enter a guilty plea.  The court first recognized that case law provides that a defendant is presumed competent, and a history of mental illness does not, by itself, call a defendant's competence into question.   (SR: 258 (citations omitted)).  The court concluded that, based on its observations of petitioner and his interactions with his counsel, petitioner's plea was knowing and voluntary and that he had voluntarily abandoned any possible defense in favor of the plea (SR: 258-59).

Petitioner sought leave to appeal the denial of his motion in the Appellate Division (SR: 261-67).  The People filed a letter opposing the leave application (SR:

268-73).   By decision entered on May 27, 2014, the Appellate Division denied petitioner's leave application (SR: 274).

**E.     The Petition Before This Court**

In his petition for habeas relief, petitioner argues that: (1) petitioner's guilty plea was not knowingly and voluntarily entered because the trial court failed to ascertain his competence to stand trial and failed to allow petitioner to explore the possibility of a psychiatric defense; and (2) his trial counsel was ineffective for failing to investigate petitioner's history of mental illness to determine if he had a viable psychiatric defense (Petition at 3-5).

**F.     Timeliness**

The habeas petition, filed in this Court on May 27, 2015, is timely.   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a federal habeas corpus petition be filed within one year of the date on which the petitioner's state court conviction becomes final.   28 U.S.C. § 2244(d)(1)(A).   A petitioner's conviction becomes final for AEDPA purposes upon "either the completion of certiorari proceedings in the United States Supreme Court, or - if the prisoner elects not to file a petition for certiorari - the time to seek direct review via certiorari has expired."   *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001).

On direct appeal, the New York Court of Appeals denied petitioner's application for leave to appeal on December 4, 2012 (SR: 127).   Petitioner's conviction became final 90 days later, on March 4, 2013, the date his time to seek a

writ of certiorari to the Supreme Court expired.  Thereafter, he had one year, or until March 4, 2014, to file his habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).

However, pursuant to the statutory tolling provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).  Here, petitioner filed a *pro se* motion to vacate the judgment pursuant to CPL § 440.10 by papers dated February 28, 2013,[2] before the judgment of conviction became final (SR: 128-236).  That proceeding concluded on May 27, 2014, when the Appellate Division entered its decision denying petitioner's application for leave to appeal.  Thus, the filing period was tolled from March 5, 2013 until May 27, 2014.  *See Carey v. Saffold*, 536 U.S. 214, 219-21 (2002) (holding that an application for state post-conviction relief is "pending" pursuant to 28 U.S.C. § 2244(d)(2) not only during the time in which state courts are considering collateral motions, but also during "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court").  Petitioner thereafter had one year, or until May 27, 2015 to file a timely habeas petition.  As the petition was filed on the date that it was due, it is timely.

---

[2] With respect to *pro se* defendants, the prison mailbox rule that applies incarcerated habeas petitioners also apples to state collateral motions in determining whether they are "properly filed" under 28 U.S.C. § 2244(d)(2) for purposes of tolling the AEDPA statute of limitations.  *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005).  Thus, the motion will be deemed filed on the date it is given to correctional authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir.), *cert. denied*, 534 U.S. 886 (2001).

## ARGUMENT

## POINT I

## PETITIONER'S CHALLENGE TO THE VALIDITY OF HIS GUILTY PLEA IS MERITLESS.

Petitioner claims that his guilty plea was not knowingly and voluntarily entered because the court failed to ascertain petitioner's mental state. Though his argument is somewhat conflated, it appears that petitioner's argument proceeds on two tracks. First, petitioner argues that the court failed to ask appropriate questions to determine if he was sufficiently competent to enter a guilty plea. Second, he argues that the court failed to allow petitioner to determine whether he had a viable psychiatric defense to the charges against him. The Appellate Division denied petitioner's claim on appeal, holding that the "record establishes the voluntariness of the plea," and the court "afforded [petitioner] a suitable opportunity to be heard," and "had sufficient information upon which to reject [petitioner's] claim that medication affected his ability to understand the proceedings." *Best*, 99 A.D.3d at 493. Petitioner is not entitled to habeas relief because the Appellate Division's decision was entirely reasonable. Indeed, the record establishes that petitioner exhibited appropriate behavior, was responsive to discussions regarding his plea, and gave the trial court no reason to question his competence to enter his guilty plea. Further, petitioner made the reasoned decision to plead guilty rather than proceed to trial, and thus voluntarily abandoned any possible defenses to the charges against him.

11

Petitioner argues that the trial court should have asked petitioner questions to ascertain his mental capacity to enter a guilty plea. However, the court simply had no basis for such questions as nothing in petitioner's behavior suggested that he was not competent to enter is plea.  To be sure, a criminal defendant may not enter a guilty plea unless he does so "competently and intelligently."  *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citations omitted).   The federal standard for determining competency to stand trial or plead guilty is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him."  *Id.* at 396; *accord Indiana v. Edwards*, 554 U.S. 164, 169-70 (2008).

Here, petitioner comported himself appropriately to the proceedings and was responsive to the court's questions to him during his allocution.  It is worthy to note that the judge that presided over petitioner's guilty plea on January 12, 2010 was familiar with him because she also presided over his earlier arraignment on the charges on March 31, 2009 (*See* Petition at Ex. 7).  During that earlier proceeding, the court also sentenced petitioner on an unrelated felony conviction.  The judge had ample opportunity to interact with petitioner during that proceeding by taking his plea in this case and listening to his statement with regard to his sentencing on the unrelated matter.  And, when the judge conducted the plea proceeding with petitioner in January 2010, there was no indication that the judge observed any unusual behavior from petitioner that would suggest any doubts about his ability to

enter a valid guilty plea. Indeed, petitioner appeared to understand the proceedings, addressed the court in a respectful manner, and gave appropriate answers to the questions that the court posed to him.

Although petitioner's attorney told the court that petitioner had just reported to him that petitioner wanted to explore a "possible defense regarding mental disease and defect," the court was not told that petitioner had a history of mental illness or that he was, at that time, either suffering from an untreated psychiatric illness or was under the influence of medication that would affect his ability to understand the proceeding (P: 3). And, merely alerting the court that petitioner was interested in exploring a possible psychiatric defense to the charges would not have given the court reason to question his present competence to stand trial or to enter a guilty plea. Even if petitioner's counsel had told the court that petitioner had a history of mental illness, such a statement would not have suggested that petitioner was not competent to enter a guilty plea. *See United States v. Nichols*, 56 F.3d 403, 412 (2d Cir. 1995) ("some degree of mental illness cannot be equated with incompetence to stand trial"); *see also, Godinez*, 509 U.S. at 394-402 (in capital case, finding defendant competent to plead guilty despite suicide attempt and the debilitating effects of a variety of medications). Indeed, counsel told the court that he had had "an extremely lengthy conversation" with petitioner, which likely included the adjournment in the proceeding that the court afforded the defense to discuss the plea (P: 5). At no time, however, did counsel suggest to the court that petitioner was unable to assist in his own defense, did not appear to understand

what was happening, or otherwise showed signs that he was mentally incapacitated. On this record, the court had no basis to question petitioner's competence to enter his guilty plea, and the Appellate Division's decision to reject petitioner's claim was entirely reasonable.

Nor can petitioner establish that his guilty plea was involuntary because the court did not afford him the opportunity to explore a psychiatric defense to the charges against him. A guilty plea is valid if the record demonstrates that the plea "represents a voluntary and intelligent choice among the alternative courses of action open to the petitioner." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also Parke v. Raley*, 506 U.S. 20, 35-37 (1992). A court may ascertain that a defendant "knowingly" and "voluntarily" entered into the plea agreement from, among other things, defendant's allocution statements. *See United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001). As such, statements made by a defendant at a plea allocution carry a "strong presumption of veracity." *United States v. Torres*, 129 F.3d 710, 715-16 (2d Cir. 1997) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Here, the record shows that petitioner's guilty plea was knowing and voluntary. He freely admitted to the incriminating facts underlying his crime and thereby established all the required elements of first-degree attempted assault. He admitted that he had intentionally struck a man in the head with a bottle in an attempt to cause serious physical injury, and that after he had knocked the man down, he repeatedly punched and kicked the man as he lay on the ground (P: 5-6). Petitioner thereafter acknowledged his understanding that by pleading guilty, he

was forfeiting his right to a trial, his right against self-incrimination, as well as his rights to confront witnesses against him and present his own defense (P: 6-7). Petitioner expressed his understanding that, in exchange for his guilty plea, he would receive a sentence of 8 years in prison and 5 years of post-release supervision (P: 4). It is significant that petitioner never qualified his responses or showed any hesitation to plead guilty, even when the court stressed that, if he was unsatisfied with the plea terms, he could decline the plea and proceed to trial (P: 4-5). Under the circumstances, the Appellate Division had ample reason to conclude that the record established the voluntariness of petitioner's plea. *Best*, 99 A.D.3d at 493.

Petitioner nonetheless argues his plea was coerced because the court refused to allow him to investigate a possible psychiatric defense. But petitioner's claimed intent to explore such a defense appeared to be nothing more than a tactic to either delay the trial or seek a more favorable sentence from the court. Petitioner's counsel told the court that petitioner had raised the issue of the defense for the first time that day, and even stated that he had warned petitioner that the court was unlikely to adjourn the case (P: 3). For its part, the court was unwilling to entertain petitioner's delaying tactics by allowing him an adjournment to investigate this eleventh-hour defense. The court noted that petitioner's case had been pending for 10 months and the People were ready to begin the trial. The court also told petitioner that, in light of his criminal history, it would not consider imposing a prison term of less than 8 years (P: 4). Faced with the choice of proceeding to trial and accepting the terms of the plea, petitioner, having discussed the plea with his

attorney, chose to plead guilty.  On this record, petitioner cannot show that the Appellate Division unreasonably concluded that petitioner's entered knowing, intelligent and voluntary guilty plea.  Accordingly, habeas relief should be denied.

## POINT II

**PETITIONER'S INEFFECTIVE TRIAL COUNSEL CLAIM IS MERITLESS.**

In his petition for habeas relief, petitioner argues that his trial counsel was ineffective because he failed to investigate a potential psychiatric defense to the charges premised on petitioner's history of mental illness.  Petitioner raised this claim in his CPL § 440.10 motion, which the court denied on the merits.  The court noted that at the time of the plea, counsel stated that he intended to seek an adjournment to consider a psychiatric defense, but after a lengthy conversation with petitioner and defense counsel's supervisor, petitioner chose to plead guilty (SR: 257, 259).  Petitioner's claim is barred under *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), because by pleading guilty, petitioner waived his claim that his attorney was ineffective with regard to matters taking place prior to his guilty plea.  Even if petitioner's claim was not barred, his claim should still be denied as meritless because the record demonstrates that petitioner's claim of a possible psychiatric defense was not presented to his counsel until the day that trial was to begin, and thus, petitioner did not give his attorney sufficient opportunity to investigate his psychiatric history before petitioner chose to plead guilty.

The standard for evaluating claims that trial counsel was ineffective, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), also applies in the context of

guilty pleas.  To establish such a claim, petitioner must show both that his attorney provided deficient representation and that he was prejudiced as a result.  *Id.* at 686, 688.  And, because the state court denied petitioner's ineffective counsel claim on the merits, petitioner cannot obtain habeas relief on his claim unless he can show that the Appellate Division unreasonably determined the facts or unreasonably applied *Strickland* in making its determination.  Thus, in the context of a federal habeas proceeding, the habeas court must apply "doubly deferential judicial review" to the state court's decision to deny relief, and "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation omitted).

However, to the extent that petitioner claims that counsel was ineffective for failing to investigate petitioner's psychiatric history in order to develop a trial defense, that claim is waived because it concerns counsel's efforts prior to petitioner's guilty plea and does not affect the voluntariness of that plea.  The Supreme Court has held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267.  Petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from

17

counsel was not within the [constitutional] standards." *Id.*; *accord United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."). The rule announced in *Tollett* also applies to bar habeas relief for ineffective assistance of counsel claims based on matters that took place prior to the entry of the guilty plea that did not affect the voluntariness of the plea. *See Buniek v. Wendland*, 11 Civ. 2843, 2014 U.S. Dist. LEXIS 101539, at 55-56 (S.D.N.Y. May 15, 2014) (petitioner's valid plea waives "ineffective assistance of counsel claims concerning events that [p]etitioner knew or should have known about, or that occurred prior to the entry of his guilty plea, that did not affect the voluntariness of the plea"); *James v. Smith*, 12-CV-857, 2013 U.S. Dist. LEXIS 120546, at *27 (N.D.N.Y. Aug. 1, 2013) (petitioner's claim that counsel was ineffective by not conducting further investigation into the People's proof was an antecedent claim not affecting the voluntariness of the guilty plea and was thus barred from habeas review); *Dozier v. Walsh*, 08 Civ. 4384, 2009 U.S. Dist. LEXIS 44750, at *8-9 (S.D.N.Y. May 28, 2009) (because petitioner did not show how counsel's failure to investigate possible defenses caused him prejudice, the claim was waived by his guilty plea); *Canal v. Donelli*, 06-CV-1490, 2008 U.S. Dist. LEXIS 120448, at *8 (N.D.N.Y. Jan. 17, 2008) (petitioner's ineffective counsel claim was "precluded because all bases for that claim occurred before [petitioner] entered a plea of guilty" and petitioner raised no challenge to the validity of his plea), *adopted by*, 2008 U.S. Dist. LEXIS 76172 (N.D.N.Y. Sept. 17, 2008); *Vasquez v. Parrott*, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005) ("petitioner's unconditional guilty plea waived

all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea").

Here, petitioner cannot obtain relief on his claim because he cannot show that counsel's behavior affected the validity of his plea. As explained in Point I above, after petitioner failed in his last-ditch effort to delay the trial by having his attorney state that the defense was exploring a possible psychiatric defense, the trial court gave petitioner the opportunity to either go to trial or plead guilty. Petitioner chose to plead guilty. As such, the rule announced in *Tollett* applies to bar petitioner's habeas claim.

Even if petitioner's claim that his attorney had been ineffective is not forfeited by his guilty plea, the claim would still fail on the merits. Petitioner's complaints that counsel should have investigated petitioner's mental health history by contacting petitioner's doctors or reviewing petitioner's medical records is unavailing for the simple reason that petitioner did not suggest to his attorney that there might be a basis for a psychiatric defense until the trial was about to start. To be sure, counsel could not have learned about petitioner's mental health history from anyone other than petitioner, who nonetheless chose to withhold that information from his attorney until the day of trial. And because the court wished to proceed with the case, which had been pending for 10 months, counsel was well aware that the court was unlikely to adjourn the matter to accommodate petitioner's last-minute defense tactic. On this record, the state court had ample reason to conclude that counsel was not ineffective for failing to investigate petitioner's potential psychiatric defense.

Finally, to the extent that petitioner is claiming that counsel was ineffective for failing to challenge petitioner's competency to enter a guilty plea, that claim too, should be denied.  Counsel made very clear on the record that he had had extensive discussions with petitioner about his case, including whether he had viable trial defenses, whether the court was likely to grant an adjournment to explore a new defense, and whether to accept the plea agreement.  Petitioner's communications with his attorney, and his attorney's supervisor, plainly gave counsel no reason to conclude that petitioner was unable to understand his circumstances.  Notably, petitioner does not even suggest that there was something amiss in his behavior that would have signaled to his attorney that he might be mentally unfit and could not proceed.  And, as petitioner gave neither counsel nor the court reason to believe that he was unable to understand what he was doing when he pleaded guilty, he cannot establish that counsel was ineffective for failing to assert such a claim.

In sum, petitioner's claim that his trial counsel was ineffective affords him no basis for federal habeas relief.  The claim should be denied.

20

## **CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus should be denied, and no certificate of appealability should issue.

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
120 Broadway
New York, New York 10271

By:   _/s/ Priscilla Steward_____
PRISCILLA STEWARD (PS 1931)
Assistant Attorney General
Priscilla.Steward@ag.ny.gov
(212) 416-8737

ALYSON J. GILL
PRISCILLA STEWARD
 Assistant Attorneys General
 of Counsel

Date completed: August 6, 2014