## PROCEEDINGS

1    SUPREME COURT OF THE STATE OF NEW YORK

2    COUNTY OF NEW YORK                PART 62
     ------------------------------------------
3    THE PEOPLE OF THE CITY OF NEW YORK          Indict. No.
                                                    731/2009
4

5                     -VS-

6

7    SEAN BEST, DEFENDANT                        Plea
     ------------------------------------------
8                            January 12, 2010
                             100 Centre Street
9                            New York County

10   B E F O R E:

11

12                    HONORABLE RENEE A. WHITE
                      JUSTICE OF THE SUPREME COURT
13

14   A P P E A R A N C E S:

15                    FOR THE PEOPLE
                      Robert Morgenthau, Esq.
16                    District Attorney
                      One Hogan Place
17                    New York, New York
                      By: TANDY GRAY, ESQ.
18                    Assistant District Attorney

19

20                    FOR THE DEFENDANT
                      New York County Defenders
21                    New York, N.Y.
                      By:  WENDELL CRUZ, ESQ.
22

23

24         FILED                        AMALIA HUDSON
                                   OFFICIAL COURT REPORTER
25      JAN 1 3 2010

        SUP COURT, APP. DIV
           FIRST DEPT.

**PROCEEDINGS**

1        THE CLERK:  Sean Best 731 of 2009.

2        MS. GRAY:  Tandy Gray, G-R-A-Y for the

3    People.

4        THE COURT:  Good afternoon.

5        MR. CRUZ:  New York County Defender Services

6    by Wendell Cruz.  Your Honor, I am sorry I was speaking

7    with my client and a supervisor of mine in hopes of

8    trying to see if there was going to be a disposition,

9    and my client was indicating he would like a few more

10   minutes because of an issue he was raising with us.

11        I know the People are ready and the reason

12   why we're having further discusses --

13        THE CLERK:  I will give you another

14   opportunity to talk to him.  Second call.

15                    (Case later recalled)

16        THE CLERK:  Recalling calendar seven, Sean

17   Best 731/2009.

18        MR. CRUZ:  I thank the Court and court staff

19   for allowing me to have the additional time with

20   Mr. Best.  There is just one issue I did not inquire of

21   the Court.

22        I made it very clear to Mr. Best that I have

23   explained to Your Honor that in my opinion Mr. Best is

24   entitled or perhaps should receive consideration for

25   minimum sentence of five years, and I advised him Your

## PROCEEDINGS

1  Honor last indicated and made it very clear that Your

2  Honor will not consider five years.

3          I also explained to Your Honor that Mr. Best

4  does not have any violent felony convictions or any

5  incidents of violence.  The People did raise one issue

6  which I believe, according to Mr. Best, happened when

7  he was 16 years of age, but I can't verify that.

8          Lastly, I also informed Mr. Best that I have

9  informed Your Honor and the People of the issue

10  regarding any possible defense regarding mental disease

11  and defect which I was only — which was only brought

12  to my attention today and I explained to him that if

13  that were a defense that he wished to be explored, I

14  would have to make an application for adjournment which

15  I believe the Court has more than indicated will not be

16  granted.

17          The last thing is my client is asking the

18  Court most respectfully, if Your Honor is not inclined

19  to do five years, whether Your Honor would at least

20  drop it down to seven years, and I would only make the

21  same arguments I made earlier for Your Honor's

22  consideration and if Your Honor were to consider a

23  seven-year sentence, the same request would be that if

24  Your Honor would consider it running nunc pro tunc to

25  the current sentence he is currently serving, I believe

## PROCEEDINGS

1    two to four on that.  That is the last request my

2    client is making at this time.

3              THE COURT:  I considered this case.  I

4    considered your client's record in New York State and

5    in Maryland.  He has at least three felony convictions

6    in New York State.  He has a number of convictions in

7    Maryland.

8              In this case the victim was allegedly hit on

9    the head with a bottle, knocked him to the ground and

10   repeatedly punched and kicked as he lay on the ground.

11   Very violent crime.

12             The court is offering him eight years.  The

13   People are now ready for trial they want -- they're

14   offer is up to 10 years.  I will stick with the eight

15   years if he takes it now.  If he doesn't take it now,

16   he is going to go forward with the trial.  I will make

17   it nunc pro tunc to March 31, 2009.

18             MR. BEST:  Can I speak, Judge White?

19             THE COURT:  You can speak, but I will not

20   change my mind.  I reviewed it.  I had your case since

21   March, so I had your case for 10 months.  So it's not

22   like I am just thinking about this right now.  I have

23   been thinking about this case for 10 months.  Okay.

24             So that is the offer.  So either take it; if

25   you don't we'll, get the case to trial.

5

## PROCEEDINGS

1    MR. CRUZ:  Your Honor, after an extremely
2    lengthy conversation with my client, and just so the
3    record is clear, this conversation also did include a
4    supervisor from my office.
5        Mr. Best is indicating to me he is prepared
6    at this time to withdraw his previously entered plea of
7    not guilty and is prepared to plead to the top count of
8    the indictment of attempted assault in the first degree
9    with the understanding that the Court will impose a
10   sentence of eight years State prison.  Sorry.  The post
11   release supervision escapes me.
12       THE COURT:  Five years.
13       MR. CRUZ:  Five years post-release
14   supervision.  Mr. Best does stand ready for allocution
15   at this time.
16       THE COURT:  Okay.  Mr. Best, your attorney
17   advises me you wish to withdraw your prior plea of not
18   guilty and you wish to plead guilty to attempted
19   assault in the first degree, count one of this
20   indictment to cover all of the charges in this
21   indictment, is that correct?
22       MR. BEST:  Yes, ma'am.
23       THE COURT:  Is it true that on February 15,
24   2009 at about 4:13 a.m. at 197 Madison Street in
25   Manhattan you stuck a man named *KAEU STKPWER Lugo in

6

**PROCEEDINGS**

1    the head with a bottle knocking him to the ground and

2    then you repeatedly punched and kicked him as he lay on

3    the ground.  Is that correct?

4              MR. BEST:  Yes, ma'am.

5              THE COURT:  Okay.  And thereby — can I see

6    the indictment, Counsel.  I just want to make sure

7    which subdivision of assault you have in that

8    indictment.

9                        (Handing)

10             THE COURT:  Is it true then that with the

11   intent to cause serious physician injury to Mr. Lugo

12   you did cause the — attempted to cause that injury by

13   means of a danger instrument which was a bottle, is

14   that correct?

15             MR. BEST:  Yes, ma'am.

16             THE COURT:  You understand when you plead

17   guilty you are giving up your right to have a trial

18   before a jury of 12?

19             MR. BEST:  Yes, ma'am.

20             THE COURT:  If you went to trial you would

21   have the right to confront and cross examination the

22   witnesses against you.  Since you're admitting your

23   guilt, you give up these rights.  Do you understand

24   that?

25             MR. BEST:  Yes, ma'am.

**PROCEEDINGS**

1          THE COURT:  Also at a trial you would have

2     the right to remain silent as well as to have the

3     opportunity to present evidence in your own behalf, and

4     since you're pleading guilty, your giving up these

5     rights.  Do you understand that?

6          MR. BINDER:  Yes, ma'am.

7          THE COURT:  The promise as we said over and

8     over again is eight years in State prison and five

9     years of post-release supervision.  You understand

10    that?

11         MR. BEST:  Yes, ma'am.

12         THE COURT:  Are you pleading guilty

13    voluntarily?

14         MR. BEST:  Yes, ma'am.

15         THE COURT:  Okay.  Satisfactory to the

16    People?

17         MS. GRAY:  Yes.

18         THE COURT:  Okay.  Enter the plea.

19         MS. GRAY:  Sean Best, you now withdraw your

20    previously entered plea of not guilty and enter a plea

21    guilty to the crime of attempt to commit the crime of

22    assault first degree to satisfy indictment 731/2009?

23         MR. BEST:  Yes, ma'am.

24         THE COURT:  Have you reviewed the felony

25    statement with your client, counsel?

## PROCEEDINGS

1      MR. CRUZ:  Yes.  Sorry.

2      THE COURT:  Can the People provide two copies

3  of the felony statement one to the Court one to

4  counsel.

5                    (Handing)

6      MR. CRUZ:  I have a copy of the predicate

7  felony conviction, reviewed it with my client, and I

8  believe he is ready to be arraigned on this.

9      THE COURT:  You way arraign him on that.

10     THE CLERK:  Sean Best, a statement has been

11  filed by the District Attorney's office alleging you

12  have been previously convicted of a felony.  The

13  statement sets forth the date and place you were

14  charged and convicted.  Have you been given a copy of

15  the statement?

16     MR. BEST:  Yes, ma'am.

17     THE COURT:  The statement reads as follows:

18  On August 22, 2001 in the Supreme Court of New York

19  County in the State of New York, the defendant was

20  convicted of the felony of attempt criminal sale of

21  controlled substance in the third degree in violation

22  of Section 110/220.39 Sub. (1).

23         You may dispute any charge made in the

24  statement, but you must specify the particular charge.

25  You may also challenge the prior conviction on the

## PROCEEDINGS

1   ground it was obtained in violation of your

2   constitutional rights. Do you wish to challenge any

3   charge made in the statement?

4          MR. BEST:  No, ma'am.

5          THE COURT:  Do you wish to challenge the

6   constitutionality of your prior conviction?

7          MR. BEST:  No, ma'am.

8          THE COURT:  The defendant is adjudicated a

9   predicate felon.  He is remanded for sentence.

10         Mr. Cruz, January 26, February 2nd?  What

11  date would you like?

12         MR. CRUZ:  I left my calendar.  I believe

13  either I will make myself available.

14         THE COURT: January 26th.  That is two week.

15         MR. CRUZ:  One last thing.  I don't know if

16  the Court is able to enter an order that would to allow

17  Mr. Best to remain because he may be sent back to a

18  State facility.

19         THE COURT:  I'm making it order not

20  satisfied.  January 26.

21         MR. BEST:  That is not going to work.  They

22  sent me back after the last time all the way back to

23  Clinton.

24         THE CLERK:  The last time it was over a month

25  adjournment.

10

## PROCEEDINGS

1          THE COURT:  Remand.  Take charge, Officer.

2          MR. CRUZ:  January 26th?

3          THE COURT:  January 26th.  That will be nunc

4    pro tunc to March 31, 2009.

5               *      *      *      *      *      *      *

6

7                    THE ABOVE IS CERTIFIED TO BE A
                     TRUE AND ACCURATE TRANSCRIPT OF
8                    THE TESTIMONY AS TAKEN BY ME.

9

10

11

12                   AMALIA HUDSON
                  OFFICIAL COURT REPORTER
13

14

15

16

17

18

19

20

21

22

23

24

25

1

```
 1   SUPREME COURT OF THE STATE OF NEW YORK

 2   COUNTY OF NEW YORK              PART 62
     ----------------------------------------
 3   THE PEOPLE OF THE CITY OF NEW YORK       Indict. No.
                                              731/2009
 4

 5                      -VS-

 6

 7   SEAN BEST, DEFENDANT                     Sentence
     ----------------------------------------
 8                         January 26, 2010
                           100 Centre Street
 9                         New York County

10   B E F O R E:

11

12                    HONORABLE BONNIE WITTNER
                      JUSTICE OF THE SUPREME COURT
13

14   A P P E A R A N C E S:

15                    FOR THE PEOPLE
                      Robert Morgenthau, Esq.
16                    District Attorney
                      One Hogan Place
17                    New York, New York
                      By:
18                    Assistant District Attorney

19

20                    FOR THE DEFENDANT
                      New York County Defender Svs.
21                    New York, N.Y.
                      By:  WENDELL CRUZ, ESQ.
22

23

24                        AMALIA HUDSON
                      OFFICIAL COURT REPORTER
25
```

2

**PROCEEDINGS**

1          THE CLERK:  Calendar 53 Sean Best, indictment

2     731 of 2009.

3          MR. CRUZ:  New York County Defender Service

4     by Wendell Cruz.  Good afternoon.

5          THE COURT:  Good afternoon. Do you have a

6     copy of the presentence report?

7          MR. CRUZ:  I do.

8          THE COURT:  Okay. Arraigned the defendant for

9     sentence once he gets to the seat.

10          THE CLERK:  Sean Best, you are being

11     arraigned for sentencing following your conviction

12     after plea to the crime of attempted assault in the

13     first degree.

14          Prior to sentencing, the Court will allow

15     you, your attorney and the District Attorney an

16     opportunity to address the Court with any matter

17     relevant to sentencing.  People?

18          PROSECUTION:  The People rely on the promised

19     sentence of eight years jail with five years

20     post-release supervision.

21          MR. CRUZ:  Your Honor, most respectfully Mr.

22     Best is asking that I make an application on his behalf

23     to have this matter adjourned for two reasons.

24          Number one is although the probation report

25     indicates that Mr. Best failed -- Sorry -- refused to

## PROCEEDINGS

1    be interview by the department of probation, he

2    indicates that he was actually not notified.  He was

3    not notified there was an actual probation interview

4    scheduled for him, otherwise he would have, in fact,

5    appeared.

6              Secondly, I have been given the name --

7    Sorry — the business card of an attorney that I was

8    told to give to the Court.  This an attorney that I've

9    been told had been retained by Mr. Best.

10             This attorney apparently is currently on

11   trial in another matter and intends to, or would like

12   to file a notice of appearance for the purposes of what

13   I understand to make a formal application to have

14   Mr. Best's plea vacated.

15             Based on that information, he is asking that

16   I make that representation and application to the

17   Court.

18             THE COURT:  There has been no filing of

19   notice of appearance by any attorney.  Your the only

20   attorney whose notice of appearance has been filed, so.

21             I cannot entertain that application, and,

22   Counsel, I see no reason to adjourn the sentence.

23             Is there anything you would like to say

24   before I do impose the promised sentence?

25             MR. CRUZ:  Your Honor, the last thing I want

4

**PROCEEDINGS**

1    to point out is that I did go over with Mr. Best the

2    only thing I can indicate is that the attorney

3    Mr. Giordano, is what the card has, Germana Giordano is

4    currently on trial.  I don't know whether that my have

5    prevented the attorney from filling a notice.

6            THE COURT:  You don't know where he is.  He's

7    never filed on it.  We don't know where he may be on

8    trial.  It's basically he has a trial going on

9    somewhere.

10            The Court is not in communication with his

11    attorney.  He has not been in communication with us.

12    There is no basis for me to adjourn the case, so other

13    than that, you requesting the promised sentence be

14    imposed?

15            MR. CRUZ:  Yes, if the Court is denying the

16    application that Mr. Best asked me to make, we would,

17    obviously, rely on the promised sentence.

18            THE COURT:  Anything else you would like to

19    say about the sentence, Mr. Best?

20            MR. BEST:  I would like to say that my plea

21    of guilty was not voluntary.  I took it because I was

22    under duress.  I was under medication, and I didn't

23    fully understand what was going on until I came back.

24    I don't want to take this plea.  I want to go to trial.

25            THE COURT:  Okay.  Sir, you have -- you were

5

**PROCEEDINGS**

1    arrested back in February 2009 approximately one year

2    ago your case was in a trial ready status, and it was

3    adjourned for trial on several occasions.

4         You and Mr. Cruz were fully involved in your

5    defense in this case.  When it came down to the actual

6    trial on January 12, you decided to accept the offer of

7    eight years, fully admitted your guilt, and you were

8    adjudicated a predicate felon.

9         The Court finds no basis to withdraw that

10   plea of guilty at this time, and in accordance with the

11   promise you are sentenced to eight years in State

12   prison and five years post-release supervision.

13        You were promised this case will be sentenced

14   nunc pro tunc to March 31, 2009, and I am so sentencing

15   you nunc pro tunc to March 31, 2009.

16        All the surcharges are imposed.  You have a

17   right to appeal and Mr. Cruz make sure he gets a copy

18   of his appellate rights.

19        MR. CRUZ:  Yes, Your Honor I am submitting a

20   copy of notice of right to appeal, and for the same

21   reason, I would ask the Court to preserve the record to

22   note our objection to Mr. Best's request for the

23   adjournment.

24        THE COURT:  Well, the record has been made.

25   The record has been made.  Okay.  Take charge officers.

6

PROCEEDINGS

1          MR. CRUZ:  Thank you.

2      *      *      *      *      *      *      *

3

4          THE ABOVE IS CERTIFIED TO BE A
           TRUE AND ACCURATE TRANSCRIPT OF
5          THE TESTIMONY AS TAKEN BY ME.

6

7

8

9              AMALIA HUDSON
           OFFICIAL COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25