UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN BEST,

                      Petitioner,

        v.

THOMAS GRIFFIN, Superintendent,
Green Haven Correctional Facility,

                      Respondent.

15 Civ. 4073

---

**REPLY OF PETITIONER IN SUPPORT OF PETITION
UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

SULLIVAN & WORCESTER LLP
Franklin B. Velie
fvelie@sandw.com
Siobhan Briley
sbriley@sandw.com
1633 Broadway
New York, New York 10019
(212) 660-3000

*Attorneys for Petitioner
Sean Best*

I.  **INTRODUCTION**

This reply brief is submitted on behalf of Sean Best, a person in state custody. It is now clear that the People have no response to Best's showing that he had a defense of mental disease or defect available to him which was ignored by his lawyer. It is also clear that the People have no response to Best's showing that the court failed and refused to inquire whether Best was competent to plead or be sentenced despite Best's bringing that defense to the attention of the court.

The People do not dispute that Best suffers from bipolar disorder or that, at the time of the assault, Best had been without medication to treat his bipolar disorder for at least two months. *See* SR-183.[1] Nor do they dispute that Best was in a hypermanic state, experiencing psychosis, paranoia, and anxiety, was hearing voices, and believed the man he assaulted was trying to kill him. SR: 147-148; Pet. at 2-3.

Indeed, the People acknowledge that Best asked his lawyer, Wendell Cruz, to investigate and develop a defense to the assault charges of not guilty by reason of mental disease or defect and that Cruz never did so. Opp. at 3, 13. The People acknowledge that Best asked the court to adjourn the plea allocution so Cruz could investigate a psychiatric defense and the court refused to do so. *Id.* They acknowledge that, at the sentencing, Best sought to withdraw his guilty plea as "not voluntary" because he "was under medication[] and [] didn't fully understand what was going on[.]" Opp. at 5; S: 4. They acknowledge that the court nonetheless never made any attempt to determine whether Best's mental state compromised his ability to enter a knowing and

---

[1] "SR:" refers to the state court record, "P:" refers to the minutes of the plea allocution, and "S: refers to the minutes of the sentencing, all submitted with the People's Answer and Opposition. "Opp." refers to the People's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus (ECF Doc. 10). "Pet." refers to Best's Memorandum of Law in Support of Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (ECF Doc. 1).

1

voluntary plea.  The court never asked Best whether he was taking any medication or was under the influence of any drugs or alcohol, whether he should be taking medication, or whether he understood the proceedings.  Opp. at 4; P: 7-9.

Despite these undisputed facts, the People argue that the court had no duty to inquire into Best's state of mind with respect to the possible defense of insanity, Best's waiver of this defense by pleading guilty, or even his competence to plead or to be sentenced.  The law is clear:  if questions regarding a defendant's state of mind are raised during a plea or at sentencing, the court has a duty "to inquire further into whether defendant's decision to waive a potentially viable insanity defense [is] an informed one."  *People v. Mox*, 20 N.Y.3d 936, 939 (2012).  The trial court made no attempt to fulfill this duty.  Nor did the court ever inquire into Best's mental state at the time of the plea and sentencing.  Because of counsel's and the court's failures, Best's plea was not knowing or voluntary.  This Court should grant the Petition.

II.     ARGUMENT

     A.     **Best's Guilty Plea Was Not Knowing And Voluntary.**

To be valid, a guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to" him.  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  Best's plea was not a voluntary and intelligent choice.  The record establishes that Best sought several times to assert a psychiatric defense.  P: 3; S: 4.  He urged his lawyer, Cruz, to investigate such a defense as early as March 31, 2009.  *See* Pet., Ex. 7 at 5-6.  Cruz never did so.  Twice, Best sought to raise the issue with the court—before he allocuted and at his sentencing.  P: 3; S: 4.  At that point, the court had a duty to inquire further to ensure that Best's decision to plead guilty rather than assert a psychiatric defense was not undermined by his mental state.  *See Mox*, 20 N.Y.3d 936, 939 (2012); *see also People v. Nixon*, 21 N.Y.2d 338, 355 (1967) (when defendant's state of mind is in question, "the court should be quick to offer the defendant an

2

opportunity to withdraw his plea and at the very least conduct a hearing"); *id.* ("It is not tolerable for the State to punish its members … if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty."). The court refused to inquire. P:4; S:5. The record is devoid of any showing that Best's decision to plead was not compromised by his mental state.

In their Opposition, the People argue that the plea was knowing and voluntary because Best behaved appropriately, giving the court no reason to question his competence. Opp. at 11. This argument ignores the undisputed facts: Twice, Best invoked the court's duty to inquire further by raising the issue of a defense of mental disease or defect. Both times, the court declined to make even the slightest inquiry into the basis for this defense or his competence to enter a plea. Indeed, the trial court refused to consider anything Best had to say on the matter. P: 4 ("You can speak, but I will not change my mind.") This was error. *See Mox*, 20 N.Y.3d at 939 (single question verifying that defendant had discussed potential defense of extreme emotional disturbance with counsel did not satisfy court's duty to inquire).

For the same reasons, the People's argument that Best made a reasoned decision to plead guilty fails. Opp. at 11. Because the court failed to fulfill its duty, Best was not given the opportunity to make a considered choice among the alternative courses of action available to him. His plea was not knowing and voluntary. Habeas relief is warranted.

    **B.**  **Best Did Not Receive Effective Assistance Of Counsel.**

It is undisputed that Cruz did not investigate the possibility of asserting a psychiatric defense on Best's behalf. The People argue that Cruz was not obligated to investigate this possible defense because Best only told him about it on the day of the plea. Opp. at 16, 19. This argument ignores the fact that, in his 440 Motion, Best repeatedly asserted that he had told Cruz of the defense many times before the plea proceeding. *See* SR: 136-138, 147; Pet. at 1, 3. It also

3

ignores the transcript of the March 31, 2009 proceeding before Justice White—who presided over Best's plea and sentencing in this case—during which Cruz told the court that Best had informed him of a "possible defense." Pet., Ex. 7 at 5.

In any event, just as the court had a duty to inquire further once Best raised the issue of his mental state, Cruz was obligated to investigate the defense. The "complete lack of investigation or preparation whatever on the only possible defense available" constitutes ineffective assistance of counsel. *People v. Bennett*, 29 N.Y.2d 462, 466 (1972); *see also People v. Fogle*, 307 A.D.2d 299, 301 (2d Dep't 2003) ("The failure to investigate is so fundamental to the deprivation of the effective assistance of trial counsel that it cannot be rationalized away[.]"). Cruz only had to review Best's medical records from Rikers Island to learn that, three days before he engaged in the charged conduct, Best was experiencing auditory hallucinations. SR: 235. These records are replete with notations about Best's bipolar disorder and the required treatment. *See* SR: 196 (indicating diagnosis of bipolar disorder); SR: 223 (same); SR: 232 (stating that Best had "sought jailbased [mental health] services during most of his detainments"). But Cruz did nothing, despite Best's repeated requests that he look into the matter. Cruz's failure to investigate, along with the court's failure to inquire, foreclosed the possibility that Best could make a voluntary and intelligent choice to plead guilty. This constitutes ineffective assistance of counsel. *See People v. Nau*, 21 A.D.3d 568, 569 (2d Dep't 2005).

Nor is Best's claim for ineffective assistance of counsel barred by *Tollett v. Henderson*, 411 U.S. 253 (1973). *Tollett* bars only "claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of the plea." *Vasquez v. Parrott*, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005) (citing *Tollett*). Here, Best "attack[s] the

4

voluntary and intelligent character of [his] guilty plea" on the ground that "the advice he received from [Cruz] was not within [acceptable] standards[.]" *Tollett*, 411 U.S. at 267. Thus, *Tollett* is inapplicable.

The People's argument that Best's attempt to inform the court of a viable psychiatric defense was a delay tactic is not supported by the record. *See* Opp. at 15. Best argued in his 440 Motion that he had informed Cruz of this possible defense months before the plea. This is borne out by the minutes of the proceeding before Justice White on March 31, 2009 minutes.[2]

Cruz's representation was not within acceptable standards. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Habeas relief is warranted.

### C. In the Alternative, This Court Should Hold An Evidentiary Hearing.

In the Petition, Best sets forth facts "which, if true, would entitle [him] to federal habeas relief." *Hodge v. Griffin*, 2013 WL 5231473, at *1 (S.D.N.Y. July 19, 2013). As there has been no lack of diligence at any stage in state proceedings, if this Court does not grant the Petition, it should hold an evidentiary hearing.

Dated: New York, New York
August 28, 2015

Respectfully submitted,

   /s/ Siobhan Briley
Franklin B. Velie, Esq.
Siobhan Briley, Esq.
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, New York 10019
(212) 660-3000

---

[2] Due to his incarceration, Best was unable to obtain a copy of these minutes when he submitted his 440 Motion.