UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SEAN BEST, | : | |
| Plaintiff, | : | 15 Civ. 4073 (CM) (AJP) |
| -against- | : | **REPORT AND RECOMMENDATION** |
| THOMAS GRIFFIN, Superintendent, Green Haven Correctional Facility, | : | |
| | : | |
| Respondent. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Colleen McMahon, United States District Judge:**

   Petitioner Sean Best, represented by counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his January 12, 2010 conviction following a guilty plea in Supreme Court, New York County, of first degree attempted assault and sentence of eight years imprisonment.  (Dkt. No. 1: Pet. ¶¶ 1-5.)

   Best's habeas petition asserts that: (1) Best's trial counsel was ineffective for failing to investigate his history of mental illness and advocate for an insanity defense (Pet. ¶¶ 12-21); and (2) Best's guilty plea was not knowing and voluntary (Pet. ¶¶ 22-23).

   For the reasons set forth below, Best's petition should be DENIED.

## FACTS

### Background

   In the early morning hours of February 15, 2009, Best was in front of a grocery store at 197 Madison Street in Manhattan.  (Dkt. No. 11: State Record ("R.") 92-121: State 1st Dep't Br.

at 1.)  Best "exchanged words" with another individual entering the store.  (State 1st Dep't Br. at 1; see also R. 54-56: Best Stmt.)  A fight ensued, and Best threw a bottle at the individual, then punched and kicked him as he lay on the ground.  (Best Stmt. at R. 56; State 1st Dep't Br. at 1-2.) The fight was recorded by a surveillance video.  (State 1st Dep't Br. at 1.)

Later that day, Best was arrested at home.  (State 1st Dep't Br. at 2.)  Best gave a written statement to the police, admitting that following a verbal altercation in the early morning hours of February 15, 2009, he entered a store to get a bottle because another individual had punched him in the face and "pulled out a knife."  (Best Stmt. at R. 56.)  Best stated that he did not want any trouble, "but the problem was [he] had been drinking and one thing led to another."  (Best Stmt. at R. 56.)

### Best's Plea Allocution and Sentence

On January 12, 2010, Best pled guilty before Justice Renee A. White in Supreme Court, New York County, to first degree attempted assault.  (Dkt. No. 13: Plea Transcript ("P.") 2-7.)  At the start of the proceedings, Best's counsel requested additional time to speak with Best.  (P. 2.)  Justice White permitted counsel to return at the second calendar call.  (P. 2.)  Upon being recalled, Best's counsel requested that Justice White consider a sentence of five years (P. 2), and if the Court was not so inclined, a sentence of seven years running nunc pro tunc to a sentence Best already was serving (P. 3).  Best's counsel also informed Justice White that Best had raised the issue of a "possible defense" of mental disease or defect, and stated that he had informed Best that Justice White was unlikely to grant an adjournment for consideration of such a defense.  (P. 3.)  Justice White responded:

> I considered this case.  I considered your client's record in New York State and in Maryland.  He has at least three felony convictions in New York State.  He has a number of convictions in Maryland.

In this case the victim was allegedly hit on the head with a bottle, knocked him to the ground and repeatedly punched and kicked as he lay on the ground. Very violent crime.

The court is offering [Best] eight years. The People are now ready for trial they want–[their] offer is up to 10 years. I will stick with the eight years if he takes it now. If he doesn't take it now, he is going to go forward with the trial. I will make it <u>nunc pro tunc</u> to March 31, 2009.

(P. 4.) Best requested an opportunity to speak (P. 4), and Justice White responded:

You can speak, but I will not change my mind. I reviewed it. I had your case since March, so I had your case for 10 months. So it's not like I am just thinking about this right now. I have been thinking about this case for 10 months. Okay.

So that is the offer. So either take it; if you don't we'll get the case to trial.

(P. 4.) Best's counsel stated that after a lengthy discussion with Best and a supervisor from defense counsel's office, Best was prepared to withdraw his previous not guilty plea and plead guilty to first degree attempted assault with the understanding that the Court would impose a sentence of eight years imprisonment. (P. 5.) The following colloquy occurred:

| | |
|---|---|
| THE COURT: | Okay. Mr. Best, your attorney advises me you wish to withdraw your prior plea of not guilty and you wish to plead guilty to attempted assault in the first degree, count one of this indictment to cover all of the charges in this indictment, is that correct? |
| BEST: | Yes, ma'am. |
| THE COURT: | Is it true that on February 15, 2009 at about 4:13 a.m. at 197 Madison Street in Manhattan you struck a man named *KAEU STKPWER Lugo in the head with a bottle knocking him to the ground and then you repeatedly punched and kicked him as he lay on the ground. Is that correct? |
| BEST: | Yes, ma'am. |
| THE COURT: | Okay. And thereby–can I see the indictment, Counsel. I just want to make sure which subdivision of assault you have in that indictment. |

| | |
|---|---|
| THE COURT: | Is it true then that with the intent to cause serious physic[al] injury to Mr. Lugo you did cause the–attempted to cause that injury by means of a dangerous instrument which was a bottle, is that correct? |
| BEST: | Yes, ma'am. |
| THE COURT: | You understand when you plead guilty you are giving up your right to have a trial before a jury of 12? |
| BEST: | Yes, ma'am. |
| THE COURT: | If you went to trial you would have the right to confront and cross examine witnesses against you.  Since you're admitting your guilt, you give up these rights.  Do you understand that? |
| BEST: | Yes, ma'am. |
| THE COURT: | Also at a trial you would have the right to remain silent as well as to have the opportunity to present evidence on your own behalf, and since you're pleading guilty, you['re] giving up these rights.  Do you understand that? |
| BEST: | Yes ma'am. |
| THE COURT: | The promise as we said over and over again is eight years in State prison and five years of post-release supervision.  You understand that? |
| BEST: | Yes, ma'am. |
| THE COURT: | Are you pleading guilty voluntarily? |
| BEST: | Yes, ma'am. |

(P. 5-7.)[1]

On January 26, 2010, Best appeared before Justice Bonnie Wittner for sentencing.

(Dkt. No 13: 1/26/10 Sentencing Transcript ("S.") at 1-2.)  Best's counsel informed Justice Wittner

---

[1]     Best did not challenge the predicate felony statement submitted by the State, and was adjudicated a predicate felon.  (P. 8-9.)

that Best had retained a new attorney who intended to file a notice of appearance and make a formal

motion to vacate Best's plea, but because he was on trial elsewhere had been unable to do so as of

the time of sentencing.  (S. 3.)

Justice Wittner denied the application, stating, "[t]he Court is not in communication

with [Best's new] attorney.  [Best's new attorney] has not been in communication with us.  There is

no basis for me to adjourn the case, so other than that, [are] you requesting that the promised

sentence be imposed?" (S. 4.)  Best himself addressed the Court and stated that his plea "was not

voluntary," was taken "under duress," and he was "under medication, and [he] didn't fully

understand what was going on until [he] came back."  (S. 4.)  Best stated that he wanted to withdraw

his plea and proceed to trial.  (S. 4.)  Justice Wittner denied Best's request, stating:

> [Y]ou were arrested back in February 2009 approximately one year ago your case
> was in a trial ready status, and it was adjourned for trial on several occasions.
>
> You and [defense counsel] were fully involved in your defense in this case.
> When it came down to the actual trial on January 12, you decided to accept the offer
> of eight years, fully admitted your guilt, and you were adjudicated a predicate felon.
>
> The Court finds no basis to withdraw that plea of guilty at this time. . . .

(S. 5.)  Justice Wittner sentenced Best as promised, to eight years imprisonment.  (S. 5.)

**Best's Direct Appeal**

Represented by the Center for Appellate Litigation, Best's direct appeal to the First

Department (R. 69-91: Best 1st Dep't Br.) argued inter alia that Best's guilty plea should be vacated

as involuntary and unknowing, because the court never questioned him as to whether he was under

the influence of any medication or drugs. (Best 1st Dep't Br. at 8-14.)

The First Department unanimously affirmed Best's conviction, holding:

> The court properly exercised its discretion in denying defendant's motion to
> withdraw his plea.  The nature and extent of the fact-finding procedures on such

> motions rests largely in the discretion of the court.  The record establishes the
> voluntariness of the plea.   The court, which accorded defendant a suitable
> opportunity to be heard, had sufficient information upon which to reject defendant's
> claim that medication affected his ability to understand the proceedings.

People v. Best, 99 A.D.3d 493, 493, 951 N.Y.S.2d 866, 866-67 (1st Dep't 2012) (quotations &

citations omitted).  On December 4, 2012, the New York Court of Appeals denied leave to appeal.

People v. Best, 20 N.Y.3d 985, 658 N.Y.S.2d 700 (2012).

**Best's C.P.L. § 440 Motion**

On February 28, 2013, Best filed a pro se C.P.L. § 440.10 motion to vacate his

conviction. (R. 128-52: Best 440 Motion.)  Best argued that: (1) his counsel was ineffective for

failing to investigate his mental health or pursue an insanity defense (Best 440 Motion at R. 135-43);

(2) his right to testify on his own behalf before the grand jury was violated (Best 440 Motion at R.

144-46); and (3) he "incoherently accepted" his plea while he was without medication, and it

therefore was not knowing and voluntary (Best 440 Motion at R. 147-49).

On October 21, 2013, Justice White denied Best's § 440.10 motion.  (R. 251-60:

Justice White 440 Opinion.)  Justice White held that Best's claims were procedurally barred (id. at

2-4), but nevertheless considered them on the merits (id. at 4).   First, Justice White held that "by

pleading guilty, [Best] waived his right to object to the Grand Jury proceeding," and that a letter

from Best's counsel demonstrated that Best had been persuaded not to appear before the grand jury

as part of a sound trial strategy.  (Id. at 6-7.)

As to Best's guilty plea, Justice White noted:

> [A]t the time of [Best's] plea, counsel indicated that although he believed his request
> would be denied, counsel would seek an adjournment of the trial to consider the
> defense of mental disease or defect.  However, after a lengthy conversation with
> defendant and defense counsel's supervisor, defendant [Best] decided to plead guilty.

(Justice White 440 Opinion at 7, records citations omitted.)  Justice White found that Best's plea was

knowing and voluntary on the basis of his statements that he voluntarily was pleading guilty and understood the rights he was waiving.  (Id. at 7-8.)  Justice White noted that "a court is under no obligation to question a defendant's capacity to proceed unless it has reasonable grounds to believe that a defendant is an incapacitated person."  (Id. at 8.)  Justice White further based her finding that Best's plea was knowing and voluntary on "the Court's observation of [Best] and his interaction with counsel."  (Id. at 8-9.)

Finally, Justice White found that Best had received effective assistance of counsel under both the New York and federal standards.  (Justice White 440 Opinion at 9-10.)  Justice White noted that Best's counsel pursued sound strategies, and did raise the possibility of a lack of capacity defense prior to Best's plea.  (Id. at 9.)  Further, Justice White found that the strong evidence against Best, including "his own statement and a video of the occurrence," precluded him from showing prejudice from counsel's alleged ineffective assistance.  (Id. at 9-10.) Justice White held:

> [Best] faced a maximum term of imprisonment of fifteen years.  However, [Best] pled guilty and received a sentence of eight years in prison nunc pro tunc to March 31, 2009, substantially less than the maximum and with credit for time served for almost a full year. [Best] is hard-pressed to argue that but for counsel's ineffectiveness he would have rejected the plea offer and taken his chances at trial.

(Id. at 10.)

On May 1, 2014, the First Department denied leave to appeal.  (R. 274: 5/1/14 1st Dep't Certificate Denying Leave.)

**Best's Federal Habeas Corpus Petition**

Best's federal habeas corpus petition asserts that (1) his plea was not knowing and voluntary because he did not understand the proceedings at his plea allocution and the court failed to ascertain his competence (Dkt. No. 1: Pet. ¶¶ 22-23); and (2) he was denied the effective assistance of counsel because counsel did not investigate his history of mental illness or pursue an

insanity defense (Pet. ¶¶ 12-21).

## ANALYSIS

### I.   THE AEDPA REVIEW STANDARD

Before the Court can determine whether petitioner is entitled to federal habeas relief, the Court must address the proper habeas corpus review standard under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

In enacting the AEDPA, Congress significantly "modifie[d] the role of federal habeas courts in reviewing petitions filed by state prisoners." Williams v. Taylor, 529 U.S. 362, 403, 120 S. Ct. 1495, 1518 (2000). The AEDPA imposed a more stringent review standard, as follows:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).[2/]

───────────────

[2/]   See also, e.g., Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011); Knowles v. Mirzayance, 556 U.S. 111, 121, 129 S. Ct. 1411, 1418 (2009); Evans v. Fischer, 712 F.3d 125, 132 (2d Cir.), cert. denied, 134 S. Ct. 238 (2013); Portalatin v. Graham, 624 F.3d 69, 78-79 (2d Cir. 2010) (en banc), cert. denied, 562 U.S. 1303, 1304, 131 S. Ct. 1691, 1693 (2011); Henry v. Poole, 409 F.3d 48, 67 (2d Cir. 2005), cert. denied, 547 U.S. 1040, 126 S. Ct. 1622 (2006); Howard v. Walker, 406 F.3d 114, 121-22 (2d Cir. 2005); Cox v. Donnelly, 387 F.3d 193, 197 (2d Cir. 2004); Dallio v. Spitzer, 343 F.3d 553, 559-60 (2d Cir. 2003), cert. denied, 124 S. Ct. 1713 (2004); Eze v. Senkowski, 321 F.3d 110, 120 (2d Cir. 2003) ("AEDPA changed the landscape of federal habeas corpus review by 'significantly curtail[ing] the power of federal courts to grant the habeas petitions of state prisoners.'" (quoting Lainfiesta v. Artuz, 253 F.3d 151, 155 (2d Cir. 2001), cert. denied, 535 U.S. 1019, 122 S. Ct. 1611 (2002))).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have "independent meaning." Williams v. Taylor, 529 U.S. at 404-05, 120 S. Ct. at 1519.[3/]  Both, however, "restrict[] the source of clearly established law to [the Supreme] Court's jurisprudence." Williams v. Taylor, 529 U.S. at 412, 120 S. Ct. at 1523.[4/]  The relevant Supreme Court jurisprudence is that in effect at the time of the state court's adjudication on the merits (in New York, usually the

---

[3/]  Accord, e.g., Evans v. Fischer, 712 F.3d at 132-33; Henry v. Poole, 409 F.3d at 68; Howard v. Walker, 406 F.3d at 122; Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir.), cert. denied, 540 U.S. 1091, 124 S. Ct. 962 (2003); Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000); Lurie v. Wittner, 228 F.3d 113, 125 (2d Cir. 2000), cert. denied, 532 U.S. 943, 121 S. Ct. 1404 (2001); Clark v. Stinson, 214 F.3d 315, 320 (2d Cir. 2000), cert. denied, 531 U.S. 1116, 121 S. Ct. 865 (2001).

[4/]  Accord, e.g., Woods v. Donald, 135 S. Ct. 1372, 1376 (2015); Marshall v. Rodgers, 133 S. Ct. 1446, 1447 (2013) (per curiam); Lafler v. Cooper, 132 S. Ct. 1376, 1390 (2012) ("A decision is contrary to clearly established law if the state court 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases.'"); Howes v. Fields, 132 S. Ct. 1181, 1187 (2012) ("In this context, 'clearly established law' signifies 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'"); Carey v. Musladin, 549 U.S. 70, 77, 127 S. Ct. 649, 654 (2006) ("Given the lack of holdings from this Court regarding [this issue], it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"); Yarborough v. Alvarado, 541 U.S. 652, 661, 124 S. Ct. 2140, 2147 (2004) ("We look for 'the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'"); Wiggins v. Smith, 539 U.S. 510, 519, 123 S. Ct. 2527, 2534 (2003); Lockyer v. Andrade, 538 U.S. 63, 71, 123 S. Ct. 1166, 1172 (2003) ("Section 2254(d)(1)'s 'clearly established' phrase 'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'"); Assadourian v. Brown, 493 F. App'x 223, 225 (2d Cir. 2012) ("[H]abeas relief is only warranted where a state court unreasonably applies clearly established Supreme Court law . . . ."); Portalatin v. Graham, 624 F.3d at 79 ("To qualify as 'clearly established' for the purposes of federal habeas review, a rule of law must be embodied in the 'holdings, as opposed to the dicta,' of Supreme Court precedent."); Georgison v. Donelli, 588 F.3d 145, 153-54 (2d Cir. 2009); Dunlap v. Burge, 583 F.3d 160, 164 (2d Cir.), cert. denied, 558 U.S. 1037, 130 S. Ct. 642 (2009); Hargett v. Giambruno, 291 F. App'x 402, 403 (2d Cir. 2008); Howard v. Walker, 406 F.3d at 122; Tueros v. Greiner, 343 F.3d 587, 591 (2d Cir. 2003), cert. denied, 541 U.S. 1047, 124 S. Ct. 2171 (2004); Yung v. Walker, 341 F.3d 104, 109-10 (2d Cir. 2003); Parsad v. Greiner, 337 F.3d at 181; DelValle v. Armstrong, 306 F.3d 1197, 1200 (2d Cir. 2002); Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir.), cert. denied, 537 U.S. 909, 123 S. Ct. 251 (2002); Loliscio v. Goord, 263 F.3d 178, 184 (2d Cir. 2001); Sellan v. Kuhlman, 261 F.3d 303, 309 (2d Cir. 2001).

decision of the Appellate Division), not at the time of a subsequent decision (e.g., the New York

Court of Appeals) denying leave to appeal.  Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011); accord,

e.g., Jackson v. Conway, 763 F.3d 115, 134 (2d Cir. 2014), cert. denied, 135 S. Ct. 1560 (2015).

   "That federal law, as defined by the Supreme Court, may be either a generalized

standard enunciated in the [Supreme] Court's case law or a bright-line rule designed to effectuate

such a standard in a particular context."  Kennaugh v. Miller, 289 F.3d at 42.[5]  "A petitioner can not

win habeas relief solely by demonstrating that the state court unreasonably applied Second Circuit

precedent."  Yung v. Walker, 341 F.3d at 110; accord, e.g., Parker v. Matthews, 132 S. Ct. 2148,

2155 (2012) ("[C]ircuit precedent does not constitute 'clearly established Federal law, as determined

by the Supreme Court.'  It therefore cannot form the basis for habeas relief under AEDPA." (citation

omitted)); DelValle v. Armstrong, 306 F.3d at 1200.[6]

   As to the "contrary to" clause:

   A state-court decision will certainly be contrary to [Supreme Court] clearly

---

[5] Accord, e.g., Marshall v. Rodgers, 133 S. Ct. at 1449 ("[T]he lack of a Supreme Court
decision on nearly identical facts does not by itself mean that there is no clearly established
federal law, since 'a general standard' from this Court's cases can supply such law."); Davis
v. Grant, 532 F.3d 132, 140 (2d Cir. 2008), cert. denied, 555 U.S. 1176, 129 S. Ct. 1312
(2009).

[6] See also, e.g., Glebe v. Frost, 135 S. Ct. 429, 431 (2014) ("As we have repeatedly
emphasized, however, circuit precedent does not constitute 'clearly established Federal law,
as determined by the Supreme Court.'"); White v. Woodall, 134 S. Ct. 1697, 1702 & n.2
(2014) ("Clearly established Federal law for purposes of § 2254(d)(1) includes only the
holdings, as opposed to the dicta, of [the Supreme] Court's decisions . . . . [A] lower court
may not consult its own precedents rather than those of [the Supreme] Court, in assessing
a habeas claim governed by § 2254." (quotations omitted)); Marshall v. Rodgers, 133 S. Ct.
at 1450-51 ("Although an appellate panel may, in accordance with its usual law-of-the-
circuit procedures, look to circuit precedent to ascertain whether it has already held that the
particular point in issue is clearly established by Supreme Court precedent, it may not
canvass circuit decisions to determine whether a particular rule of law is so widely accepted
among the Federal Circuits that it would, if presented to this Court, be accepted as correct."
(citations omitted)).

established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases. . . .   A state-court decision will also be contrary to [the Supreme] Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.

Williams v. Taylor, 529 U.S. at 405-06, 120 S. Ct. at 1519-20.[7]

In Williams, the Supreme Court explained that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. at 413, 120 S. Ct. at 1523.[8]  However,

---

[7]   Accord, e.g., Lafler v. Cooper, 132 S. Ct. at 1390; Cullen v. Pinholster, 131 S. Ct. at 1398; Knowles v. Mirzayance, 556 U.S. at 122, 129 S. Ct. at 1419 (The Supreme "Court has held on numerous occasions that it is not 'an unreasonable application of clearly established federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this [Supreme] Court." (quotation omitted)); Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438-39 (2005); Bell v. Cone, 543 U.S. 447, 452-53, 125 S. Ct. 847, 851 (2005); Price v. Vincent, 538 U.S. 634, 640, 123 S. Ct. 1848, 1853 (2003); Lockyer v. Andrade, 538 U.S. at 73-74, 123 S. Ct. at 1173-74; Evans v. Fischer, 712 F.3d at 132; Portalatin v. Graham, 624 F.3d at 79; Bierenbaum v. Graham, 607 F.3d 36, 47-48 (2d Cir. 2010), cert. denied, 562 U.S. 1303, 131 S. Ct. 1693 (2011); Ortiz v. N.Y.S. Parole in Bronx, N.Y., 586 F.3d 149, 156 (2d Cir. 2009), cert. denied, 562 U.S. 955, 131 S. Ct. 320 (2010); Dunlap v. Burge, 583 F.3d at 164; Davis v. Grant, 532 F.3d at 140; Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006), cert. denied, 549 U.S. 1215, 127 S. Ct. 1267 (2007); Henry v. Poole, 409 F.3d at 68; Howard v. Walker, 406 F.3d at 122; Rosa v. McCray, 396 F.3d 210, 219 (2d Cir.), cert. denied, 546 U.S. 889, 126 S. Ct. 215 (2005); Tueros v. Greiner, 343 F.3d at 591; Yung v. Walker, 341 F.3d at 109; DelValle v. Armstrong, 306 F.3d at 1200; Kennaugh v. Miller, 289 F.3d at 42; Loliscio v. Goord, 263 F.3d at 184; Lurie v. Wittner, 228 F.3d at 127-28.

[8]   Accord, e.g., Cullen v. Pinholster, 131 S. Ct. at 1399; Waddington v. Sarausad, 555 U.S. 179, 190, 129 S. Ct. 823, 831 (2009); Brown v. Payton, 544 U.S. at 141, 125 S. Ct. at 1439; Wiggins v. Smith, 539 U.S. at 520, 123 S. Ct. at 2534-35; Jackson v. Conway, 763 F.3d at 134-35; Evans v. Fischer, 712 F.3d at 133; Bierenbaum v. Graham, 607 F.3d at 48; Brisco v. Ercole, 565 F.3d 80, 87 (2d Cir.), cert. denied, 558 U.S. 1063, 130 S. Ct. 739 (2009); Jones v. West, 555 F.3d 90, 96 (2d Cir. 2009); Davis v. Grant, 532 F.3d at 140; Lynn v. Bliden, 443 F.3d 238, 246 (2d Cir. 2006), cert. denied, 549 U.S. 1257, 127 S. Ct. 1383 (2007); Howard v. Walker, 406 F.3d at 122; Parsad v. Greiner, 337 F.3d at 181.

"[t]he term 'unreasonable' is . . . difficult to define." <u>Williams</u> v. <u>Taylor</u>, 529 U.S. at 410, 120 S. Ct.

at 1522.  The Supreme Court made clear that "an <u>unreasonable</u> application of federal law is different

from an <u>incorrect</u> application of federal law."  <u>Id.</u>[9]  Rather, the issue is "whether the state court's

application of clearly established federal law was objectively unreasonable." <u>Williams</u> v. <u>Taylor</u>,

529 U.S. at 409, 120 S. Ct. at 1521.[10]  "Objectively unreasonable" is different from "clear error."

<u>Lockyer</u> v. <u>Andrade</u>, 538 U.S. at 75, 123 S. Ct. at 1175 ("The gloss of clear error fails to give proper

---

[9]     <u>See also</u>, <u>e.g.</u>, <u>Woods</u> v. <u>Donald</u>, 135 S. Ct. at 1376; <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. at 1411;
<u>Renico</u> v. <u>Lett</u>, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010); <u>Waddington</u> v. <u>Sarausad</u>,
555 U.S. at 190, 129 S. Ct. at 831; <u>Yarborough</u> v. <u>Alvarado</u>, 541 U.S. at 664, 124 S. Ct. at
2150; <u>Wiggins</u> v. <u>Smith</u>, 539 U.S. at 520, 123 S. Ct. at 2535; <u>Price</u> v. <u>Vincent</u>, 538 U.S. at
641, 123 S. Ct. at 1853 ("As we have explained: '[A] federal habeas court may not issue the
writ simply because that court concludes in its independent judgment that the state-court
decision applied [a Supreme Court case] incorrectly.'" (quoting <u>Woodford</u> v. <u>Visciotti</u>, 537
U.S. 19, 24-25, 123 S. Ct. 357, 360 (2002))); <u>Lockyer</u> v. <u>Andrade</u>, 538 U.S. at 75, 123 S. Ct.
at 1175; <u>Watson</u> v. <u>Greene</u>, 640 F.3d 501, 508 (2d Cir.), <u>cert. denied</u>, 132 S. Ct. 335 (2011);
<u>Dunlap</u> v. <u>Burge</u>, 583 F.3d at 165-66 (A "federal court might agree with a petitioner that the
relevant federal law should have been interpreted differently than the way it was interpreted
by the state court yet still conclude that the state court's application of the federal law was
not unreasonable."); <u>Brisco</u> v. <u>Ercole</u>, 565 F.3d at 87-88; <u>Jones</u> v. <u>West</u>, 555 F.3d at 96;
<u>Davis</u> v. <u>Grant</u>, 532 F.3d at 140; <u>Hawkins</u> v. <u>Costello</u>, 460 F.3d at 243; <u>Lynn</u> v. <u>Bliden</u>, 443
F.3d at 246; <u>Henry</u> v. <u>Poole</u>, 409 F.3d at 68; <u>Howard</u> v. <u>Walker</u>, 406 F.3d at 122; <u>Rosa</u> v.
<u>McCray</u>, 396 F.3d at 219; <u>Cox</u> v. <u>Donnelly</u>, 387 F.3d at 197; <u>Eze</u> v. <u>Senkowski</u>, 321 F.3d at
124-25; <u>DelValle</u> v. <u>Armstrong</u>, 306 F.3d at 1200 ("With regard to issues of law, therefore,
if the state court's decision was not an unreasonable application of, or contrary to, clearly
established federal law as defined by Section 2254(d), we may not grant habeas relief even
if in our judgment its application was erroneous.").

[10]    <u>Accord</u>, <u>e.g.</u>, <u>McDaniel</u> v. <u>Brown</u>, 558 U.S. 120, 132-33, 130 S. Ct. 665, 673 (2010);
<u>Yarborough</u> v. <u>Alvarado</u>, 541 U.S. at 664, 124 S. Ct. at 2150; <u>Wiggins</u> v. <u>Smith</u>, 539 U.S.
at 520-21, 123 S. Ct. at 2535; <u>Price</u> v. <u>Vincent</u>, 538 U.S. at 641, 123 S. Ct. at 1853; <u>Lockyer</u>
v. <u>Andrade</u>, 538 U.S. at 75, 123 S. Ct. at 1174-75; <u>Woodford</u> v. <u>Visciotti</u>, 537 U.S. at 25-27,
123 S. Ct. at 360-61; <u>Assadourian</u> v. <u>Brown</u>, 493 F. App'x at 224; <u>Watson</u> v. <u>Greene</u>, 640
F.3d at 508; <u>Portalatin</u> v. <u>Graham</u>, 624 F.3d at 79; <u>Dunlap</u> v. <u>Burge</u>, 583 F.3d at 165; <u>Davis</u>
v. <u>Grant</u>, 532 F.3d at 140; <u>Mosby</u> v. <u>Senkowski</u>, 470 F.3d 515, 519 (2d Cir. 2006), <u>cert.</u>
<u>denied</u>, 552 U.S. 836, 128 S. Ct. 75 (2007); <u>Hawkins</u> v. <u>Costello</u>, 460 F.3d at 243; <u>Lynn</u> v.
<u>Bliden</u>, 443 F.3d at 246; <u>Henry</u> v. <u>Poole</u>, 409 F.3d at 68; <u>Howard</u> v. <u>Walker</u>, 406 F.3d at 122;
<u>Cox</u> v. <u>Donnelly</u>, 387 F.3d at 197; <u>Eze</u> v. <u>Senkowski</u>, 321 F.3d at 125; <u>Ryan</u> v. <u>Miller</u>, 303
F.3d 231, 245 (2d Cir. 2002); <u>Loliscio</u> v. <u>Goord</u>, 263 F.3d at 184; <u>Lurie</u> v. <u>Wittner</u>, 228 F.3d
at 128-29.

deference to state courts by conflating error (even clear error) with unreasonableness."). This is a "'substantially higher threshold'" than incorrectness. Renico v. Lett, 559 U.S. at 773, 130 S. Ct. at 1862; accord, e.g., Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015) ("Because the highly deferential AEDPA standard applies, we may not overturn the [state court's] decision unless that court applied [clearly established federal law] 'in an "objectively unreasonable" manner.'"); White v. Woodall, 134 S. Ct. at 1702 ("And an unreasonable application of [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." (quotations omitted)); Knowles v. Mirzayance, 556 U.S. at 123, 129 S. Ct. at 1420.[11]  Federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S. 86, 101, 131 S. Ct. 770, 786 (2011); accord, e.g., Davis v. Ayala, 135 S. Ct. at 2199; Woods v. Donald, 135 S. Ct. at 1376; White v. Woodall, 134 S. Ct. at 1702 (A "'state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"); Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013); Metrish v. Lancaster, 133 S. Ct. 1781, 1786-87 (2013).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings.'"  Cullen v. Pinholster, 131 S. Ct. at 1398

---

[11]/ However, the Second Circuit has explained "that while '[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" Jones v. Stinson, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)); accord, e.g., Cornell v. Kirkpatrick, 665 F.3d 369, 375 (2d Cir. 2011); Brisco v. Ercole, 565 F.3d at 88; Jones v. West, 555 F.3d at 96; Brown v. Alexander, 543 F.3d 94, 100 (2d Cir. 2008) ("[W]e have observed that the 'unreasonable application' standard 'falls somewhere between merely erroneous and unreasonable to all reasonable jurists.'"); Davis v. Grant, 532 F.3d at 140; Lynn v. Bliden, 443 F.3d at 246; Henry v. Poole, 409 F.3d at 68; Howard v. Walker, 406 F.3d at 122; Rosa v. McCray, 396 F.3d at 219; Cox v. Donnelly, 387 F.3d at 197, 200-01; Yung v. Walker, 341 F.3d at 110; Eze v. Senkowski, 321 F.3d at 125; Ryan v. Miller, 303 F.3d at 245; Loliscio v. Goord, 263 F.3d at 184.

(citations omitted).[12]

"[T]he range of reasonable judgment can depend in part on the nature of the relevant rule." Yarborough v. Alvarado, 541 U.S. at 664, 124 S. Ct. at 2149.[13] "Even if the state court issued a decision 'contrary to' clearly established Supreme Court law, a petitioner 'cannot obtain relief . . . unless application of a correct interpretation of that [Supreme Court] decision leads to the conclusion that his rights were violated.'" Cousin v. Bennett, 511 F.3d 334, 339 (2d Cir.), cert.

---

[12]     Accord, e.g., Davis v. Ayala, 135 S. Ct. at 2198; Woods v. Donald, 135 S. Ct. at 1376; White v. Woodall, 134 S. Ct. at 1702 (AEDPA standard is "difficult to meet" (quotations omitted)); Burt v. Titlow, 134 S. Ct. 10, 16 (2013) ("AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."); Metrish v. Lancaster, 133 S. Ct. at 1787; Greene v. Fisher, 132 S. Ct. at 43; Contreras v. Artus, 778 F.3d 97, 106 (2d Cir. 2015); Jackson v. Conway, 763 F.3d at 135; Jean v. Greene, 523 F. App'x 744, 749 (2d Cir. 2013), cert. denied, 134 S. Ct. 701 (2015); Santone v. Fischer, 689 F.3d 138, 147 (2d Cir.), cert. denied, 133 S. Ct. 390 (2012).

[13]     The Supreme Court explained:

>        [T]he range of reasonable judgment can depend in part on the nature of the relevant rule.  If a legal rule is specific, the range may be narrow.  Applications of the rule may be plainly correct or incorrect.  Other rules are more general, and their meaning must emerge in application over the course of time.  Applying a general standard to a specific case can demand a substantial element of judgment.  As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

> Yarborough v. Alvarado, 541 U.S. at 664, 124 S. Ct. at 2149; accord, e.g.,White v. Woodall, 134 S. Ct. at 1705-06 (rejecting circuit cases that created an "unreasonable-refusal-to- extend rule"); Nevada v. Jackson, 133 S. Ct. at 1994; Parker v. Matthews, 132 S. Ct. at 2155 ("Particularly because the Darden standard is a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations,' the Sixth Circuit had no warrant to set aside the Kentucky Supreme Court's conclusion." (citation omitted)); Harrington v. Richter, 562 U.S. at 101, 131 S. Ct. at 786; Renico v. Lett, 559 U.S. at 776, 130 S. Ct. at 1864; Knowles v. Mirzayance, 556 U.S. at 123, 129 S. Ct. at 1420 (Where the Supreme Court "standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard."); Contreras v. Artus, 778 F.3d at 110; Jackson v. Conway, 763 F.3d at 135; Watson v. Greene, 640 F.3d at 508-09; Portalatin v. Graham, 624 F.3d at 79; Ortiz v. N.Y.S. Parole in Bronx, N.Y., 586 F.3d at 157; Dunlap v. Burge, 583 F.3d at 166; Hawkins v. Costello, 460 F.3d at 243.

denied, 553 U.S. 1096, 128 S. Ct. 2910 (2008) (citation omitted).

Under the AEDPA, in short, the federal courts "must give the state court's adjudication a high degree of deference." Yung v. Walker, 341 F.3d at 109; accord, e.g., Hardy v. Cross, 132 S. Ct. 490, 491 (2011); Cullen v. Pinholster, 131 S. Ct. at 1398; Felkner v. Jackson, 562 U.S. 594, 598, 131 S. Ct. 1305, 1307 (2011) (per curiam) ("On federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" (citation omitted)).[14] "[I]t is the petitioner's burden to demonstrate that the state court applied the relevant clearly established law to th[e] record in an objectively unreasonable manner." Acosta v. Artuz, 575 F.3d 177, 184 (2d Cir. 2009) (citations omitted); accord, e.g., Cullen v. Pinholster, 131 S. Ct. at 1398 ("The petitioner carries the burden of proof."); Georgison v. Donelli, 588 F.3d at 154. As the Supreme Court explained:

> If this standard is difficult to meet, that is because it was meant to be. . . . [§ 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, 562 U.S. at 102, 131 S. Ct. at 786-87; accord, Burt v. Titlow, 134 S. Ct. at 16.

Even where the state court decision does not specifically refer to either the federal claim or to relevant federal case law, the deferential AEDPA review standard applies.

---

[14] See also, e.g., Woods v. Donald, 135 S. Ct. at 1376; Renico v. Lett, 559 U.S. at 773, 130 S. Ct. at 1862; Bell v. Cone, 543 U.S. at 455, 125 S. Ct. at 853; Evans v. Fischer, 712 F.3d at 132 ("We focus on the state appellate court's decision and, for issues adjudicated on the merits in state court, we apply a 'highly deferential standard for evaluating state-court rulings.'"); Mosby v. Senkowski, 470 F.3d at 519.

> [D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.  And as this Court has observed, a state court need not cite or even be aware of [Supreme Court] cases under § 2254(d).  Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.

Harrington v. Richter, 562 U.S. at 98, 131 S. Ct. at 784 (citations to Sellan v. Kuhlman, 261 F.3d

at 312, & other cases omitted); accord, e.g., Johnson v. Williams, 133 S. Ct. 1088, 1094 (2013);

Cullen v. Pinholster, 131 S. Ct. at 1402; Bell v. Cone, 543 U.S. at 455, 125 S. Ct. at 853; Early v.

Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365 (2002) (state court not required to cite Supreme Court

cases, or even be aware of them, to be entitled to AEDPA deference, "so long as neither the

reasoning nor the result of the state-court decision contradicts them"); Grayton v. Ercole, 691 F.3d

165, 174 (2d Cir. 2012) ("Where, as here, 'a state court's decision is unaccompanied by an

explanation, the habeas petitioner's burden still must be met by showing there was no reasonable

basis for the state court to deny relief.'"), cert. denied, 134 S. Ct. 79 (2013); Wilson v. Mazzuca, 570

F.3d 490, 499 (2d Cir. 2009) ("Where, as here, 'a state court fails to articulate the rationale

underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal

court will focus its review on whether the state court's ultimate decision was an unreasonable

application of clearly established Supreme Court precedent.'").[15/]  "'[A] habeas court must determine

---

[15/]    See also, e.g., Grayton v. Ercole, 691 F.3d at 169-70 & n.3; Wade v. Herbert, 391 F.3d 135, 140, 142 (2d Cir. 2004) (Appellate Division held claim was "'without merit.'"  "Such a summary determination, even absent citation of federal case law, is a determination 'on the merits' and as such requires the deference specified by § 2254."  Moreover, "[i]f any reasonable ground was available [for the state court's decision], we must assume the [state] court relied on it."); Francolino v. Kuhlman, 365 F.3d 137, 141 (2d Cir.) (where "the Appellate Division concluded its opinion by stating that it had 'considered and rejected defendants' remaining claims,'" AEDPA deference applies), cert. denied, 543 U.S. 872, 125 S. Ct. 110 (2004); Jenkins v. Artuz, 294 F.3d 284, 291 (2d Cir. 2002) ("In Sellan, we found
(continued...)

what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court.'" <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. at 1402.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Harrington</u> v. <u>Richter</u>, 562 U.S. at 99, 131 S. Ct. at 784-85.

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. at 1398; <u>accord</u>, <u>e.g.</u>, <u>Ryan</u> v. <u>Gonzales</u>, 133 S. Ct. 696, 708 (2013); <u>Greene</u> v. <u>Fisher</u>, 132 S. Ct. at 44; <u>Jackson</u> v. <u>Conway</u>, 763 F.3d at 135.

Finally, in appropriate circumstances, "[i]f [the] court finds that the state court engaged in an unreasonable application of established law, resulting in constitutional error, it must next consider whether such error was harmless." <u>Howard</u> v. <u>Walker</u>, 406 F.3d at 122.

In addition to the standard of review of legal issues, the AEDPA provides a deferential review standard for state court factual determinations: "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); <u>accord</u>, <u>e.g.</u>, <u>Burt</u> v. <u>Titlow</u>, 134 S. Ct. at 15; <u>Lewis</u> v. <u>Conn. Comm'r of Corrs.</u>, 790 F.3d 109, 120 (2d Cir. 2015); <u>Williams</u> v. <u>Ercole</u>, 486 F. App'x 208, 211 (2d Cir.), <u>cert. denied</u>, 133 S. Ct. 635 (2012); <u>Bierenbaum</u>

---

<u>15/</u>    (...continued)
that an even more concise Appellate Division disposition-the word 'denied'-triggered AEDPA deference.").

v. Graham, 607 F.3d at 48; Lynn v. Bliden, 443 F.3d at 246-47; Rosa v. McCray, 396 F.3d at 220.

"The petitioner bears the burden of 'rebutting the presumption of correctness by clear and convincing

evidence.'" Parsad v. Greiner, 337 F.3d at 181 (quoting § 2254(e)(1)); accord, e.g., Burt v. Titlow,

134 S. Ct. at 15; Lewis v. Conn. Comm'r of Corrs., 790 F.3d at 120; Williams v. Ercole, 486 F.

App'x at 211; Bierenbaum v. Graham, 607 F.3d at 48 ("A state court's determination of a factual

issue is presumed to be correct, and may only be rebutted by clear and convincing evidence.");

Brown v. Alexander, 543 F.3d at 100; Lynn v. Bliden, 443 F.3d at 246-47.

## II.   THE STATE'S FAILURE TO HOLD A COMPETENCY OR EVIDENTIARY HEARING DID NOT DEPRIVE BEST OF DUE PROCESS

Best asserts that the trial court's failure to order a competency hearing was a violation

of his constitutional rights.  (Dkt. No. 1: Pet. ¶ 23; Dkt. No. 3: Best. Br. at 12.)  Best further asserts

that the sentencing court erred in failing to hold a hearing on his motion to withdraw his plea.  (Pet.

¶ 23.)   Based on these alleged failings, Best asserts that, "there is no 'affirmative showing on the

record' that [he] voluntarily waived his constitutional rights."  (Pet. ¶ 23.)

### A.   Legal Principles Governing Competency

A court must hold a competency hearing when there is "'reasonable ground' for

believing that the defendant may be incompetent to stand trial." Silverstein v. Henderson, 706 F.2d

361, 369 (2d Cir.), cert. denied, 464 U.S. 864, 104 S. Ct. 195 (1983).  While there are "no fixed or

immutable signs which invariably indicate the need for further inquiry to determine fitness to

proceed," the following factors have been found relevant: "evidence of a defendant's irrational

behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." Drope

v. Missouri, 420 U.S. 162, 180, 95 S. Ct. 896, 908 (1975).  "It is well-established that some degree

of mental illness cannot be equated with incompetence to stand trial." United States v. Vamos, 797

F.2d 1146, 1150-1151 (2d Cir. 1986), <u>cert. denied</u>, 479 U.S. 1036, 107 S. Ct. 888 (1987).  "The mental illness must deprive the defendant of the ability to consult with his lawyer 'with a reasonable degree of rational understanding' and to understand the proceedings against him rationally as well as factually."  <u>United States</u> v. <u>Nichols</u>, 56 F.3d 403, 412 (2d Cir. 1995) (citing <u>Dusky</u> v. <u>United States</u>, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960)).

In New York, C.P.L. § 730.30(1) requires a court to "issue an order of examination when it is of the opinion that the defendant may be an incapacitated person."  While New York law on competency determinations is different from federal law, it provides the "procedural protection" required under federal law.  <u>Silverstein</u> v. <u>Henderson</u>, 706 F.2d at 367.

### B.    <u>Application to Best's Plea</u>

Best's history of mental health disorders is documented (R.153-237), and treatment notes following his admission to RNDC the day prior to his plea indicate that he was not on medication (R. 202-03).  There is nothing in the evidence submitted by Best in support of his C.P.L. § 440.10 motion, which is the only material before the Court relevant to his mental health, to support a claim that his mental faculties were impaired to such a degree that he was incompetent to understand the charges against him or meaningfully participate in his defense at the time of his plea. (<u>See generally</u> R. 153-237: Best 440 Exs.)  For example, a report written by a mental health counselor three days after Best's plea hearing notes that Best's thought process was logical and relevant, and his judgment good, and that he asked "many questions about 'mental defect laws'" and how they could "help his case."  (R. 177: 1/16/10 Treatment Notes.)  Although Best informed the counselor that he previously was medicated, she noted that his medical records indicated otherwise. (1/16/10 Treatment Notes.)  Additionally, while Best was admitted for psychiatric care shortly thereafter for auditory hallucinations and delusional thoughts, even those notes indicate that he was

"cooperative" and "alert" with "relevant" and "goal directed" continuity of thought.  (R. 178-80: 1/18/10 Treatment Notes.)

Importantly, it is undisputed that this medical evidence was not before the court at the time of Best's plea or sentencing, and thus cannot be considered on habeas review.  See, e.g., United States v. Gabb, 80 F. App'x 142, 144-45 (2d Cir. 2003) ("[T]he question of competency and reasonable cause to doubt it must focus upon the defendant's abilities at the time of trial, not any conduct discovered or analyzed after the fact."); Harris v. Kuhlmann, 346 F.3d 330, 350 (2d Cir. 2003) ("Of course, '[i]t is axiomatic that in reviewing whether this obligation [to order a competency hearing] was properly discharged only evidence before the court at the time its decision was made is pertinent." (quoting Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992))); Medina v. McGinnis, 04 Civ. 2515, 2004 WL 2088578 at *15 (S.D.N.Y. Sept. 20, 2004) (Peck, M.J.) ("medical evidence [that] was not before the trial judge at the time of trial and/or sentencing . . . thus cannot be considered on habeas review"); Graham v. Portuondo, Nos. 03-MISC-0066, 01-CV-6911, 2003 WL 23185715 at *7 (E.D.N.Y. Oct. 30, 2003) (Weinstein, D.J.) ("In order to find abuse of discretion in failing to order a competency hearing, a reviewer must evaluate the record and evidence available to the trial judge."); United States v. Berger, 188 F. Supp. 2d 307, 325 (S.D.N.Y. 2002);  Collazo v. United States, 98 Civ. 7059, 1999 WL 335146 at *4-5 (S.D.N.Y. May 26, 1999).

This Court therefore looks to the information that was before Justice White at the time of Best's guilty plea.  Defense counsel's opinion as to defendant's competence or incompetence is an important factor to consider.  "[S]ince incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence." United States v. Vamos, 797 F.2d 1146, 1150 (2d Cir. 1986), cert. denied, 479 U.S.

1036, 107 S. Ct. 888 (1997); see, e.g., Drope v. Missouri, 420 U.S. 162, 177 n.13, 95 S. Ct. 896, 906

n.13 (1975) ("Although we do not, of course, suggest that courts must accept without question a

lawyer's representations concerning the competence of his client, . . . an expressed doubt in that

regard by one with 'the closest contact with the defendant' . . . is unquestionably a factor which

should be considered."); United States v. Ekeagwu, 369 F. App'x 252, 253 (2d Cir.), cert. denied,

560 U.S. 919, 130 S. Ct. 3308 (2010); United States v. Gabb, 80 F. App'x at 145-46; United States

v. Estrada, 59 F. App'x 372, 374 (2d Cir.), cert. denied, 540 U.S. 1012, 124 S. Ct. 552 (2003);

United States v. Quintieri, 306 F.3d 1217, 1233 (2d Cir. 2002), cert. denied, 539 U.S. 902, 123 S.

Ct. 2246 (2003); United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir.) (quoting Vamos), cert. denied,

516 U.S. 927, 116 S. Ct. 330 (1995); United States ex rel. Roth v. Zelker, 455 F.2d 1105, 1108 (2d

Cir.) (the "opinion of a defendant's attorney as to his ability to understand the nature of the

proceedings and to cooperate in the preparation of his defense, is indeed significant and probative."),

cert. denied, 408 U.S. 927, 92 S. Ct. 2512 (1972).[16/]

---

[16/]    See also, e.g., United States v. Day, 949 F.2d 973, 982 (8th Cir. 1991) (factors include "whether trial counsel questioned the defendant's competency before the court"); Griffin v. Lockhart, 935 F.2d 926, 930, 931 (8th Cir. 1986); Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir. 1991) ("While the opinion of [defendant's] counsel certainly is not determinative, a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings."); United States v. Renfroe, 825 F.2d 763, 767 (3d Cir. 1987) ("Other factors [besides the factors listed in Drope] relevant to the [competency] determination may include an attorney's representation about his client's competency."); Alexis v. Griffin, 11 Civ. 5010, 2014 WL 3545583 at *18 (S.D.N.Y. July 18, 2014), report & rec. adopted, 2014 WL 5324320 (S.D.N.Y. Oct. 20, 2014); Lopez v. Walker, 239 F. Supp. 2d 368, 374 (S.D.N.Y. 2003) ("[G]iven the frequency and nature of contact between attorney and client, an attorney has perhaps the greatest opportunity to notice any behavior that might signify incompetence in his client.  Thus, defense counsel's inaction with regard to his client's competency is particularly strong evidence of defendant's mental state."); People v. Morgan, 87 N.Y.2d 878, 880, 638 N.Y.S.2d 942, 943-44 (1995) (counsel's opinion is a factor but it does not "serve as an automatic substitute for the court's statutory discretion"); People v. Gelikkaya, 84 N.Y.2d 456, 460, 618 N.Y.S.2d 895, 897 (1994) (noting that "defense counsel . . . was (continued...)

22

While counsel at Best's plea hearing indicated that Best raised the question of whether he had a possible mental illness defense to the charge (see page 2 above), counsel never requested a competency hearing or suggested that Best was not competent to enter a plea.  Best participated actively in his plea proceeding, and had ample opportunity to discuss his case with counsel (including counsel's supervisor).  (See pages 2-4 above.)

Additionally, Justice White made clear in denying Best's C.P.L. § 440.10 motion that she had no reason to question Best's competency.  Justice White observed Best at the plea hearing as well as at his December 15, 2008 and March 2009 arraignment, plea hearing and sentencing on an unrelated felony conviction.  (See Pet. Ex. 7.)  Justice White noted that "a defendant is presumed competent" and found that Best "voluntarily abandoned" any viable defense he might have had to obtain "a favorable plea."  (Justice White 440 Opinion at 8-9.)  Justice White's determination appropriately was based on her observations of Best and his interaction with counsel (and the court) over the course of multiple court appearances.  (Justice White 440 Opinion at 8-9.)  See, e.g., United States v. Hung Fung Mar, 409 F. App'x 467, 469 (2d Cir. 2011); United States v. Zhou, 428 F.3d 361, 379 (2d Cir. 2005); Woodley v. Griffin, 13 Civ. 5541, 2015 WL 4897552 at *11 (S.D.N.Y. Aug. 17, 2015) ("The trial court had the benefit of actually observing petitioner's conduct, manner, and responsiveness to questions. . . .  On habeas review, the district court must defer to the trial court's factual determinations, including determinations of competency, unless the petitioner brings clear and convincing evidence to the contrary."); Collazo v. United States, 98 Civ. 7059, 1999 WL 335146 at *4 (S.D.N.Y. May 26, 1999) ("A court's determination that a defendant is competent may be based on . . . the court's own observations of the defendant, even where there is evidence of the

---

16/       (...continued)
          in the best position to assess defendant's capacity").

defendant's low intelligence, prior history of heavy drug use, lapses of memory, and unresponsiveness."); People v. Tortorici, 92 N.Y.2d 757, 765, 686 N.Y.S.2d 346, 350 (1999) (A "defendant's history of psychiatric illness does not in itself call into question defendant's competence to stand trial.").

"[D]eference is owed to the [trial] court's determinations based on observation of the defendant during the [pretrial and trial] proceedings." United States v. Vamos, 797 F.2d at 1150; see also, e.g., United States v. Gabb, 80 F. App'x at 145; Harris v. Kuhlmann, 346 F.3d at 355; United States v. Quintieri, 306 F.3d at 1233; United States v. Nichols, 56 F.3d at 414; United States v. Kirsh, 54 F.3d at 1070 (trial court's "view of the defendant's competency based on its observations at trial is entitled to deference"); United States v. Oliver, 626 F.2d 254, 259 (2d Cir. 1980) (trial judge "justifiably relied on his extended observations of [the defendant] in deciding that he had sufficient mental capacity to stand trial").

Finally, this Court must review Justice White's determination under the deferential AEDPA review standard.  The Court cannot say that Justice White's determination that there was no evidence requiring her to sua sponte order a competency hearing was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," as required by the AEDPA, 28 U.S.C. § 2254(d)(2), nor an unreasonable application of clearly established Supreme Court precedent, 28 U.S.C. § 2254(d)(1).  See, e.g., Harris v. Kuhlmann, 346 F.3d at 355 ("Considering all of the evidence before the state trial court at the time of the October 17, 1984 hearing, we cannot conclude that it was objectively unreasonable for the court to have denied Harris's motion for a competence hearing."); Woodley v. Griffin, 2015 WL 4897552 at *11 ("[T]his court cannot say that the state court's refusal to order a competency examination was objectively unreasonable in light of the court's personal observations of petitioner and his previous

behavior."); <u>Ross</u> v. <u>Superintendent</u>, No. 10-CV-00147, 2013 WL 2128808 at *7 (E.D.N.Y. May 15, 2013) ("Petitioner's participation at the plea proceedings and his consultation with counsel demonstrate that he understood the nature and purpose of the plea proceeding and was both able to consult with his counsel and assist in preparing his defense."); <u>Armstrong</u> v. <u>Duncan</u>, 03 Civ. 930, 03 Civ. 1242, 2003 WL 22339490 at *8-9 (S.D.N.Y. Oct. 14, 2003) ("'The determination of whether reasonable doubt exists as to a defendant's fitness to stand trial . . . has generally been held to be an issue of fact entitled to deference by a federal habeas corpus court.' . . . In light of the trial court's 'superior opportunity' to observe the Petitioner in court, . . . the contents of the psychiatric reports, and defense counsel's own failure to raise concerns about Petitioner's competency, this Court cannot say that the state court unreasonably applied federal law in determining that Petitioner was fit to stand trial."); <u>Lopez</u> v. <u>Walker</u>, 239 F. Supp. 2d at 375 ("The determination of competency is an issue of fact, entitled to deference upon federal habeas review."); <u>Bisnett</u> v. <u>Kelly</u>, 221 F. Supp. 2d 373, 388 (E.D.N.Y. 2002) (Raggi, D.J.).

Accordingly, habeas relief should be denied on this claim.

## III.   BEST'S CLAIM THAT HIS GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY IS WITHOUT MERIT

Best asserts that his guilty plea was not knowing and voluntary.  (Dkt. No. 1: Pet. ¶ 22; <u>see also</u> Dkt. No. 3: Best Br. at 11-12, 15; Dkt. No. 14: Best Reply Br. at 2-3.)

### A.   <u>Legal Principles Governing Guilty Pleas</u>

Constitutional due process requires that a guilty plea be voluntary, knowing, and intelligent.  <u>E.g.</u>, <u>Bradshaw</u> v. <u>Stumpf</u>, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (2005); <u>United States</u> v. <u>Ruiz</u>, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455 (2002); <u>Bousley</u> v. <u>United States</u>, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998); <u>Mabry</u> v. <u>Johnson</u>, 467 U.S. 504, 508, 104 S. Ct. 2543,

2546-47 (1984); Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); Boykin

v. Alabama, 395 U.S. 238, 242-43 & n.5, 89 S. Ct. 1709, 1711-12 & n.5 (1969).[17/]

"The standard for determining the validity of a guilty plea is 'whether the plea

represents a voluntary and intelligent choice among the alternative courses of action open to the

defendant.'" Urena v. People of the State of N.Y., 160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001)

(Weinstein, D.J.) (quoting Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992)). A plea is

involuntary where the defendant did not have "'knowledge of the nature of the constitutional

protections he will forgo by entering his plea.'" Marcelin v. Garvin, 97 Civ. 2996, 1999 WL 977221

at *5 (S.D.N.Y. Oct. 26, 1999) (Peck, M.J.) (quoting Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.),

cert. denied, 479 U.S. 805, 107 S. Ct. 248 (1986)). "A plea is 'intelligent' and 'voluntary' when a

defendant had the advice of counsel, understood the consequences of his plea and the plea was not

physically or mentally coerced." Heron v. People, 98 Civ. 7941, 1999 WL 1125059 at *5 (S.D.N.Y.

Dec. 8, 1999); see, e.g., United States v. Doe, 537 F.3d 204, 211 (2d Cir. 2008) ("[T]he Supreme

Court has instructed that, with regard to voluntariness, a guilty plea 'must stand unless induced by

threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled

or unfulfillable promises), or perhaps by promises that are by their nature improper as having no

proper relationship to the prosecutor's business (e.g. bribes).'"); Miller v. Angliker, 848 F.2d 1312,

1320 (2d Cir.) ("[A] plea is deemed 'intelligent' if the accused had the advice of counsel and

understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed

'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing

---

[17/]   See also, e.g., United States v. Adams, 448 F.3d 492, 497-98 (2d Cir. 2006); Hanson v.
Phillips, 442 F.3d 789, 798 (2d Cir. 2006); Wilson v. McGinnis, 413 F.3d 196, 198-99 (2d
Cir. 2005); Innes v. Dalsheim, 864 F.2d 974, 977 (2d Cir. 1988), cert. denied, 493 U.S. 809,
110 S. Ct. 50 (1989).

26

the defendant's will, or the defendant's sheer inability to weigh his options rationally."), cert. denied, 488 U.S. 890, 109 S. Ct. 224 (1988).[18/]

        A "'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats, misrepresentations, or perhaps by promises that are by their nature improper.'"  Bousley v. United States, 523 U.S. at 619, 118 S. Ct. at 1609 (ellipses omitted) (quoting Brady v. United States, 397 U.S. at 755, 90 S. Ct. at 1472)).[19/]

---

[18/]   See also, e.g., Mansour v. United States, 14 Civ. 6099, 2015 WL 1573327 at *5 (S.D.N.Y. Apr. 9, 2015); Vere v. Haggett, 08 Civ. 10852, 2015 WL 1026310 at *8 (S.D.N.Y. Mar. 9, 2015); White v. Walker, No. 01-CV-0238, 2007 WL 169702 at *11 (N.D.N.Y. Jan. 18, 2007) (quoting Heron); Jones v. Perlman, 05 Civ. 5338, 2006 WL 490055 at *1 (S.D.N.Y. Feb. 28, 2006) (Lynch, D.J.) ("The Supreme Court has held that a guilty plea is intelligent and voluntary when the defendant had the advice of counsel, understood the consequences of the plea, and was not physically or mentally coerced."); Bastien v. William, 03 Civ. 5749, 2004 WL 2978283 at *4 (S.D.N.Y. Dec. 20, 2004); France v. Strack, No. 99-CV-2510, 2001 WL 135744 at *3 (E.D.N.Y. Jan. 30, 2001) ("Pleading guilty to avoid a more severe sentence does not in itself qualify as involuntary because the plea can nonetheless be the 'product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.'"); Ramirez v. Headley, 98 Civ. 2603, 1998 WL 788782 at *5 (S.D.N.Y. Nov. 10, 1998); Martuzas v. Reynolds, 983 F. Supp. 87, 94 (N.D.N.Y. 1997) (Pooler, D.J.); Phan v. McCoy, No. 94-CV-1596, 1997 WL 570690 at *6 (N.D.N.Y. Aug. 28, 1997) (Pooler, D.J.) ("The mere fact that a defendant pleaded guilty solely to limit his possible penalty does not make that plea involuntary."); United States v. Millan-Colon, 829 F. Supp. 620, 635 (S.D.N.Y. 1993), aff'd, 17 F.3d 14 (2d Cir. 1994).

[19/]   Accord, e.g., Mabry v. Johnson, 467 U.S. at 509, 104 S. Ct. at 2547; United States v. Evans, 537 F. App'x 10, 11 (2d Cir. 2013) ("Indeed, the Supreme Court has instructed that, with regard to voluntariness, a guilty plea 'must stand unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" (quotations omitted)), cert. denied, 135 S. Ct. 304 (2014); United States v. Doe, 537 F.3d at 211; McMahon v. Hodges, 382 F.3d 284, 290 (2d Cir. 2004); United States v. Rossillo, 853 F.2d 1062, 1064 (2d Cir. 1988); Freeman v. Brown, 10 Civ. 996, 2014 WL 3427298 at *10 (S.D.N.Y. July 14, 2014); Gervais v. United States, No. 08-CV-22, 2008 WL 1994944 at *5 (E.D.N.Y. May 5, 2008) (Weinstein, D.J.); Davila v. United States, No. 07-CV-1320, 2008 WL 906691 at *11 (E.D.N.Y. Mar. 31, 2008) (Weinstein, D.J.); King v. Cunningham, 442 F. Supp. 2d 171, 183 (S.D.N.Y. 2006); Smith v. Burge, 03 Civ.8648, 2005 WL 78583 at *13 (S.D.N.Y. Jan. 12, 2005); Marcelin v. Garvin, 1999 WL 977221 at *5; Smylis v. City of N.Y., 25 F. Supp. 2d
(continued...)

"'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'"  Bousley v. United States, 523 U.S. at 621, 118 S. Ct. at 1610 (quoting Mabry v. Johnson, 467 U.S. at 508, 104 S. Ct. at 2546-47); accord, e.g., Bradshaw v. Stumpf, 545 U.S. at 186, 125 S. Ct. at 2407.[20/]

"As the Supreme Court has noted, statements made at plea allocutions carry a strong presumption of verity and constitute a formidable barrier in any subsequent collateral proceeding." Marcelin v. Garvin, 1999 WL 977221 at *7 (quotations omitted, quoting, inter alia, Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); accord, e.g., United States v. Cabrera, 563 F. App'x 861, 863 (2d Cir. 2014) ("A defendant's statements during the plea colloquy are not to be taken lightly because '[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" (quoting Blackledge v. Allison, 431 U.S. at 74, 97 S. Ct. at 1629)); United States v. Grzybek, 283 F. App'x 843, 845 (2d Cir. 2008) ("It is well established that '[a] criminal defendant's self-inculpatory statements made under oath at this plea allocution carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them.'" (citation omitted)); United States v. Laano, 58 F. App'x 859, 861 (2d Cir. 2003) ("A defendant who

---

[19/]   (...continued)
461, 465 (S.D.N.Y. 1998); see also, e.g., Willbright v. Smith, 745 F.2d 779, 780-81 (2d Cir. 1984).

[20/]   See, e.g., Davis v. United States, 13 Civ. 5400, 2015 WL 4111311 at *7 (S.D.N.Y. June 26, 2015); Barnes v. Ercole, 09 Civ. 2530, 2011 WL 1453924 at *3 (S.D.N.Y. Apr. 14, 2011); Isaza v. United States, 04 Civ. 6096, 2008 WL 1849170 at *3 (S.D.N.Y. Apr. 24, 2008); Groppi v. United States, 05 Civ. 7058, 2006 WL 416393 at *3 (S.D.N.Y. Feb. 17, 2006); Grullon v. United States, 98 Cr. 524, 04 Civ. 5766, 2006 WL 20498 at *1 (S.D.N.Y. Jan. 4, 2006); Marcelin v. Garvin, 1999 WL 977221 at *6.

offers a claim of innocence to substantiate altering his plea must overcome 'the strong presumption of verity that attaches to his admissions of guilt at his plea allocution.'").[21/]

### B.    Best's Plea Was Knowing and Voluntary

The record indicates that Best's plea was "'a voluntary and intelligent choice among the alternative courses of action open . . . .'"  Urena v. People of the State of N.Y., 160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001) (quoting Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992)). Best's claim to the contrary is belied by his representations in open court and active participation in the proceedings.  Prior to pleading guilty, Best requested and was allowed additional time to discuss the plea with counsel and a supervisor from counsel's office.  (See pages 2-3 above.)  Upon returning to open court later that day, Best's counsel indicated that Best wished to withdraw his previous plea of not guilty and enter a guilty plea.  (See page 3 above.)  In exchange, Best's counsel requested that the court consider a reduced sentence, which Justice White stated she would not do.  (See page 2 above.)  Counsel indicated Best's desire to put forth a mental disease or defect defense, to which Justice White replied that the case was trial ready, and would proceed to trial unless Best was prepared to enter a guilty plea.  (See pages 2-3 above.)  Best requested an opportunity to speak, and

---

[21/]    See, e.g., Adames v. United States, 171 F.3d 728, 732-33 (2d Cir. 1999) (statements at plea allocution "'carry a strong presumption of verity' . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them" (citing cases)); Wyatt v. United States, No. 10-CV-5264, 2015 WL 1514385 at *6 (E.D.N.Y. Mar. 31, 2015); Khan v. United States, 11 Civ. 7613, 07 Cr. 711, 2014 WL 2111677 at *7 (S.D.N.Y. Apr. 28, 2014); United States v. Paredes-Acevedo, 04 Cr. 363, 2008 WL 2743208 at *2 (S.D.N.Y. June 23, 2008) ("The defendant's statements . . . under oath at his plea allocution carry a strong presumption of verity . . . ." (quotations omitted)); United States v. Caesar, 94 Cr. 59, 1995 WL 312443 at *3 (S.D.N.Y. May 23, 1995) ("The Court notes that statements made during a plea allocution carry a strong presumption of verity.  Such statements are conclusive absent credible reason justifying departure from their apparent truth." (citations & quotations omitted)); United States v. Napolitano, 212 F. Supp. 743, 747 (S.D.N.Y. 1963) (Weinfeld, D.J.) ("The defendant's admissions . . . [at guilty plea] are solemn declarations; they are not to be lightly disregarded in favor of his present self-serving assertion . . .").

29

Justice White responded, "I have been thinking about this case for 10 months. . . .  So that is the offer. . . .  So either take [the offer]; if you don't we'll get the case to trial."  (See page 3 above.) Following that exchange, Best decided to enter a guilty plea.  (See page 3 above.)

During the plea colloquy, Justice White asked Best (1) whether he wished to plead guilty to attempted first degree assault; (2) whether he struck the victim in the head with a bottle and then repeatedly punched and kicked him; (3) whether he intended to cause serious physical injury; (4) if he understood that he was giving up his right to a jury trial; (5) if he knew that at trial he would have the opportunity to confront and cross examine witnesses, and remain silent if he chose; (6) if he understood that he was being offered a sentence of eight years imprisonment in exchange for his guilty plea; and (7) whether he was pleading guilty voluntarily.  (See pages 3-4 above.)  Best answered each of these questions with "yes ma'am," indicating that he was pleading guilty because he was guilty, that he understood the proceedings, and was pleading guilty voluntarily.  (See pages 3-4 above.)  Best has not provided evidence that would allow the Court to overlook his sworn statements that he was pleading guilty of his own volition and understood the rights waived thereby.[22/]  Best's plea was knowing and voluntary (see cases cited at pages 27-28 above), and habeas relief should be denied on this claim.

## IV.   BEST'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS WITHOUT MERIT

Best claims that his counsel was ineffective for failing to investigate his history of mental illness and for failing to zealously advocate for him when he sought to assert a defense of not guilty by reason of mental disease or defect.  (Dkt. No. 1: Pet. ¶¶ 20-21; see also Dkt. No. 3:

---

[22/]   It would have been helpful, of course, if Justice White had asked Best some additional questions about his competency, but it is not the federal court's habeas role to supervise the state courts.

Best Br. at 9-11; Dkt. No. 14: Best Reply Br. at 3-5).

    Best is barred from raising his ineffective assistance of counsel claim because he waived it by pleading guilty.

    In Tollett v. Henderson, the Supreme Court reversed a grant of habeas relief, holding:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973). "The focus of a federal habeas inquiry in a case involving a guilty plea is 'the voluntariness of the plea, not the existence . . . of an antecedent constitutional infirmity.' Consequently, an unconditional guilty plea waives all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of the plea."[23/] Canal v. Donelli, No. 06-CV-1490, 2008 WL 4287385 at *3

---

[23/]  "There is an exception to the Tollett rule where state law permits defendants to appeal certain claims even after pleading guilty." Vasquez v. Parrott, 397 F. Supp. 2d 452, 463 n.5 (S.D.N.Y. 2005) (citing Lefkowitz v. Newsome, 420 U.S. 283, 289-90, 95 S. Ct. 886, 889-90 (1975)). In Lefkowitz v. Newsome, the Supreme Court held that the petitioner's claim of an alleged unconstitutional search and seizure was not barred by his guilty plea because New York law permits a defendant to appeal suppression claims after pleading guilty. Lefkowitz v. Newsome, 420 U.S. at 290, 95 S. Ct. at 889-90; see C.P.L. § 710.70(2) ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty."). The Lefkowitz v. Newsome exception does not apply here because New York law does not permit a defendant to appeal ineffective assistance of counsel claims relating to events prior to the plea that do not impact the voluntariness of the plea. See, e.g., Rodriguez v. Conway, 07 Civ. 9863, 2009 WL 636503 at *19 n.29 (S.D.N.Y. Mar. 13, 2009) (Peck, M.J.), report & rec. adopted, 2009 WL 3094939 (S.D.N.Y. Sept. 28, 2009); Vasquez v. Parrott, 397 F. Supp. 2d at 463 n.5 ("The Lefkowitz exception does not apply here, because claims of ineffective assistance of counsel relating to events prior to the plea that do not impact the voluntariness of the plea do not survive a guilty plea."); People v. Petgen, 55 N.Y.2d 529, 534-35, 450 N.Y.S.2d 299, 301 (1982) ("Nor does defendant's assertion in this case that he was denied effective assistance of counsel survive his plea.

(continued...)

(N.D.N.Y. Sept. 17, 2008) (quoting Tollett; citation omitted; citing cases); see, e.g., United States v. Blocker, 269 F. App'x 117, 120 (2d Cir. 2008) (Petitioner "waived his ineffectiveness claim by pleading guilty to the drug possession charge . . . .  By virtue of that plea, [petitioner] waived any constitutional challenges to the drug possession charge that he may have had prior to entering into the plea, barring a challenge to the voluntary or intelligent nature of the plea itself."); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (On direct appeal, "declin[ing] to address [defendant]'s argument that his counsel was constitutionally ineffective by failing to interview and call certain witnesses at a pretrial suppression hearing. A defendant who 'pleads guilty unconditionally while represented by counsel may not assert independent claims relating to [the deprivation of constitutional rights that occurred] prior to the entry of the guilty plea.'") (brackets in original); United States v. Coffin, 76 F.3d 494, 498 (2d Cir.)  (Defendant's "guilty plea effectively waived all ineffective assistance claims relating to events prior to the guilty plea."), cert. denied, 517 U.S. 1147, 116 S. Ct. 1445 (1996); Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989) ("The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings."); Venkataram v. United States, 06 Cr. 102, 2013 WL 5298461 at *4 (S.D.N.Y. Sept. 20, 2013) ("a plea unconditionally waives all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of the plea."); Rodriguez v. Conway, 2009 WL 636503 at *19-20; Giles v. Giambruno,

---

23/     (...continued)
There is no suggestion that, aside from the asserted default of the first attorney in failing to make a suppression motion, the acceptance of the plea was infected by any ineffective assistance of counsel. . . . [I]t cannot be said that any ineffective assistance of counsel vitiated defendant's plea of guilty premised as it was on advice of counsel (as to which there is now no suggestion of incompetency) comprehending, inter alia, the very claims of ineffective assistance of counsel that defendant now urges on us.").

No. 04-CV-779, 2007 WL 2859769 at *7 (W.D.N.Y. Sept. 26, 2007) (A "petitioner's unconditional guilty plea waives all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of the plea."); Sullivan v. Goord, No. 05-CV-6060, 2007 WL 2746900 at *4 (W.D.N.Y. Sept. 19, 2007) (Petitioner's "claims of ineffectiveness ascribed to [his first] attorney . . . are barred under Tollett v. Henderson because the substance of those claims do not relate to the voluntariness of [petitioner's] plea or the advice he received with regard to pleading guilty.").[24/]

    Best pled guilty to the crime of first degree attempted assault.  (See pages 3-4 above.) Best's claim that his counsel was ineffective for failing to investigate his mental health and advocate for him when "he sought to assert a defense of not guilty by reason of mental disease or defect" (Pet. ¶ 20-21) relate to events prior to his plea. As Best's claims do not relate to the voluntariness of his plea, they are foreclosed.  See, e.g., Hill v. United States, 11 Cr. 145, 2014 WL 104565 at *7 (S.D.N.Y. Jan. 7, 2014) (ineffective assistance as to counsel's alleged failure to investigate waived by defendant's guilty plea); Harris v. Hulihan, 11 Civ. 3019, 2012 WL 5265624 at *10 (S.D.N.Y. Aug. 8, 2012), report & rec. adopted, 2012 WL 5266175 (S.D.N.Y. Oct. 23, 2012); Gathers v. New

---

[24/]  See also, e.g., Schwartz v. Connell, 05 Civ. 10305, 2006 WL 3549660 at *4 (S.D.N.Y. Dec.6, 2006) (applying to a  habeas petition the Second Circuit's "'settled rule . . . that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings'" and the Second Circuit's application of this rule "to ineffective assistance of counsel claims directed at defense counsel's legal errors"); Clendinen v. Unger, 05 Civ. 7657, 2006 WL 2465176 at *5 (S.D.N.Y. Aug. 22, 2006); Valentine v. Lord, 03 Civ. 4834, 2006 WL 1997708 at *6 (S.D.N.Y. July 18, 2006) (A "petitioner's guilty plea effectively waives all ineffective assistance claims prior to the plea that do not affect the voluntariness of the plea."); Vasquez v. Parrott, 397 F. Supp. 2d at 463 ("The petitioner's unconditional guilty plea waived all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea."); Pryor v. McCoy, No. 96-CV-1810, 1997 WL 436809 at *1 (N.D.N.Y. July 25, 1997) (Pooler, D.J.) ("An unconditional guilty plea . . . waives ineffective assistance of counsel claims except as they relate to the voluntary nature of a plea.").

York, No. 11-CV-1684, 2012 WL 71844 at *8 (E.D.N.Y. Jan. 10, 2012) ("Conclusory allegations that an attorney failed to conduct a complete investigation are insufficient to establish an ineffectiveness claim."); see also case cited at pages 30-32 above.

Because Best's guilty plea resolved the question of his factual guilt, the only remaining constitutional claim meriting consideration is the voluntariness of his plea, which the Court has addressed above.  (See Point III above.)  Nevertheless, as Best claims that his plea was not knowing and voluntary because of counsel's ineffectiveness relating to Best's mental capacity, the Court further analyzes counsel's performance with respect to Best's guilty plea.

### A.    The Strickland v. Washington Standard On Ineffective Assistance Of Counsel

In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court announced a two-part test to determine if counsel's assistance was ineffective:  "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687, 104 S. Ct. at 2064.[25/]  This performance is to be judged by an objective standard of reasonableness.  Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. at 2064.[26/]  The "'purpose of the effective assistance guarantee of the Sixth Amendment is . . . simply to ensure that criminal defendants receive a fair trial.'  Thus, '[t]he benchmark for judging any claim

---

[25/]    Accord, e.g., Harrington v. Richter, 562 U.S. 86, 104, 131 S. Ct. 770, 787 (2011); Premo v. Moore, 562 U.S. 115, 121-22, 131 S. Ct. 733, 739 (2011); Wiggins v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003); Rivas v. Fischer, 780 F.3d 529, 546 & n.27 (2d Cir. 2015); Jackson v. Conway, 763 F.3d 115, 152-53 (2d Cir. 2014), cert. denied, 135 S. Ct. 1560 (2015); Bell v. Miller, 500 F.3d 149, 156-57 (2d Cir. 2007); Henry v. Poole, 409 F.3d 48, 62-63 (2d Cir. 2005), cert. denied, 547 U.S. 1040, 126 S. Ct. 1622 (2006).

[26/]    Accord, e.g., Harrington v. Richter, 562 U.S. at 104, 131 S. Ct. at 787; Wiggins v. Smith, 539 U.S. at 521, 123 S. Ct. at 2535; Bell v. Cone, 535 U.S. 685, 695, 122 S. Ct. 1843, 1850 (2002); Lopez v. Ercole, 588 F. App'x 39, 40 (2d Cir. 2014); Jackson v. Conway, 763 F.3d at 152; Henry v. Poole, 409 F.3d at 63.

of ineffectiveness must be whether counsel's conduct <u>so undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u> v. <u>Washington</u>, 466 U.S. at 686, 689, 104 S. Ct. at 2063, 2065) (citation omitted).

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction . . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . .  [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

<u>Strickland</u> v. <u>Washington</u>, 466 U.S. at 689, 104 S. Ct. at 2065 (citation omitted).[27/]  Ineffective assistance claims "are quite often the law's equivalent of 'buyer's remorse' or 'Monday morning quarterbacking' . . . .  Decisions by criminal defense counsel are often choices among bad alternatives . . . ." <u>Mui</u> v. <u>United States</u>, 614 F.3d 50, 57 (2d Cir. 2010); <u>accord</u>, <u>e.g.</u>, <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. at 1403; <u>Harrington</u> v. <u>Richter</u>, 562 U.S. at 105, 131 S. Ct. at 788 ("It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'"). Petitioner's "burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." <u>Harrington</u> v. <u>Richter</u>, 562 U.S. at 104, 131 S. Ct. at 787 (quotations omitted).

---

[27/]  <u>Accord</u>, <u>e.g.</u>, <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. at 1403; <u>Harrington</u> v. <u>Richter</u>, 562 U.S. at 105, 131 S. Ct. at 787-88; <u>Bell</u> v. <u>Cone</u>, 535 U.S. at 698, 122 S. Ct. at 1852; <u>Bierenbaum</u> v. <u>Graham</u>, 607 F.3d 36, 50-51 (2d Cir. 2010), <u>cert. denied</u>, 562 U.S. 1303, 131 S. Ct. 1693 (2011); <u>Rivas</u> v. <u>Fischer</u>, 780 F.3d at 547; <u>Lopez</u> v. <u>Ercole</u>, 588 F. App'x at 40-41; <u>Jackson</u> v. <u>Conway</u>, 763 F.3d at 153; <u>Bell</u> v. <u>Miller</u>, 500 F.3d at 156-57; <u>Henry</u> v. <u>Poole</u>, 409 F.3d at 63; <u>Aparicio</u> v. <u>Artuz</u>, 269 F.3d 78, 95 (2d Cir. 2001); <u>Sellan</u> v. <u>Kuhlman</u>, 261 F.3d 303, 315 (2d Cir. 2001).

Second, the defendant must show prejudice from counsel's performance.  Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. at 2064; accord, e.g., Cullen v. Pinholster, 131 S. Ct. at 1403; Lopez v. Ercole, 588 F. App'x at 40; Jackson v. Conway, 763 F.3d at 153.  The "question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Strickland v. Washington, 466 U.S. at 695, 104 S. Ct. at 2068-69.  Put another way, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.[28/]

The Supreme Court has counseled that these principles "do not establish mechanical

---

[28/]  See also, e.g., Cullen v. Pinholster, 131 S. Ct. at 1403; Harrington v. Richter, 562 U.S. at 104, 131 S. Ct. at 787; Wiggins v. Smith, 539 U.S. at 534, 123 S. Ct. at 2542; Bell v. Cone, 535 U.S. at 695, 122 S. Ct. at 1850; Lopez v. Ercole, 588 F. App'x at 40; Jackson v. Conway, 763 F.3d at 153; Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006), cert. denied, 552 U.S. 836, 128 S. Ct. 75 (2007); Henry v. Poole, 409 F.3d at 63-64; Aparicio v. Artuz, 269 F.3d at 95; Sellan v. Kuhlman, 261 F.3d at 315; DeLuca v. Lord, 77 F.3d 578, 584 (2d Cir.), cert. denied, 519 U.S. 824, 117 S. Ct. 83 (1996).

"A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. at 2068; accord, e.g., Cullen v. Pinholster, 131 S. Ct. at 1403; Harrington v. Richter, 562 U.S. at 104, 131 S. Ct. at 787; Wiggins v. Smith, 539 U.S. at 534, 123 S. Ct. at 2542; Bierenbaum v. Graham, 607 F.3d at 51.  The phrase "reasonable probability," despite its language, should not be confused with "'more likely than not.'"  Strickler v. Greene, 527 U.S. 263, 289-91, 119 S. Ct. 1936, 1952-53 (1999); accord, e.g., Harrington v. Richter, 562 U.S. at 112, 131 S. Ct. at 792; Kyles v. Whitley, 514 U.S. 419, 434, 115 S. Ct. 1555, 1565-66 (1995); Nix v. Whiteside, 475 U.S. 157, 175, 106 S. Ct. 988, 998 (1986) ("[A] defendant need not establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under Strickland."); Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. at 2068 ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.").  Rather, the phrase "reasonable probability" seems to describe a fairly low standard of probability, albeit somewhat more likely than a "reasonable possibility."  Strickler v. Greene, 527 U.S. at 291, 119 S. Ct. at 1953; cf. id. at 297-301, 119 S. Ct. at 1955-58 (Souter, J., concurring & dissenting) (arguing that any difference between "reasonable probability" and "reasonable possibility" is "slight").

rules." <u>Strickland</u> v. <u>Washington</u>, 466 U.S. at 696, 104 S. Ct. at 2069. The focus of the inquiry should be on the fundamental fairness of the trial and whether, despite the strong presumption of reliability, the result is unreliable because of a breakdown of the adversarial process. <u>Id.</u>

Any counsel errors must be considered in the "aggregate" rather than in isolation, as the Supreme Court has directed courts "to look at the 'totality of the evidence before the judge or jury.'" <u>Lindstadt</u> v. <u>Keane</u>, 239 F.3d 191, 199 (2d Cir. 2001) (quoting <u>Strickland</u> v. <u>Washington</u>, 466 U.S. at 695-96, 104 S. Ct. at 2069); <u>accord</u>, <u>e.g.</u>, <u>Rodriguez</u> v. <u>Hoke</u>, 928 F.2d 534, 538 (2d Cir. 1991). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." <u>Harrington</u> v. <u>Richter</u>, 562 U.S. at 105, 131 S. Ct. at 788; <u>see also</u>, <u>e.g.</u>, <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. at 1403 ("The [Supreme] Court acknowledged that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'").

The Supreme Court also made clear that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Strickland</u> v. <u>Washington</u>, 466 U.S. at 697, 104 S. Ct. at 2069.[29/]

In addition, the Supreme Court has counseled that:

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. . . . In any ineffectiveness case, a particular decision not to investigate must be directly assessed

---

[29/] <u>Accord</u>, <u>e.g.</u>, <u>Smith</u> v. <u>Robbins</u>, 528 U.S. 259, 286 n.14, 120 S. Ct. 746, 764 n.14 (2000); <u>Santone</u> v. <u>Fischer</u>, 689 F.3d 138, 154 (2d Cir.) (ineffective assistance "'claim[s] must be rejected if the defendant fails to meet either the performance prong or the prejudice prong'"), <u>cert. denied</u>, 133 S. Ct. 390 (2012).

for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Strickland v. Washington, 466 U.S. at 690-91, 104 S. Ct. at 2066.[30/]

"The Strickland standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." Lindstadt v. Keane, 239 F.3d at 199; accord, e.g., Cullen v. Pinholster, 131 S. Ct. at 1403 ("We take a 'highly deferential' look at counsel's performance."); Rivas v. Fischer, 780 F.3d at 547; Bierenbaum v. Graham, 607 F.3d at 50-51; Bell v. Miller, 500 F.3d at 156-57. "'Surmounting Strickland's high bar is never an easy task.'" Harrington v. Richter, 562 U.S. at 105, 131 S. Ct. at 788 ("[T]he Strickland standard must be applied with scrupulous care" and "the standard for judging counsel's representation is a most deferential one.").

1.   **Strickland Applies to Ineffective Assistance Claims Arising Out of A Guilty Plea**

The Strickland standard also applies to ineffective assistance claims arising out of

---

[30/]   See also, e.g., Harrington v. Richter, 562 U.S. at 107-08, 131 S. Ct. at 789-90 ("Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." Moreover, an "attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense."); Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S. Ct. 1, 4 (2003); Engle v. Isaac, 456 U.S. 107, 134, 102 S. Ct. 1558, 1575 (1982) ("We have long recognized . . . that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."); Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998) ("In reviewing Strickland claims, courts are instructed to 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and that counsel's conduct was not the result of error but derived instead from trial strategy. We are also instructed, when reviewing decisions by counsel, not to 'second-guess reasonable professional judgments and impose on . . . counsel a duty to raise every "colorable" claim' on appeal." (citations omitted)); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.) (a reviewing court "may not use hindsight to second-guess [counsel's] strategy choices"), cert. denied, 513 U.S. 820, 115 S. Ct. 81 (1994).

a guilty plea. <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985).[31/] "In the context of a guilty plea, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>Moore</u> v. <u>United States</u>, 00 Civ. 4560, 98 Cr. 833, 2001 WL 253432 at *11 (S.D.N.Y. Mar. 15, 2001) (Peck, M.J.) (quoting <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. at 59, 106 S. Ct. at 370).[32/]

Where a plea offer has lapsed because of counsel's deficient performance, "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel . . . . To establish prejudice in this

---

[31/]    <u>See</u>, <u>e.g.</u>, <u>Missouri</u> v. <u>Frye</u>, 132 S. Ct. 1399, 1405 (2012) ("<u>Hill</u> established that claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in <u>Strickland</u>."); <u>Wright</u> v. <u>Van Patten</u>, 552 U.S. 120, 128 S. Ct. 743, 746 (2008); <u>United States</u> v. <u>Doe</u>, 537 F.3d 204, 213-14 (2d Cir. 2008); <u>United States</u> v. <u>Jennings</u>, 282 F. App'x 37, 38 (2d Cir. 2008); <u>United States</u> v. <u>Arteca</u>, 411 F.3d 315, 320 (2d Cir. 2005); <u>United States</u> v. <u>Thomas</u>, 74 F. App'x 113, 115 (2d Cir. 2003), <u>cert. denied</u>, 541 U.S. 1019, 124 S. Ct. 2089 (2004).

[32/]    <u>Accord</u>, <u>e.g.</u>, <u>United States</u> v. <u>Gunn</u>, 419 F. App'x 106, 109 (2d Cir.), <u>cert. denied</u>, 132 S. Ct. 302 (2011); <u>United States</u> v. <u>Doe</u>, 537 F.3d at 214; <u>United States</u> v. <u>Arteca</u>, 411 F.3d at 320; <u>United States</u> v. <u>Garcia</u>, 57 F. App'x 486, 489 (2d Cir.), <u>cert. denied</u>, 538 U.S. 992, 123 S. Ct. 1815 (2003); <u>United States</u> v. <u>Couto</u>, 311 F.3d 179, 187 (2d Cir. 2002); <u>United States</u> v. <u>Coffin</u>, 76 F.3d 494, 498 (2d Cir.), <u>cert. denied</u>, 517 U.S. 1147, 116 S. Ct. 1445 (1996); <u>Tate</u> v. <u>Wood</u>, 963 F.2d 20, 26 (2d Cir. 1992); <u>Ventura</u> v. <u>Meachum</u>, 957 F.2d 1048, 1058 (2d Cir.1992); <u>Panuccio</u> v. <u>Kelly</u>, 927 F.2d 106, 108 (2d Cir. 1991); <u>Morton</u> v. <u>Perez</u>, 13 Civ. 3985, 2014 WL 407411 at *9 (S.D.N.Y. Feb. 4, 2014), <u>report & rec. adopted</u>, 2014 WL 948186 (S.D.N.Y. Mar. 11, 2014); <u>Hardy</u> v. <u>United States</u>, 11 Civ. 8382, 10 Cr. 1123, 2012 WL 843384 at *9 (S.D.N.Y. Mar. 14, 2012) (Peck, M.J.); <u>Eber-Schmid</u> v. <u>Cuomo</u>, 09 Civ. 8036, 09 Civ. 8038, 2010 WL 1640905 at *18 (S.D.N.Y. Apr. 22, 2010) (Peck, M.J.), <u>report & rec. adopted</u>, 2012 WL 3105012 (S.D.N.Y. July 31, 2012); <u>Lear</u> v. <u>Poole</u>, 711 F. Supp. 2d 288, 298-99 (W.D.N.Y. 2010); <u>Whitted</u> v. <u>United States</u>, 07 Civ. 2174, 2009 WL 4906545 at * 2 (S.D.N.Y. Dec. 18, 2009); <u>Heyward</u> v. <u>Costello</u>, 91 Civ. 1570, 1994 WL 263426 at *3-4 (S.D.N.Y. June 13, 1994); <u>People</u> v. <u>McDonald</u>, 1 N.Y.3d 109, 115, 769 N.Y.S.2d 781, 785 (2003).

instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser change or a sentence of less prison time."  Missouri v. Frye, 132 S. Ct. at 1409.

      **2.      Strickland And The AEDPA Review Standard**

      For purposes of this Court's AEDPA analysis, "the Strickland standard . . . is the relevant 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Aparicio v. Artuz, 269 F.3d 78, 95 & n.8 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(d)(1)).[33/]  "For AEDPA purposes, a petitioner is not required to further demonstrate that his particular theory of ineffective assistance of counsel is also 'clearly established.'"  Aparicio v. Artuz, 269 F.3d at 95 n.8.

      Under AEDPA and Strickland, review is doubly deferential:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult.  The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.  The Strickland standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011) (citations omitted); accord, e.g., Woods v. Donald,  135 S. Ct. 1372, 1376 (2015) ( "[F]or claims of ineffective assistance of counsel . . . AEDPA review must be doubly deferential in order to afford both the state court and the defense

---

[33/]     See also, e.g., Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011); Premo v. Moore, 562 U.S. 115, 128, 131 S. Ct. 733, 743 (2011); Wiggins v. Smith, 539 U.S. 510, 521-22, 123 S. Ct. 2527, 2535 (2003); Bell v. Cone, 535 U.S. 685, 698, 122 S. Ct. 1843, 1852 (2002); Rivas v. Fischer, 780 F.3d 529, 546 & n.27 (2d Cir. 2015); Jackson v. Conway, 763 F.3d 115, 152 (2d Cir. 2014), cert. denied, 135 S. Ct. 1560 (2015); Cornell v. Kirkpatrick, 665 F.3d 369, 374-75 (2d Cir. 2011); Mosby v. Senkowski, 470 F.3d 515, 518-19 (2d Cir. 2006), cert. denied, 552 U.S. 836, 128 S. Ct. 75 (2007); Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001).

attorney the benefit of the doubt." (quotations omitted)); <u>Cullen</u> v. <u>Pinholster</u>, 131 S. Ct. at 1403

("Our review . . . is thus 'doubly deferential.'"); <u>Premo</u> v. <u>Moore</u>, 131 S. Ct. at 740-41; <u>Bell</u> v. <u>Cone</u>,

535 U.S. at 698-99, 122 S. Ct. at 1852 ("For [petitioner] to succeed, however, he must do more than

show that he would have satisfied <u>Strickland</u>'s test if his claim were being analyzed in the first

instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its

independent judgment, the state-court decision applied <u>Strickland</u> incorrectly.  Rather, he must show

that the [state appellate court] applied <u>Strickland</u> to the facts of his case in an objectively

unreasonable manner." (citation omitted)); <u>Rivas</u> v. <u>Fischer</u>, 780 F.3d at 547 (double deferential

standard); <u>Lopez</u> v. <u>Ercole</u>, 588 F. App'x 39, 40-41 (2d Cir. 2014) (same); <u>Jackson</u> v. <u>Conway</u>, 763

F.3d at 153 (same).[34/]

### B.   Application of the Strickland Standard to Best's Claim

Best's ineffective assistance of counsel claims are without merit, as Best cannot

establish that counsel's performance was deficient, or that he suffered any resulting prejudice.

First, given the evidence of Best's guilt, including Best's written admission and the

videotape of the assault (<u>see</u> page 2 above), counsel's advice that Best should plead guilty was a

reasonable trial strategy.  <u>See</u>, <u>e.g.</u>, <u>Echeverry</u> v. <u>United States</u>, 04 Cr. 1162, 2013 WL 5548801 at

*8 (S.D.N.Y. Oct. 8, 2013); <u>Gathers</u> v. <u>New York</u>, No. 11-CV-1684, 2012 WL 71844 at *8

(E.D.N.Y. Jan. 10, 2012); <u>Scott</u> v. <u>Superintendent, Mid-Orange Corr. Facility</u>, No. 03-CV-6383,

2006 WL 3095760 at *9 (E.D.N.Y. Oct. 31, 2006) ("Where, as here, the evidence of a defendant's

guilt is strong, courts have declined to find that counsel's advice to plead guilty constitutes

---

[34/]   <u>See also</u>, <u>e.g.</u>, <u>Yarborough</u> v. <u>Gentry</u>, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003); <u>Santone</u> v. <u>Fischer</u>, 689 F.3d 138, 154 (2d Cir.) ("'[T]he pivotal question' for the federal habeas court 'is whether the state court's application of the <u>Strickland</u> standard was unreasonable.'"), <u>cert. denied</u>, 133 S. Ct. 390 (2012); <u>Mosby</u> v. <u>Senkowski</u>, 470 F.3d at 519.

ineffective assistance."); Vasquez v. Filion, 210 F. Supp. 2d 194, 199 (E.D.N.Y. 2002); Thorpe v.

McGinnis, 00 Civ. 5508, 2001 WL 417670 at *3 (S.D.N.Y. Apr. 24, 2001) ("Given the strength of

the prosecution's case against Petitioner, counsel would have been incompetent if he did not advise

Petitioner to accept the plea bargain he was offered.").

        As part of the plea, Best received a sentence of eight years imprisonment to run nunc

pro tunc with a sentence he already was serving from March 31, 2009.  (See page 3 above.)  If

convicted of first degree attempted assault at trial, as a second felony offender Best faced a

maximum prison term of fifteen years.  (See page 7 above.)  Best's assertion that had counsel

investigated his mental health history he "'would have been offered a plea to a lesser included

offense and inevitably sentenced to a significantly reduced term of imprisonment'" (Dkt. No. 3: Best

Br. at 11) is pure speculation, especially considering the trial judge's unwillingness to consider a

lower sentence (see pages 2-3 above).  In light of the favorable sentence Best received, Best is

unable to demonstrate that but for counsel's advice he would have rejected the plea offer and

proceeded to trial; nor does his petition contain evidence or reasoning that would allow the Court

to find that such a decision would have been rational under the circumstances.  Indeed, Best does

not now assert that but for counsel's advice, he would have taken his chances and gone to trial.

Accordingly, even if the Court were to find counsel's performance deficient (which it does not), Best

cannot demonstrate prejudice.  See, e.g., Anthoulis v. New York, 586 F. App'x 790, 792 (2d Cir.

2014) ("First, [petitioner] contends that even if he would not have insisted on going to trial, the

potential defenses would have enabled him to negotiate a more favorable plea agreement. . . . [E]ven

if this theory were properly before us, it is based on mere speculation about how plea negotiations

would have proceeded and is therefore unavailing."); Espinal v. Lee, 13 Civ. 8692, 2014 WL

5643418 at *10-11 (S.D.N.Y. Nov. 3, 2014); Nunez-Polanco v. United States, 20 F. Supp. 3d 473,

481 (S.D.N.Y. 2014) ("Petitioner's independent knowledge of the risks of trial therefore cuts against a finding of prejudice."); Morton v. Perez, 13 Civ. 3985, 2014 WL 407411 at *9 (S.D.N.Y. Feb. 4, 2014) ("[I]f [defendant] had gone to trial, [defendant] could have faced 25 years imprisonment on each of the robbery charges, seven years on the weapons possession charge, and four years on the bail jumping charge.  Also, all of these sentences could have been ordered to run consecutively. Given the choice [defendant] faced, and the absence of any evidence in the record suggesting that he would have been acquitted, there is no basis on which to conclude that 'a decision to reject the plea bargain would have been rational under the circumstances.'" (quoting Padilla v. Kentucky, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485 (2010))), report & rec. adopted, 2014 WL 948186 (S.D.N.Y. Mar. 11, 2014); Francis v. United States, 12 Civ. 1362, 2013 WL 673868 at *4 (S.D.N.Y. Feb. 25, 2013) (In determining whether a petitioner has made the requisite showing, "'[c]onclusory allegations that [a petitioner] would have insisted on proceeding to trial are generally insufficient to establish actual prejudice under Strickland.'"), appeal dismissed, 561 F. App'x 23 (2d Cir. 2014); Lugo v. Artuz, 05 Civ. 1998, 2006 WL 2463547 at *6 (S.D.N.Y. Aug. 23, 2006) ("counsel negotiated a greatly reduced sentence that belies any claim of ineffective assistance").

Finally, to the extent Best's claim is that counsel was ineffective for advising him to accept a plea without first assessing his mental competency, or making a motion for a competency hearing, Best cannot demonstrate that he was prejudiced by these alleged failings.  As Best's "own statements and actions in open court indicated his clarity of mind, a competency hearing would not have altered the course of his case."  Guzman v. United States, 13 Civ 06806, 2015 WL 1137533 at *4 (S.D.N.Y. Mar. 12, 2015).  Best's assertion to the contrary is purely speculative and thus unavailing.  See, e.g., Davila v. United States, No. 07-CV-1320, 2008 WL 906691 at *12 (E.D.N.Y. Mar. 31, 2008) ("There was no evidence to suggest that petitioner was not competent to proceed,

and accordingly, counsel was not ineffective for failing to request such an examination.").

Accordingly, Best's ineffective assistance of counsel claim should be denied.

## **CONCLUSION**

For the reasons set forth above, Best's habeas petition should be <u>DENIED</u> in its entirety and a certificate of appealability should not be issued.

## **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 1640, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge McMahon (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of

44

Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55,

57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).


Dated:        New York, New York
              November 6, 2015


                                      Respectfully submitted,


                                      _____
                                      **Andrew J. Peck**
                                      United States Magistrate Judge


Copies ECF to:  All Counsel
                Judge Colleen McMahon