UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN BEST,

                             Petitioner,           15 Civ. 4073 (CM) (AJP)

            v.

THOMAS GRIFFIN, Superintendent,
Green Haven Correctional Facility,

                             Respondent.

**OBJECTIONS OF PETITIONER TO THE REPORT AND RECOMMENDATION
OF ANDREW J. PECK, UNITED STATES MAGISTRATE JUDGE**

SULLIVAN & WORCESTER LLP
Franklin B. Velie
*fvelie@sandw.com*
Maria Granik (admitted in Massachusetts only)
*mgranik@sandw.com*
1633 Broadway
New York, New York 10019
(212) 660-3000

Of Counsel
Law Office of Siobhan Briley, Esq.
*siobhan.briley@gmail.com*
1902 Algonquin Road
Iowa City, IA 52245
(917) 697-3089

**I.      INTRODUCTION**

The Report and Recommendation ("Report") is fundamentally flawed. It concludes that Best's plea was knowing and voluntary because there is nothing in the record that establishes whether Best suffers from a mental illness and whether that mental illness—or any medication Best was taking to treat it—affected his ability to understand the rights he was waiving by pleading guilty. There is nothing in the record about Best's mental state because the court failed to make any inquiry when Best raised the issue of a possible defense and the effects of medication he was taking. This failure is no excuse for the further error of allowing the plea to stand. Nor should the plea provide a basis for the purported waiver of Best's rights. The law expressly requires courts to make further inquiry when a defendant raises the issue of mental illness, even if that means allowing the defendant to withdraw a guilty plea.

The Report's holding is circular and in error. This Court should reject the Report and grant Best's habeas petition.

**II.     FACTS**

The facts are not in dispute:

- Best suffers from bipolar disorder (Best Habeas Petition, Ex. 5 at 8).[1]

- Untreated, bipolar disorder can cause a person to behave violently and irrationally and can cause hallucinations and paranoia (Best Habeas Petition, Ex. 5 at 13).

- Best was not receiving treatment for his bipolar disorder when he committed the assault (Best Habeas Petition, Ex. 5 at 11).

- Best was not receiving treatment for his bipolar disorder when he gave his statement to the police (Best Habeas Petition, Ex. 5 at 14).

---

[1] Page numbers for Exhibit 5 of Best's Habeas Petition refer to the handwritten numbering in the top right corner of the document.

- Best was not receiving treatment for his bipolar disorder when he pled guilty (Best Habeas Petition, Ex. 5 at 14).

- The trial court heard about Best's mental illness for the first time on January 10, 2010 (Best Habeas Petition, Ex. 1 at 3).

- The trial court never asked whether Best was being treated for his mental illness when he committed the crime (Best Habeas Petition, Ex. 1 at 2-10).

- The court never asked whether Best was on medication, or should be on medication, when he pled guilty (Best Habeas Petition, Ex. 1 at 2-10).

- The court never asked whether Best understood that he was waiving a possibly viable defense based on his mental illness (Best Habeas Petition, Ex. 1 at 2-10).

- Nor did the sentencing court make such inquiry when Best sought to withdraw his plea (Best Habeas Petition, Ex. 2 at 2-6).

- Nothing in the record supports the conclusion that Best knowingly, intelligently, and voluntarily waived a mental disease or defect defense.

III. **ARGUMENT**

A. **The trial court erred when it failed to inquire into the basis for Best's claim of mental disease or defect.**

When a defendant raises a potentially viable defense at a plea hearing, the court is obligated to inquire into the details of such a defense. *See People v. Dukes*, 120 A.D.3d 1597, 1598 (2014) ("defendant made statements during the plea colloquy indicating that he had a potentially viable affirmative defense to the charge of robbery in the first degree. Thus, the court was obligated under the holding of [*People v. Mox*, 20 N.Y.3d 936 (2012)] and the rule set forth in [*People v. Lopez*, 525 N.E.2d 5, 7 (1988)] to ensure that defendant was aware of that defense and that he was knowingly and voluntarily waiving it."); *Lopez*, 525 N.E.2d at 7 ("where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered"); *People v. Grason*, 966 N.Y.S.2d

2

882, 883, appeal withdrawn, 995 N.E.2d 856 (2013) (trial court erred in failing "to conduct any inquiry as to a potential affirmative defense to the charges based upon mental disease or defect"); *Mox*, 20 N.Y.3d at 939 (same); *People v. Wolcott*, 809 N.Y.S.2d 676, 677 (2006) ("The court erred in accepting defendant's guilty plea without conducting a further inquiry to determine defendant's awareness of this possible defense to the perjury charge and whether she desired to knowingly waive the defense and proceed pursuant to the plea agreement.").

At Best's urging, counsel raised the possibility of asserting a defense of mental disease or defect at the plea hearing (Best Habeas Petition, Ex. 1 at 3). Yet, the court asked no questions about Best's history of mental illness, his condition prior to and during the assault, or his current state (Best Habeas Petition, Ex. 1 at 2-10). The colloquy contained only the most general questions. *See* Report at 3-4. The state court's failure to create a record is the error. Because the court violated its duty to inquire further, the plea must be vacated. *Mox*, 20 N.Y.3d at 937-38.

**B.     The sentencing court erred when it failed to inquire into the validity of Best's plea.**

When a defendant questions the validity of a plea at his sentencing hearing, or when doubts as to the voluntariness of the plea arise after the allocution, the sentencing court has an obligation to inquire so as to ensure that the plea was indeed voluntary and intelligent. *People v. Tafari*, 935 N.Y.S.2d 378, 380 (2011) ("Significantly, defendant, while represented by counsel, participated in the subsequent sentencing proceedings without mentioning the prior motion to withdraw or making any statements ... casting doubt on the voluntariness of his plea or his guilt.") (internal quotation and citations omitted). Sixteen days after pleading guilty, Best tried to withdraw his plea (Best Habeas Petition, Ex. 2 at 4). He informed the sentencing court that his plea was not knowing and voluntary because he "was under medication" and "didn't fully

3

understand what was going on." The court did not ask Best (or his attorney) a single question about Best's capacity to plead guilty, the kind of medication he was taking, or its possible effects (Best Habeas Petition, Ex. 2 at 2-6). This was error. *People v. Wagoner*, 815 N.Y.S.2d 784, 786 (2006) ("[W]hen a defendant makes statements at sentencing which raise valid questions regarding the defendant's guilt or the voluntariness of his or her plea, 'the court should be quick to offer the defendant an opportunity to withdraw his [or her] plea and at the very least conduct a hearing.'") (internal citation omitted). As a result, the record is devoid of any showing that Best "possess[ed] all the information necessary for an informed choice among different possible courses of action …. Accordingly, [his] decision to plead guilty cannot be said to have been knowing, voluntary and intelligent." *People v. Van Deusen*, 7 N.Y.3d 744, 746 (2006).

The Report's recognition of the fact that "Best's medical history was not before the court at the time of Best's plea or sentencing" (Report at 20) only highlights each court's failure to create a record on the issue of Best's mental illness. Best tried to inform the trial court and the sentencing court that he had a potential defense. The state court twice failed to fulfill its duty to inquire further. The First Department then relied on the absence of a record to find that Best's waiver of the defense was knowing, intelligent and voluntary. That is not justice.

C.     **Best did not waive any defenses.**

The Report's holding that Best waived his right to challenge the validity of his plea is also in error (Report at 30**).** Best's claim that his plea was not knowing and voluntary challenges the plea itself (Best Habeas Petition, Ex. 2 at 4); it does not raise claims collateral to the plea, *see* Report at 32. Challenges to the knowing and voluntary nature of the plea cannot be waived. *Tollett v. Henderson*, 411 US 258, 267 (1973) (defendant always retains the right to "attack the voluntary and intelligent character of the guilty plea"); *see also Vasquez v. Parrott*, 397 F. Supp.

4

2d 452, 463 (S.D.N.Y. 2005); *People v. Thomas*, 428 N.Y.S.2d 20, 23 (1980) aff'd, 424 N.E.2d 537 (1981) ("The plea court is obligated, however, to inquire of the defendant concerning the facts and circumstances of the crime to ascertain whether the plea was voluntarily and knowingly made and thus whether it constituted a valid plea of guilt.") (internal citations omitted).

Because a guilty plea results in the waiver of constitutional rights—such as asserting defenses at trial—courts must "satisfy themselves that pleas of guilty are voluntarily and intelligently made by competent defendants with adequate advice of counsel and that there is nothing to question the accuracy and reliability of the defendants' admissions that they committed the crimes with which they are charged." *Tollett v. Henderson*, 411 US at 263-64. The courts failed to do so here. Best's attempts to put the issue of his mental health before the court were dismissed and ignored. As a result, the record does not establish that Best understood that he was waiving a defense of mental disease or defect by pleading guilty. The Report's conclusion that Best knowingly, intelligently and voluntarily waived potential defenses is in error.

## IV. CONCLUSION

The Report is in error in recommending a holding that Best's plea was knowing, intelligent, and voluntary; in recommending a holding that Best waived his rights by his plea; and in recommending a holding that the absence of facts in the record may be held against Best in his habeas application when the absence of a record was due to the trial court's failure to make a proper record. The writ should be allowed and the plea vacated.

Dated: New York, New York
November 23, 2015

Respectfully submitted,

/s/ Franklin B. Velie
Franklin B. Velie, Esq.
Maria Granik, Esq, (admitted in Massachusetts only)
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, New York 10019
(212) 660-3000

Of Counsel
Law Office of Siobhan Briley, Esq.
1902 Algonquin Road
Iowa City, IA 52245
(917) 697-3089