UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

SEAN BEST,

          Petitioner

-against-

THOMAS GRIFFIN, Superintendent
Green Haven Correctional Facility,

          Respondent.

——————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/15

15 Civ. 4073 (CM) (AJP)

## DECISION AND ORDER DIRECTING TRIAL COUNSEL TO FILE AN AFFIDAVIT IN RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS FILED PURSUANT TO 28 U.S.C. § 2254

McMahon, J.:

On January 12, 2010, Sean Best, pled guilty to Attempted Assault in the First Degree, in New York County Supreme Court. On January 26, 2010, Best was sentenced to a determinate prison term of eight years, to be followed by a five-year term of post-release supervision. On October 9, 2012, the Appellate Division, First Department, affirmed the judgment of conviction, and on December 4, 2012, the New York Court of Appeals denied Best's application for leave to appeal. *People v. Best*, 99 A.D.3d 493 (1st Dep't), *lv. denied*, 20 N.Y.3d 985 (2012).

Best has filed a habeas petition, pursuant 28 U.S.C. § 2254, alleging that: (1) his plea was not knowing and voluntary because he did not understand the proceedings at his plea allocution and the court failed to ascertain his competence (Dkt. No. 1: Pet. ¶¶ 22–23); and (2) he was denied the effective assistance of counsel because counsel did not investigate his history of mental illness or pursue an insanity defense (Pet.¶¶ 12–21).

1

Respondents urge the Court to deny the petition.   They argue that there is nothing in the record to suggest that petitioner's behavior gave either the court or his attorney any reason to doubt petitioner's ability to enter a valid plea.   In regard to petitioner's ineffective assistance claims, respondents say those claims are (1) procedurally barred from habeas review because petitioner waived his right to present any defense to the charges against him when he knowingly and voluntarily entered his guilty plea (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)), and (2) meritless.

The matter was referred to Magistrate Judge Andrew J. Peck to prepare a Report and Recommendation. On November 6, 2015, Magistrate Judge Peck filed a report recommending that the petition be denied.[1]  Petitioner filed timely objections to the Report and Recommendation, essentially reiterating arguments made in his original filing.

The constitutional right to due process is violated when a person who is incompetent is convicted of a crime, whether the conviction follows a trial or a plea of guilty. *See Cooper v. Oklahoma,* 517 U.S. 348, 354 (1996). "A defendant may not be put to trial unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Id.* (citations, internal quotation marks and ellipsis omitted).  "A hearing must be held when there is reasonable ground for a [trial] court to conclude that the defendant may not be competent to stand trial." *Nicks v. United States,* 955 F.2d 161, 168 (2d Cir.1992). "It is axiomatic that in reviewing whether this obligation was properly discharged only evidence before the court at the time its decision was made is pertinent." *Id.*

Magistrate Judge Peck's findings of fact, conclusions of law and recommendation to the Court to deny the petition are not—given the state of the record before the magistrate—at all

---

[1] The reader's familiarity with Magistrate Peck's Report and Recommendation is presumed.

unreasonable.  However, the Court is not satisfied with the state of the record.  The Court is not

prepared to rule on the petition until further inquiry is had from trial counsel: Wendell Cruz, Esq.

Mr. Cruz is directed to file an affidavit detailing:

> (1) Counsel's knowledge—on the day Mr. Best pleaded guilty—about his client's mental
> health (including, knowledge regarding any prescribed medications or psychiatric
> hospitalizations) at various stages of the case: (i) when his client committed the offense
> of conviction, (ii) during the pendency of the case from initial arraignment, and (iii) on
> the day of the guilty plea;
>
> (2) Counsel's efforts, if any, to determine whether his client was competent to stand trial
> or enter a guilty plea; and
>
> (3) Counsel's efforts, if any, to determine whether his client had a viable "insanity"
> defense.

Mr. Best will be provided with an attorney-client privilege waiver form that, once

executed, will give Mr. Cruz permission to include otherwise privileged communications in his

affidavit.[2]  Once Mr. Best executes and files the waiver with the court, Mr. Cruz will have thirty

days to file the requested affidavit.  Once counsel has submitted his affidavit, the parties will

have thirty days to file supplemental memoranda addressing the implication of Mr. Cruz's

affidavit to their respective positions.

This constitutes the decision and order of the Court.

December 23, 2015

_____
U.S.D.J.

---

[2]     Since Mr. Best's ineffective assistance of counsel claims have placed his communications with his attorney
regarding his mental health in issue, he has waived any privilege that may have attached to those communications.
However, the American Bar Association requires an attorney to obtain his clients consent before disclosing
confidential communications.  This a professional ethics requirement; there is no legal requirement that an attorney
receive permission to disclose such information under circumstances such as these.

     If Mr. Best wishes the Court to adjudicate his petition, he must sign the attached "Attorney-Client Waiver"
form and return it to the court. The form will authorizes Mr. Cruz to disclose confidential communications (1) only
in response to the present court order and (2) only to the extent necessary to shed light on the allegations of
ineffective assistance of counsel that are raised in the petition.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

SEAN BEST,

              Petitioner

    -against-                                     15 Civ. 4073 (CM) (AJP)

THOMAS GRIFFIN, Superintendent
Green Haven Correctional Facility

              Respondent.

_____x

## Attorney-Client Privilege Waiver (Informed Consent)

You have filed a petition for habeas corpus pursuant to 28 U.S.C. 2254, asking to have your conviction set aside on the ground that you received ineffective assistance from your state trial attorney, Wendell Cruz. The court has reviewed your papers and determined that we need to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

The American Bar Association requires your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement; there is no legal requirement that you give your attorney permission to disclose such information. In fact, as a matter of law, you have waived the attorney client privilege by making your motion, which means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your lawyer a secret – you must allow those communications to be disclosed to the State and to the court pursuant to court order.

Accordingly, if you wish to proceed with your petition on the basis that you received ineffective assistance of counsel, you must sign this authorization form. It will authorizes your attorney to disclose confidential communications (1) responsive to the Court's order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised in your petition. You should know that if you sign this authorization, your attorney may contradict your statements about his representation of you.

You must return this authorization form, signed by you and notarized, within thirty (30) days from the date of the order directing your lawyer to give testimony.

NOTARIZED AUTHORIZATION

I have read the Court's order dated December 23, 2015, and this document headed "Attorney-Client Privilege Waiver (Informed Consent)." I hereby authorize my former attorney, Wendell Cruz, to comply with the Court's order by giving testimony, in the form ordered by the court, relating to my petition to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised in my petiton.

Dated: _____

                                     Sean Best

Sworn to before me this _____
day of _____, 20___

_____
Notary Public