UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SEAN BEST,                                       :
                                                 :
                        Petitioner,     :
                                                 :
              - against -                   :       15-CV-4073 (CM)(AJP)
                                                 :
THOMAS GRIFFIN, Superintendent,                  :
Green Haven Correctional Facility,               :
                                                 :
                      Respondent.     :
-----------------------------------------------------------------x

# RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR THE COURT TO RECONSIDER AND RESCIND ITS ORDER

                                            ERIC T. SCHNEIDERMAN
                                            Attorney General of the
                                            State of New York
                                            Attorney for Respondent
                                            120 Broadway
                                            New York, New York 10271
                                            (212) 416-8737

ALYSON J. GILL
PRISCILLA STEWARD
 Assistant Attorneys General
      Of Counsel

January 4, 2016

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND .............................................................................................................. 1

ARGUMENT .................................................................................................................... 2

    THE COURT SHOULD RESCIND ITS ORDER BECAUSE THE AFFIDAVIT
    REQUESTED MAY NOT BE CONSIDERED WHEN EVALUATING
    PETITONER'S HABEAS CLAIMS. ........................................................................ 2

CONCLUSION ................................................................................................................. 5

## PRELIMINARY STATEMENT

Respondent Superintendent Thomas Griffin submits this memorandum of law in support of its motion for this Court to reconsider and rescind its December 23, 2015 Order directing petitioner's trial counsel to file an affidavit in response to the habeas corpus petition, on the ground that such an affidavit would constitute new evidence that was not before the state court when it decided the merits of petitioner's claims. Controlling precedent prohibits this Court from considering such new evidence in this habeas proceeding.

Petitioner Sean Best filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. He challenges a January 26, 2010 judgment of the New York County Supreme Court, convicting him, upon his guilty plea, of Attempted Assault in the First Degree (Penal Law § 110.00/120.10(1)), and sentencing him, as a second felony offender, to a determinate prison term of eight years, to be followed by a five-year term of post-release supervision. On October 9, 2012, the Appellate Division, First Department, affirmed the judgment of conviction, and on December 4, 2012, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Best*, 99 A.D.3d 493 (1st Dep't), *lv. denied*, 20 N.Y.3d 985 (2012).

## BACKGROUND

On May 27, 2015, petitioner, through his counsel, filed a habeas corpus petition in this Court, arguing that: (1) his guilty plea was not knowingly and

voluntarily entered because the trial court failed to ascertain his competence to stand trial and failed to allow petitioner to explore the possibility of a psychiatric defense; and (2) his trial counsel was ineffective for failing to investigate his history of mental illness to determine if he had a viable psychiatric defense. Respondent opposed the petition. Magistrate Judge Andrew J. Peck filed a Report and Recommendation in which he recommended that the petition be denied. Petitioner has objected to the Report and Recommendation.

In this Court's December 23, 2015 Decision and Order, it observed that Judge Peck's factual findings and legal conclusions were not unreasonable in light of the record before him. However, the Court stated that it was not satisfied with the state of the record and was not prepared to rule on the petition until it had obtained certain information from petitioner's trial counsel. The Court therefore directed petitioner to obtain an affidavit from his trial counsel, Wendell Cruz, Esq., explaining counsel's knowledge concerning petitioner's mental health, his efforts to determine petitioner's competency to stand trial or enter a guilty plea, and his efforts to determine whether petitioner had a viable insanity defense. Respondent now moves this Court to reconsider and rescind the December 23, 2015 Order.

**ARGUMENT**

**THE COURT SHOULD RESCIND ITS ORDER BECAUSE THE AFFIDAVIT REQUESTED MAY NOT BE CONSIDERED WHEN EVALUATING PETITONER'S HABEAS CLAIMS.**

The Court's Order directing petitioner's trial counsel to produce an affidavit concerning counsel's knowledge of petitioner's mental health and efforts that

counsel may have taken to determine petitioner's competence or the viability of a psychiatric defense would necessarily generate new evidence that was not before the state court when it decided the merits of petitioner's claims on review of his CPL § 440.10 motion. Such new evidence would necessarily be beyond the scope of the record that may be used to evaluate petitioner's claims in this proceeding. The Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); *accord Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2015) ("when conducting its review under § 2254(d), the federal court is generally confined to the record before the state court that adjudicated the claim").[1] The Supreme Court recognized that the language of § 2254(d)(1) is "backward-looking" and "requires an examination of the state-court decision at the time it was made." *Pinholster,* 563 U.S. at 182. Thus, "the record under review is limited to the record in existence at that same time – i.e., the record before the state court." *Id.* at 182. The Court further explained that under § 2254(b), a petitioner must first exhaust his claims in state court before seeking federal habeas relief, and the

---

[1] This analysis necessarily turns on the fact that the state court adjudicated petitioner's claims on the merits. Although the CPL § 440.10 court here applied a procedural bar to petitioner's challenge to the voluntariness of his plea, that bar was based on the fact that the Appellate Division had already adjudicated that claim on the merits on direct appeal. The court applied no bar to petitioner's ineffective assistance of counsel claim and decided it on the merits. Thus, the principle announced by the Supreme Court in *Pinholster* applies. *But cf. Fulton v. Graham,* 14-1861-pr, 2015 U.S. App. LEXIS 16153 (2d Cir. Sep. 11, 2015) (remanding proceeding to district court for record development where the state court improperly applied a procedural bar to petitioner's claims and failed to render a decision on the merits).

3

exhaustion doctrine would be undermined if a petitioner would be allowed "to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.* at 1399.

The Supreme Court has since reaffirmed this holding and explained that any evidence that a petitioner might be able to add to the state court record "would be inadmissible" for claims subject to § 2254(d) review. *Ryan v. Gonzales*, 133 S. Ct. 696, 708 (2013); *accord Greene v. Fisher*, 132 S. Ct. 38, 44 (2012) ("§ 2254(d)(1) requires federal courts to focus on what a state court knew and did") (internal quotations and citations omitted). The Court reasoned that "because federal habeas is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal, the types of errors redressable under §2254(d) should be apparent from the record." *Ryan*, 133 S. Ct. at 708 (internal quotations and citations omitted).

At the CPL § 440.10 proceeding, petitioner bore the burden of establishing entitlement to relief for his ineffective assistance of counsel claim. He could have supported his arguments with an affidavit from trial counsel at that time, but he failed to do so. Habeas relief may not now be premised on new evidence that petitioner failed to present to the state court because "federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Pinholster*, 563 U.S. at 186 (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Indeed, the holdings of the

Supreme Court make clear that "evidence introduced in a federal court has no bearing on § 2254(d)(1) review." *Pinholster*, 563 U.S. at 185.

Accordingly, respondent respectfully requests that the Court reconsider and rescind its December 23, 2015 Order directing petitioner's trial counsel to submit an affidavit concerning his representation of petitioner at the state criminal proceedings.

## CONCLUSION

For the foregoing reasons, this Court should reconsider and rescind its Order dated December 23, 2015.

Dated:      New York, New York
            January 4, 2016

                                    Respectfully submitted,

                                    ERIC T. SCHNEIDERMAN
                                    Attorney General of the State of New York
                                    120 Broadway
                                    New York, New York 10271

                        By:    /s/ Priscilla Steward
                                    PRISCILLA STEWARD (PS 1931)
                                    Assistant Attorney General
                                    120 Broadway
                                    New York, NY 10271
                                    Priscilla.Steward@ag.ny.gov
                                    (212) 416-8737

5