UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN BEST,

                Petitioner,

    v.

THOMAS GRIFFIN, Superintendent,
Green Haven Correctional Facility,

                Respondent.

15 Civ. 4073 (CM) (AJP)

**RESPONSE OF PETITIONER TO RESPONDENT'S MOTION
FOR THE COURT
TO RECONSIDER AND RESCIND ITS ORDER**

SULLIVAN & WORCESTER LLP
Franklin B. Velie
*fvelie@sandw.com*
Maria Granik (admitted in Massachusetts only)
*mgranik@sandw.com*
1633 Broadway
New York, New York 10019
(212) 660-3000

**I.     INTRODUCTION**

This brief is submitted by petitioner, Sean Best, in response to the People's motion for the Court to reconsider and rescind its December 23, 2015 order directing trial counsel to file an affidavit (the "Order").

Best's mental illness is well documented in the CPL §440.10 petition (SR 153-167; 177-183; 196-204; 214-236).[1]  Best tried to raise the issue of his competence several times but was improperly silenced both at the plea allocution (Best Habeas Petition, Ex. 1 at 3) and at the sentencing hearing (Best Habeas Petition, Ex. 2 at 2-6).  Yet, the court failed to inquire whether Best was capable of entering a voluntary and knowing plea.  While Petitioner does not contest the People's showing that further fact development is not appropriate at this stage, we demonstrate below that, on the record as it now stands, the plea must be vacated as a matter of law.  We request that upon reconsideration of the matter, as requested by the People, this Court vacate Best's plea.

**II.    FACTS**

Petitioner's objections to the report and recommendation of Magistrate Judge Peck provide a summary of the undisputed facts in this case (Objections at 1-2).  Best has an extensive history of mental illness, including two suicide attempts, and has been diagnosed with bipolar disorder (SR 196-198).  Best raised the issue of his mental illness and the possibility of asserting a defense of mental disease or defect at the plea hearing and at the sentencing hearing (Best Habeas Petition,  Ex. 1 at 3 and Ex. 2 at 2-6).  However, neither the trial court nor the sentencing court allowed Best to explain his lack of competence to enter a knowing and voluntary plea.  Nor did the court obtain a knowing waiver of Best's defense of insanity.  On the contrary, both courts

---

[1] SR refers to the State Court Record filed with the People's Response to Best's Petition for Writ of Habeas Corpus, filed by PIS/NYS AG (NYC) on behalf of Respondent Thomas Griffin, Doc #11.

silenced Best, failing to conduct the required inquiry and to create a record. As shown in the Objections, the absence of further facts in the record resulted from the courts' failure to perform the constitutionally mandated inquiry into his competence. This cannot be held against Best.

### III. On This Record The Law is Clear and Requires Vacatur of the Plea

"A criminal defendant's plea of guilty is perhaps the law's most significant waiver of constitutional rights, and district courts must not accept this waiver lightly." *United States v. Andrades*, 169 F.3d 131, 132 (2d Cir. 1999). "[F]ailure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope v. Missouri*, 420 U.S. 162, 172 (1975).

"*[I]f the trial court has been alerted to the defendant's mental problems and fails to order a hearing on competence, the conviction will be set aside on collateral review*, even though the defendant failed to challenge his competence at trial, failed to request a competency hearing, and failed to appeal the issue. *Silverstein v. Henderson*, 706 F.2d 361, 368 (2d Cir. 1983) (emphasis added). The lower courts had certainly been alerted to Best's potential incompetence and his insanity defense, even though Best's trial attorney failed to request a competency hearing or to advocate for an opportunity to present his client's serious mental issues to the judge. Best's repeated attempts to inform the judge that he was not competent to plead guilty and that he had an insanity defense created an obligation to inquire into Best's mental competence. The courts' failure to conduct such an inquiry was error. *Silverstein*, 706 F. 2d at 368.

The trial court did not make any findings on the record concerning Best's competency, thus failing to exercise its discretion. *Johnson v. Keane*, 974 F. Supp. 225, 232 (S.D.N.Y. 1997) (granting the habeas petition where the record disclosed "no evidence that the trial judge

3

exercised his discretion at all, or that he explicitly found Johnson competent to stand trial") (internal citations omitted).

Best's habeas petition should "be granted on the basis of his claim that the trial court violated his procedural due process rights by failing to order a competency inquiry." *Smith v. Rock*, 554 F. Supp. 2d 505, 523 (S.D.N.Y. 2008).

### IV.   CONCLUSION

The record is clear that the trial and sentencing courts, confronted with claims of lack of competence and of a plea made without a knowing waiver of the insanity defense, failed to make any inquiry.  The writ of habeas corpus should issue and the plea should be vacated.

Dated: New York, New York
       January 18, 2016

Respectfully submitted,

 /s/ Franklin B. Velie
Franklin B. Velie, Esq.
Maria Granik, Esq. (admitted in Massachusetts only)
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, New York 10019
(212) 660-3000