UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SEAN BEST,

          Petitioner

  -against-

THOMAS GRIFFIN, Superintendent
Green Haven Correctional Facility,

          Respondent.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/16

15 Civ. 4073 (CM) (AJP)

DECISION AND ORDER ADOPTING THE REPORT & RECOMMENDATION OF THE
MAGISTRATE JUDGE RECOMMENDING THAT THE PETITION FOR WRIT OF
HABEAS CORPUS FILED PURSUANT TO 28 U.S.C. § 2254 BE DENIED

McMahon, J.:

On January 12, 2010, Sean Best pled guilty to Attempted Assault in the First Degree before The Hon. Renee White in the New York County Supreme Court. Defendant agreed to plead guilty after plea negotiations, which resulted in a promise that the defendant would receive a determinate sentence of eight years.

On January 26, 2010, Best was sentenced by The Honorable Bonnie Wittner to the promised determinate prison term. On October 9, 2012, the Appellate Division, First Department, affirmed the judgment of conviction, and on December 4, 2012, the New York Court of Appeals denied Best's application for leave to appeal. *People v. Best*, 99 A.D.3d 493 (1st Dep't), *lv. denied*, 20 N.Y.3d 985 (2012). On February 28, 2013, Best filed a pro se C.P.L. § 440.10 motion to vacate his conviction. (R. 128–52: Best 440 Motion.) Best argued *inter alia* that (1) he "incoherently accepted" his plea while he was without medication, and it therefore

1

was not knowing and voluntary, and (2) his counsel was ineffective for failing to investigate his mental health or pursue an insanity defense. (Best 440 Motion at R. 135–49). On October 21, 2013, Justice White denied Best's § 440.10 motion. (R. 251–60: Justice White 440 Opinion). On May 1, 2014, the First Department denied leave to appeal. (R. 274: 5/1/14 1st Dep't Certificate Denying Leave).

Best has filed a habeas petition, pursuant 28 U.S.C. § 2254, alleging that: (1) his plea was not knowing and voluntary because he did not understand the proceedings at his plea allocution and the court failed to ascertain his competence (Dkt. No. 1: Pet. ¶¶ 22–23); and (2) he was denied the effective assistance of counsel because counsel did not investigate his history of mental illness or pursue an insanity defense (Pet.¶¶ 12–21).

Best claims that he pleaded guilty despite telling his attorney, Wendell Cruz, that he suffered from bipolar disorder and experienced psychosis, anxiety, and paranoia when not receiving adequate treatment. He claims that he had not been receiving adequate treatment for two months when the crime was committed. Best says that he had repeatedly asked Cruz to investigate the possibility of asserting a defense of not guilty by reason of mental disease or defect, but that Cruz never investigated the possibility of such a defense. Best says that he was "silenced" at his plea proceeding when he attempted to broach the subject of asserting a "mental disease or defect" defense.

Best told Justice Wittner at his sentencing hearing that he wished to withdraw his plea because the medication he says he was taking had impaired his judgment at the time he took his plea. Best believes this obligated Judge Wittner to conduct a more fulsome inquiry into whether Best was competent when he pleaded guilty.

Best argues that the Appellate Division's decision on direct appeal and the trial court's decision of Best's 440 motion are not supported by the facts in the record and are contrary to clearly established federal law.

2

Respondent urges the Court to deny the petition. With respect to his challenge to his competency at the time of his plea, Respondent argues, from the transcript, that nothing Best said or did before Justice White during the plea negotiations (in which, in State court, a judge not only can but routinely does participate) or the subsequent plea allocution would have given the court or anyone else, including his attorney, reason to doubt his ability to enter a valid plea. With respect to petitioner's claim of ineffective assistance due to the failure of his attorney to investigate the viability of an insanity defense, respondents say those claims are procedurally barred from habeas review, because petitioner waived his right to present any defense to the charges against (including a defense that his lawyer arguably did not investigate) when he knowingly and voluntarily entered his guilty plea (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Obviously, this argument depends for its force on a finding that petitioner was in fact competent to plead guilty. Respondent also argues that petitioner's ineffective assistance claim is meritless.

The matter was referred to The Hon. Andrew J. Peck, U.S.M.J., who issued a comprehensive report recommending that the petition be denied. *Best v. Griffin*, No. 15 CIV. 4073 CM AJP, 2015 WL 6875016 (S.D.N.Y. Nov. 6, 2015).[1]

After reading the R&R and Petitioner's objections to same, the Court issued an order directing Best's plea/sentencing attorney to file an affidavit detailing *inter alia* counsel's knowledge about his client's mental health and any efforts he made to determine whether his client (i) was competent to stand trial or enter a guilty plea, or (ii) had a viable "insanity" defense. *Best v. Griffin*, No. 15 CIV. 4073 (CM) (Docket Entry #19). This is the procedure the court ordinarily follows when a federal prisoner brings an ineffective assistance of counsel

---

[1] The reader's familiarity with Magistrate Peck's Report and Recommendation is presumed.

claim by way of habeas. The parties, however, asked that the court rescind the order and decide the case on the record before the state courts (Docket Entries #20, 21 and 22), and I have done so.

After a thorough review of the state court record, this court adopts Magistrate Judge Peck's Report and Recommendation as the opinion of the district court, with the following additional observations.

The Supreme Court commands that a court hold a competency hearing when there is "'reasonable ground' for believing that the defendant may be incompetent to stand trial." *Silverstein v. Henderson*, 706 F.2d 361, 369 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983). This requirement is mandated by the Constitution's due process clause. *Pate v. Robinson*, 383 U.S. 375, 385 (1966). Among the factors that might suggest to a trial court that a defendant is not fit to proceed are: "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

A federal habeas court reviewing a claim that the state court failed to inquire into a defendant's competence when taking a guilty plea must look to the information that was before the state judge at the time of the plea. *See, e.g., United States v. Gabb*, 80 F. App'x 142, 144–45 (2d Cir.2003) ("[T]he question of competency and reasonable cause to doubt it must focus upon the defendant's abilities *at the time of trial,* not any conduct discovered or analyzed after the fact."); *Harris v. Kuhlmann*, 346 F.3d 330, 350 (2d Cir.2003) ("Of course, '[i]t is axiomatic that in reviewing whether this obligation [to order a competency hearing] was properly discharged only evidence before the court at the time its decision was made is pertinent." (quoting *Nicks v. United States*, 955 F.2d 161, 168 (2d Cir.1992).

So what evidence was there before Justice White to suggest that Best might not have been competent to enter a voluntary and knowing guilty plea? Virtually none. Defense counsel told Justice White that Best had raised with counsel the question of whether he had a possible mental illness defense to the charge, but that speaks to a defendant's mental state at the time of the commission of the crime, rather than at the time of the plea. Both Legal Aid counsel and her supervisor were present during the plea negotiations; neither suggested to the judge during the plea that the client was having difficulty understanding what was going on, and neither asked that the sentencing be adjourned for a competency hearing. The silence of experienced counsel is critical to the analysis here, for counsel's silence, like counsel's suggestion of incompetence, is something that a trial court ought not ignore. "[S]ince incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence." *United States v. Vamos,* 797 F.2d 1146, 1150 (2d Cir.1986), *cert. denied,* 479 U.S. 1036 (1997); *see, e.g., Drope v. Missouri,* 420 U.S. 162, 177 n.13 (1975) ("Although we do not, of course, suggest that courts must accept without question a lawyer's representations concerning the competence of his client, ... an expressed doubt in that regard by one with 'the closest contact with the defendant' ... is unquestionably a factor which should be considered.").

The transcript of the plea proceedings do not contain the slightest suggestion that the defendant was incompetent at the time he took his plea. Best himself was actively engaged in the plea bargaining process. The transcript reveals that he discussed his options with his attorney and, at one point, his attorney's supervisor. (Plea at 5). A fair reading of the transcript from that day suggests that Best was actively engaged in the negotiating process -- haggling for the best

5

plea deal he could get and weighing his options. When Justice White presented him with an ultimatum to take the plea offer or go trial, Best decided to take the deal and plead guilty. There was certainly no basis to question the rationality of that decision; Best had confessed to assaulting the victim at the time of his arrest, and video evidence corroborated that statement. (Best Stmt. at R. 56; State 1st Dep't Br. at 1–2; (State 1st Dep't Br. at 1).

The presiding judge was no stranger to the case or to the defendant. Justice White remarked during the plea proceedings that she had presided over Mr. Best's case for a long time, and that it was a case that she had been "thinking about . . . for 10 months." (Plea at 4). The judge had an opportunity to observe and interact with Best on a number of occasions – not only at the plea hearing, but at the arraignment and at defendant's sentencing on an unrelated felony conviction. (*See* Pet. Ex. 7).

The only information that might arguably have caused Justice White to inquire into petitioner's competence on the day he took his plea was a suggestion by counsel that Best had raised the possibility of an insanity defense some months earlier. But that information did not mandate a competency inquiry where the record of proceedings on the day of the plea contained no indication that petitioner might have competency issues *on that day*. This contrasts starkly with cases in which habeas petitioners have successfully challenged their convictions based on a court's failure to explore a defendant's competence at the time of trial or plea.

For example, in *Silverstein v. Henderson*, 706 F.2d 361 (2d Cir.), cert. denied, 464 U.S. 864 (1983), the Second Circuit concluded that the trial court's decision to ignore the reports of two psychiatrists who found the defendant to be incompetent, accepting instead a report from a third psychiatrist-who found the defendant competent based on a fifteen minute interview-violated the defendant's due process rights. The Second Circuit concluded that the fact that two

psychiatrists found the petitioner to be incompetent gave reasonable grounds to doubt his competency, especially in light of the fact that the trial court had a pre-sentence report which listed his history of institutionalization and contained earlier diagnoses that he was mentally retarded and possibly schizophrenic. *Id.* In the present case, there were no such reports before Justice White.

In *Johnson v. Keane,* 974 F.Supp. 225 (2d Cir. 1997), the district court granted a habeas petition because, while the reports of two psychiatrists concluded that the defendant was competent, one noted that he suffered from "a chronic history of psychiatric illness which could deteriorate at any time." *Id.* at 227, 232 (internal citation and quotation marks omitted). In addition, defense counsel requested a competency hearing eight times, noting twice at trial that his client was "speaking irrationally" and was unable to follow the proceedings, *id.* at 231-32, a psychiatrist found the defendant "delusional," *id.* at 228, 232, and the defendant engaged in irrational behavior during trial, such as wearing the same shirt to trial that he wore on the day of his arrest, *id.* at 232. Justice White had no such reports, and nothing in Best's behavior on the day of the plea suggested that he was anything but competent to enter a knowing and voluntary plea.

In his objections to Magistrate Peck's Report and Recommendation, Best also complains that Justice Wittner should have explored at sentencing his newly-asserted claim that his plea had not been voluntary.[2] However, the issue before this court with respect to the validity of the plea

---

[2] As detailed in Judge Peck's R&R, Best's counsel informed Justice Wittner that Best had retained a new attorney who intended to file a notice of appearance and make a formal motion to vacate Best's plea, but because he was on trial elsewhere had been unable to do so as of the time of sentencing. (S.3). Justice Wittner denied the application, stating, "[t]he Court is not in communication with [Best's new] attorney. [Best's new attorney] has not been in communication with us. There is no basis for me to adjourn the case, so other than that, [are] you requesting that the promised sentence be imposed?" (S.4). Best himself addressed the Court and stated that his plea "was not voluntary," was taken "under duress," and he was "under medication, and [he] didn't fully understand what was going on until [he] came back." (S.4). Best stated that he wanted to withdraw his plea and proceed to trial. (S.4).

7

is whether Best was competent at the time he took his plea, not whether the sentencing judge was obligated, at the time of sentencing, to allow him to vacate his plea. The sentencing judge was not present at the plea. Justice White was. She accepted the plea after presiding over a lengthy plea negotiation proceeding, and after having extensive dealings with the defendant. She, not Justice Wittner, was the person best positioned to evaluate the defendant's competency on the day of the plea, and to raise the alarm if something appeared to her to be amiss and counsel did not do so. From the transcript, it does not seem that anything was amiss that day.

Obviously, I agree with Magistrate Peck's observation that, "It would have been helpful, of course, if Justice White had asked Best some additional questions about his competency..." But as he went on to note, it is not the federal court's habeas role to supervise the state courts. (R&R at n. 22). Otherwise, we would be forced to endless habeas petitions in which a defendant who changed his mind about pleading guilty decided to claim incompetence on the day of his plea.

Regarding Best's ineffective assistance of counsel claim, the Court adopts the reasoning of the magistrate without elaboration.

The petition is denied.

As Petitioner has made no substantial showing of the denial of a constitutional right, there is no question of substance for appellate review. Therefore, no certificate of appealability shall issue. 28 U.S.C. § 2253; see *United States v. Perez*, 129 F. 3d 255, 259-60 (2d Cir. 1997);

---

Justice Wittner denied Best's request, stating: You were arrested back in February 2009 approximately one year ago your case was in a trial ready status, and it was adjourned for trial on several occasions. You and [defense counsel] were fully involved in your defense in this case. When it came down to the actual trial on January 12, you decided to accept the offer of eight years, fully admitted your guilt, and you were adjudicated a predicate felon.

The Court finds no basis to withdraw that plea of guilty at this time.... (S.5). Justice Wittner sentenced Best as promised, to eight years imprisonment. (S.5).

8

*Lozada v. United States*, 107 F. 3d 1011 (2d Cir. 1997); *Rodriguez v. Scully*, 905 F. 2d 24 (2d Cir. 1990). I certify, pursuant to 28 U.S.C. § 1915(a), that an appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

Dated: July 26, 2016

                                                          U.S.D.J.

BY ECF TO ALL COUNSEL